# UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE TENTH CIRCUIT

### OFFICE OF THE CLERK

Anne Zoltani
Clerk of Court

Byron White U.S. Courthouse
1823 Stout St., Denver, CO 80257
(303) 335-2900

August 04, 2023

| | |
|---|---|
| TO: | All Parties |
| RE: | Kate Drakewyck |
| BAP No.: | CO-23-004 |
| Bk. No.: | 22-10977 |
| Adv. No.: | 22-01250 |

A notice of appeal was filed in the above referenced case. The notice of appeal and preliminary record on appeal were transmitted to the Clerk of the U.S. Court of Appeals for the Tenth Circuit on July 20, 2023. Pursuant to Tenth Circuit Rule 11.2(A), this Court transmits the complete record on appeal to the Clerk containing the following documents:

o Bankruptcy Court docket entries,
o Notice of appeal to the BAP,
o Bankruptcy Court Opinion, Order, and/or Judgment from which the appeal to the BAP was taken,
o BAP docket entries,
o Notice of appeal to the Tenth Circuit,
o Briefs, if any,
o Appendices, if any, containing the record on appeal before the BAP
o BAP Opinion, Order, and/or Judgment from which the appeal is taken,
o Motions connected to the BAP Opinion, Order, and/or Judgment from which the appeal is taken, responses, and dispositive orders, if any,
o Motions for extension of time to file the notice of appeal, responses, and dispositive orders, if any, and
o Post judgment motions, responses, and dispositive orders, if any.

This completes the record for purposes of appeal.

*Anne Zoltani*

Anne Zoltani
Clerk of Court

**General Docket**

**U.S. Bankruptcy Appellate Panel of the Tenth Circuit**

United States
Bankruptcy Appellate Panel
of the Tenth Circuit
A True Copy
Anne M. Soltani, Clerk of Court
Attested by: _Anne Soltani_

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #:** 23–4 | **Docketed:** 01/30/2023 |
| Kate Drakewyck | **Termed:** 06/23/2023 |
| **Appeal From:** United States Bankruptcy Court for the District of Colorado | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
   **1)** Bankruptcy Appeal
   **2)** Chapter 7 Non–Business–Adv
   **3)** Interlocutory

**Originating Court Information:**
   **District:** 1082–1 : 22–10977          **Adversary Proceeding:** 22–01250
   **Trial Judge:** Elizabeth E. Brown, U.S. Bankruptcy
Judge
   **Date Filed:** 10/17/2022

| **Date Order/Judgment:** | **Date NOA Filed:** | **Date Rec'd BAP:** |
|---|---|---|
| 01/18/2023 | 01/28/2023 | 01/30/2023 |

**Prior Cases:**
   22–16   **Date Filed:** 09/22/2022   **Date Disposed:** 10/11/2022   **Disposition:** Panel Order – Dismissed

**Current Cases:**
   None

**Panel Assignment:**    Not available

KATE BUFFY DRAKEWYCK
        Plaintiff – Appellant

Kate Buffy Drakewyck
Direct: 720−232−7287
Email: bdrakewyck@yahoo.com
[NTC Pro Se]
Po Box 140114
Lakewood, CO 80214

IN RE KATE BUFFY DRAKEWYCK,

      Debtor.

_____

KATE BUFFY DRAKEWYCK,

        Plaintiff – Appellant.

| 07/21/2023 | 30 | CIRCUIT: Notice of Appeal to the Tenth Circuit of filed. Tenth Circuit case number: 23–1236. Bankruptcy court served. [92504] [Entered: 07/21/2023 02:07 PM] |
|---|---|---|
| 07/21/2023 | 29 | CIRCUIT: Notice of Appeal to the Tenth Circuit filed. Notice of Appeal and preliminary record electronically transmitted to the Tenth Circuit. All parties served. [92502] [Entered: 07/21/2023 11:04 AM] |
| 07/20/2023 | 28 | CIRCUIT: Notice of Appeal to the Tenth Circuit Court of Appeals of Opinion [24] filed by Appellant Kate Buffy Drakewyck. Fee due. [92497] [Entered: 07/20/2023 12:33 PM] |
| 07/10/2023 | 27 | MANDATE: BAP mandate filed. All parties and bankruptcy court served. [92465] Service Date: 07/10/2023. [Entered: 07/10/2023 07:56 AM] |
| 06/23/2023 | 25 | JUDGMENT: Judgment of this Court is hereby entered in accordance with the Unpublished Opinion, [24], entered on June 23, 2023. All parties and the bankruptcy court served. Service Date: 06/23/2023. [Entry date: 06/23/2023]. [92431] [Entered: 06/23/2023 01:42 PM] |
| 06/23/2023 | 24 | MERITS DISPOSITION: Unpublished Opinion filed. Affirmed. Terminated on the merits after submissions without oral hearing. Judges MICHAEL, PARKER and THURMAN (author). All parties and bankruptcy court served. CASE CLOSED. Entry Date: 06/23/2023. [92430] [Entered: 06/23/2023 01:41 PM] |
| 03/20/2023 | 18 | APPENDIX: Appendix filed Appellant Kate Buffy Drakewyck. Attached certificate of service lists parties as served on 03/20/2023. [92166] [Entered: 03/20/2023 08:18 AM] |
| 03/15/2023 | 17 | BRIEF: Opening Brief filed Appellant Kate Buffy Drakewyck. Attached certificate of service lists parties as served on 03/16/2023 via CM/ECF. [92142] [Entered: 03/16/2023 11:09 AM] |
| 03/03/2023 | 16 | ORDER: Order filed GRANTING Motion for More Time to Complete Brief and Appendix. [14] Appellant's brief and appendix due 03/24/2023 for Appellant Kate Buffy Drakewyck. All parties served. Entry Date: 03/03/2023. [92109] [Entered: 03/03/2023 10:19 AM] |
| 03/02/2023 | 14 | MOTION: Motion to Extend Time to File Appellant Opening Brief and Appendix until 03/24/2023 filed by Appellant Kate Buffy Drakewyck. Attached Certificate of Service lists parties as served on 03/02/2023. [92107] [Entered: 03/03/2023 09:15 AM] |
| 02/08/2023 | 12 | DUE DATE: Appellant's brief and appendix due 03/10/2023 for Appellant Kate Buffy Drakewyck. [92026] [Entered: 02/08/2023 03:23 PM] |
| 02/08/2023 | 11 | ORDER: Order Allowing Appeal to Proceed filed by Judges SOMERS, PARKER and THURMAN. All parties served. Service Date: 02/08/2023. Entry Date: 02/08/2023. [92025] [Entered: 02/08/2023 03:21 PM] |
| 02/06/2023 | 8 | MOTION: Motion for Leave to Appeal pursuant to Fed. R. Bankr. P. 8004(a) filed by Appellant Kate Buffy Drakewyck. [92020] [Entered: 02/06/2023 08:14 AM] |
| 02/06/2023 | 7 | DOCUMENT: One Document (Combined Statement of Admission or Pro Se Status, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to 10th Cir. BAP L.R. 8003–2(d)) filed by Appellant Kate Buffy Drakewyck. Oral argument is not requested. [92019] [Entered: 02/06/2023 08:13 AM] |
| 01/30/2023 | 5 | DOCUMENT: One Document (Combined Statement of Admission or Pro Se Status, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to 10th Cir. BAP L.R. 8003–2(d)) filed by Appellant Kate Buffy Drakewyck. Oral argument is not requested. Attached Certificate of Service lists parties as served on 01/30/2023. [91984] [Entered: 01/30/2023 02:53 PM] |
| 01/30/2023 | 4 | ORDER: Order to Show Cause Why Appeal Should Not Be Dismissed as Interlocutory sent to Appellant Kate Buffy Drakewyck. All parties served on 01/30/2023. [91983] Response due 02/13/2023 |

| | | |
|---|---|---|
| | | by Appellant Kate Buffy Drakewyck. [Entered: 01/30/2023 02:47 PM] |
| 01/30/2023 | 3 | NOTICE: Notice that appeal has been docketed with appeal caption. Interlocutory appeal filed. All parties served 01/30/2023. Entry Date: 01/30/2023. [91982] [Entered: 01/30/2023 02:42 PM] |
| 01/30/2023 | 1 | APPEAL: Bankruptcy appeal filed. BAP case number: CO-23-04. Appeal filed in the Bankruptcy Court on 01/28/2023. Notification of appeal transmitted from the Bankruptcy Court by NEF. Record received from the Bankruptcy Court docket 01/30/2023. [91980] [Entered: 01/30/2023 11:37 AM] |

2023 JUL 20  AM 10: 57

| Untied States Bankruptcy Appellate Panel for the Tenth Circuit<br>Byron White U.S. Courthouse<br>1823 Stout St.<br>Denver, CO 80257 | |
|---|---|
| On Notice of Appeal in Regards to Dismissal of<br>Student Loans to the Court of Appeals<br>BAP Case Number: 23-4<br>Bankruptcy Case Number: 22-01250-EEB | |
| Petitioner: Kate Drakewyck<br><br>v.<br><br>Respondent(s): US Department of Education | ⚜ FOR COURT USE ⚜ |
| Filing Party: _Kate Drakewyck_<br>Address: _PO Box 140114_<br>_Lakewood, CO 80214_<br>Phone: _720-232-7287_<br>E-Mail: | Case Number: |
| **Notice of Appeal** | |

<u>Final Order to Appeal</u>

MERITS DISPOSITION: Unpublished Opinion filed. Affirmed. Terminated
on the merits after submissions without oral hearing. Judges MICHAEL, PARKER
and THURMAN (author). All parties and bankruptcy court served. CASE CLOSED.
Entry Date: 06/23/2023. [92430]

<u>Nature of the Case</u>

There are requirements, if met, allow a borrower to waive their student loans in a
Chapter 7 bankruptcy, per the US Department of Education.  I met all of those
requirements and addressed them in my initial filing. In order to request this, an
Adversary Proceeding must be filed, the US Department of Education served, and
both the District Attorney and Attorney General provided copies via first class
mail.  They are then provided a period of time to respond or dispute the claim.  All
three of these were served per the Rule and given that length of time.  No response
was received and I requested it be ruled in my favor, but was denied, with the
courts saying that they were not served correctly.

In addition. 22-10977-EEB is the initial bankruptcy Case filing. I initially tried filing
about student loans and appealed under Case 22-16 and was denied.  Judge Brown
issued an order that I pay the fee for the Appeal and I've since discovered that the fee,
when not approved to move forward with a fee is $5.  I would like the balance that I

7

was ordered to pay , minus that fee, refunded. This was not addressed in above final order despite being listed in the Brief.

## Argument

Rule 7004 (b)(4) states, "Upon the United States, by mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or an agency of the United States not made a party, by also mailing a copy of the summons and complaint to that officer or agency. The court shall allow a reasonable time for service pursuant to this subdivision for the purpose of curing the failure to mail a copy of the summons and complaint to multiple officers, agencies, or corporations of the United States if the plaintiff has mailed a copy of the summons and complaint either to the civil process clerk at the office of the United States attorney or to the Attorney General of the United States."


Rule 7004 (a)(1) states, "Except as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(5), (e)–(j), (*l*), and (m) F.R.Civ.P. applies in adversary proceedings. Personal service

under Rule 4(e)–(j) F.R.Civ.P. may be made by any person at least 18 years of age who is not a party, and the summons may be delivered by the clerk to any such person."

Rule 7004 (e) states, "Summons: Time Limit for Service Within the United States. Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by delivery of the summons and complaint within 7 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served. This subdivision does not apply to service in a foreign country."

After the service of the US Department of Education was served, the judge ordered, with the exact verbiage of Rule 7004 (b)(4), that I make a correction by providing copies, via first class mail to the District Attorney and Attorney General. I completed that and provided proof within the deadline. In regards to service, Rule 7004 (a)(1), I met that rule in using a service company and gaining proof of service. Rule 7004 (e) also clearly states where reserving someone would be necessary, "If a summons is not timely delivered or mailed, another summons shall be issued and served." I provided proof of service, it was accepted. No where in Rule 7004, that Bancruptcy or BAP

9

keeps trying to fall back on, does it say anything about having to re serve a notice because it's gone stale.  It isn't for the courts to make up a change or edit to a Rule to try to justify unlawfully dismissing a case.  I served the party correctly, I provided additional documents per the Bankruptcy's order.  In having met the court and Rule 7004's requirement of service, it is unlaw to dismiss the case based on a lack on my part.  Based on Rule 7004, which is the only reason listed for dismissal, legally, I have a right to proceed with the adversary proceeding.

According to BAP, the fee for filing is $5, yet Judge Brown order payment of $295 when I got paid, despite the fact that the case 22-16 which did not proceed.  Per BAP's own fee schedule: https://www.bap10.uscourts.gov/fees, she ordered $290 over what the fee should have been.  As stated above, a court can't decide to add something, certainly not because the judge wanted to teach me a lesson.  There is a fee schedule in place, so that each person is subject to the same cost of service.  Judge Brown violated my right to be charged as the courts decided I would be subject to.

I respectfully request this court to:

As I've shown, I submitted the Adversary Proceeding, had it served to all three parties as required under Rule 7004. This Rule does not state that a process of service can go stale, all three parties were given the full length of time to submit their responses and didn't move forward with doing so. I meet all of the requirements as listed on the US Department of Education's website. The District of Colorado Bankruptcy Court made an error in its dismissal. I'm asking that the dismissal be overturned and the Proceeding be allowed to proceed.

In addition, I would like it ordered that the court refund the over charge the Judge Brown ordered, over the $5 that was the actual fee.

Dated: _7/16/23_

Respectfully submitted,

By: _[signature]_

Certificate of Service

I certify that on Date _July 16____, 2023__ an original of this Motion was filed with the Supreme Court. I sent a copy, along with any attachments, to the people listed

below: (Every party in the case should be sent a copy. If a party has a lawyer, send the
copy to the lawyer.)

Name of Party Served: US Department of Education_____

Sent by (Check One): ☒U.S. Mail; ☐ In-Person Hand Delivery: OR ☐ E-mail

Address:__400 Maryland Ave, SW, Washington, DC,
20202_____

_____

_____

_____

Signature: _____

**FILED**

U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**June 23, 2023**

**Blaine F. Bates**
**Clerk**

<u>NOT FOR PUBLICATION</u>[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

---

IN RE KATE BUFFY DRAKEWYCK,

    Debtor.

---

KATE BUFFY DRAKEWYCK,

    Plaintiff - Appellant.

BAP No. CO-23-004

Bankr. No. 22-10977
Adv. No. 22-01250
Chapter 7

OPINION

---

Appeal from the United States Bankruptcy Court
for the District of Colorado

---

Submitted on Appellant's brief.[2]

---

Before **MICHAEL**, **PARKER**, and **THURMAN**, Bankruptcy Judges.

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] The Appellant did not request oral argument, and after examining the Appellant's brief and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019(b). The case is therefore ordered submitted without oral argument.

{sanitize}

**THURMAN**, Bankruptcy Judge.

---

Due process is fundamental to the legal system. Put simply, nothing happens in the dark. An affected party is entitled to proper notice before being deprived of its rights. Accordingly, there are rules promulgated by the Judicial Conference and approved by Congress to ensure parties receive the process due to them.

Here, a chapter 7 debtor filed an adversary proceeding to discharge her student loan debt naming the United States Department of Education as the defendant (the "Defendant"). The Bankruptcy Court issued a summons to the Defendant and the debtor filed an affidavit of service asserting she served the Defendant. The Defendant never filed an answer. Several weeks later, the debtor filed a motion for entry of default judgment. The Bankruptcy Court denied the motion because the debtor failed to properly effectuate service. The order denying the motion set forth the steps the debtor needed to take to effectuate proper service. The debtor attempted to cure, but failed once again. Undaunted, the debtor filed a second motion for entry of default judgment. The Bankruptcy Court entered an order denying the second motion for failure to properly effectuate service and an order dismissing the adversary proceeding without prejudice, which the debtor appeals now. Finding no error, we affirm the order dismissing the adversary proceeding.

## I. Background

### a. *The Bankruptcy and Prior Appeal*

Appellant Kate Buffy Drakewyck (herein "Drakewyck") filed a chapter 7 petition for bankruptcy relief on March 25, 2022. On August 27, 2022, Drakewyck filed a motion

2

14

in the bankruptcy case seeking to discharge her student loan debt. A few days later, the

Bankruptcy Court entered an order denying the motion without prejudice (the "Order

Denying Motion") concluding such relief must be sought in an adversary proceeding.[3] On

September 18, 2022, Drakewyck filed a motion to reconsider the Order Denying Motion,

which the Bankruptcy Court denied without prejudice to the filing of an adversary

proceeding. Drakewyck appealed both orders to the BAP on September 21, 2022. The

BAP determined the Order Denying Motion was final and summarily affirmed the

Bankruptcy Court concluding the relief sought required an adversary proceeding.[4]

    *b.  The Adversary Proceeding*

On October 17, 2022, Drakewyck filed an adversary proceeding against the

Defendant seeking to discharge her student loan debt (the "Complaint"). That same day,

the clerk of the Bankruptcy Court issued a summons to the Defendant (the "Original

Summons"). On October 29, 2022, Drakewyck filed an affidavit of service asserting a

process server served Roland Stallings, Clerk, a person authorized to accept service on

behalf of the Defendant. Drakewyck filed no other affidavits of service.

On November 28, 2022, Drakewyck filed a *Motion to Rule in Favor of the Debtor*

*[sic]: Dismissal of the Student Loan Balance* (the "First Motion") requesting the

Bankruptcy Court fully rule in her favor because the Defendant had not complied with

---

[3] *Order Denying Motion to Rule in Favor of the Debtor*, *in* Appellant App. at 152–
53.
    [4] *Order Denying Leave to Appeal as Unnecessary and Affirming Order Appealed*,
BAP CO-22-16, ECF No. 26.

the Original Summons and deadlines. On November 29, 2022, the Bankruptcy Court

entered an *Order Denying Motion to Rule in Favor of the Debtor* (the "First Motion

Order")[5] finding Drakewyck failed to properly serve the Defendant in accordance with

Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5).[6] The Bankruptcy Court then

ordered Drakewyck to file a motion for issuance of an alias summons[7] and serve the

Defendant with the alias summons and a copy of the Complaint on or before December

13, 2022, in accordance with Rule 7004(b)(4) and (5).[8]

Drakewyck never filed a motion for or obtained an alias summons—the only way

to cure the stale Original Summons—but instead, on December 12, 2022, Drakewyck

filed certificates of service with the Bankruptcy Court showing she mailed copies of the

Complaint and Original Summons to the District Attorney of Washington, D.C., and the

Office of the Attorney General in Washington, D.C., on December 10, 2022, the entities

Drakewyck believed she should serve under Rule 7004(b)(4) and (5).

On December 14, 2022, the Bankruptcy Court entered an order (the "Order to

File") finding Drakewyck did not file a motion for, and serve the parties with, an alias

summons and copy of the Complaint in accordance with Rule 7004(b)(4) and (5). The

---

[5] First Motion Order at 2, *in* Appellant App. at 150.

[6] All future references to Rule or Rules shall mean the Federal Rules of Civil Procedure when followed by one or two-digit numbers and Federal Rules of Bankruptcy Procedure when followed by four-digit numbers.

[7] An alias summons is the term used to describe a reissued summons after the original summons has gone stale.

[8] First Motion Order at 2, *in* Appellant App. at 150.

Order to File provided Drakewyck an extension of time to do so by December 28, 2022. The Bankruptcy Court warned Drakewyck that failure to do so would result in dismissal of the adversary proceeding.[9]

On January 16, 2022, Drakewyck again filed a *Motion to Rule in Favor of the Debitor [sic]: Dismissal of the Student Loan Balance* (the "Second Motion"). Drakewyck requested the Bankruptcy Court to rule in her favor and dismiss (discharge) the student loan balance because she properly served the Defendant and thirty-five days had passed.

On January 18, 2022, the Bankruptcy Court entered an order denying the Second Motion[10] and the *Order Dismissing Case* (the "Final Order") dismissing the adversary proceeding without prejudice.[11] In the Final Order, the Bankruptcy Court concluded Drakewyck's failure to comply with the Order to File warranted dismissal.[12] The Bankruptcy Court further concluded that Rule 4(m) provided additional grounds for dismissal because more than ninety days elapsed since the commencement of the adversary proceeding, and Drakewyck still had not supplied proof of proper service.[13] This appeal followed.

---

[9] Order to File, *in* Appellant App. at 144.

[10] *Order Denying Plaintiff's Second Motion to Rule in Favor of the Debtor*, *in* Appellant App. at 137–38.

[11] Final Order, *in* Appellant App. at 135–36.

[12] *Id.*, *in* Appellant App. at 135.

[13] *Id.*

5

## II. Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[14] Drakewyck timely filed her notice of appeal.[15] A prior panel determined the Final Order was final as to whether the Bankruptcy Court erred in dismissing Drakewyck's adversary proceeding for failure to timely effectuate proper service.[16] Drakewyck did not elect to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

## III. Issue on Appeal and Standard of Review

There is one issue on appeal—whether the Bankruptcy Court erred by dismissing Drakewyck's adversary proceeding for failure to timely effectuate proper service on the Defendant, which we review for abuse of discretion.[17] Under the abuse of discretion

---

[14] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[15] *See In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990) (noting that "the appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition").

[16] *Order Allowing Appeal to Proceed*, BAP CO-23-4, ECF No. 11.

[17] The Bankruptcy Court cites two grounds for its dismissal: (i) failure to comply with the Bankruptcy Court's Order and (ii) failure to effectuate timely service. A dismissal for failure to comply with a court's order is reviewed for abuse of discretion. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, . . . for failing to comply with the court rules or any order of the court" which is reviewed for abuse of discretion) (citing Fed. R. Civ. P. 41(b)). Similarly, a court's dismissal for failure to comply with Rule 4(m) is also reviewed for abuse of discretion. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) ("We review the [lower] court's dismissal for untimely service for an abuse of discretion.") (citing *Jones v. Frank*, 973 F.2d 872, 872 (10th Cir. 1992)).

standard, this Court will not disturb a bankruptcy court's decision unless it "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[18] An abuse of discretion occurs when "the [trial] court's decision is 'arbitrary, capricious or whimsical,' or results in a 'manifestly unreasonable judgment.'"[19] "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."[20]

## IV. Analysis

To satisfy due process, a party must effectuate proper service of process upon the party from whom it seeks relief.[21] Rule 7004 governs service of process in a bankruptcy case.[22] Unless otherwise stated by Rule 7004, service may be made within the United

---

[18] *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

[19] *Moothart*, 21 F.3d at 1504–05 (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)).

[20] *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[21] *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Even though Drakewyck is proceeding pro se, she still needs to comply with the relevant rules. *In re Onyeabor*, BAP No. UT-14-047, 2015 WL 1726692, at *6 (10th Cir. BAP Apr. 15, 2015) (unpublished) ("[P]ro se status does not excuse a party's obligation to know and comply with the same rules that govern other litigants.") (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[22] Fed. R. Bankr. P. 7004.

7

States by first class mail or by a method authorized by Rule 4(e)–(j).[23] Rule 4(i) applies

in bankruptcy adversary proceedings and governs serving the United States and its

agencies and provides service may also be made by registered or certified mail.[24] Such

service must occur, or be deposited in the mail, within seven days after the bankruptcy

court issues the summons.[25] Should timely delivery not occur, the summons becomes

stale and is no longer effective.[26] To remedy a stale summons, a party may file a motion

for another summons—often called an alias summons—with the bankruptcy court, and

only then may the party effectuate proper service.[27]

Under Rule 7004(b)(4) and (5), when serving a United States agency, a party must

also serve the United States.[28] To properly serve the United States, the Rules require a

---

[23] *Id.* at 7004(b).

[24] Fed. R. Civ. P. 4(i) made applicable to bankruptcy proceedings by Rule 7004(a)(1).

[25] Fed. R. Bankr. P. 7004(e).

[26] *See id.* ("If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued."). *See also Menges v. Menges (In re Menges)*, 337 B.R. 191, 193 (Bankr. N.D. Ill. 2006) ("If service is not made in that time, the summons is stale, and another summons must be issued."); *Carter v. Hall (In re Hall)*, No. 07-11393-R, 2009 WL 1652202, at *1 (Bankr. N.D. Okla. June 10, 2009) (unpublished) (concluding a summons becomes "stale" when not delivered or mailed within the time prescribed by the Rule); *Peter v. Hutchings (In re Hutchings)*, No. BAP MW 10-078, 2011 WL 4572017, at *3 (1st Cir. BAP May 25, 2011) (unpublished) (failure to serve a summons within the time period prescribed by the rule renders the summons invalid, thus requiring a party to obtain a new summons) (citing cases).

[27] *See In re Hutchings*, 2011 WL 4572017, at *3; Fed. R. Bankr. P. 7004(b)(4), (b)(5), (e) and (i).

[28] Fed. R. Bankr. P. 7004(b)(5).

8

party must mail a copy of the summons and complaint to (i) the United States agency,[29] (ii) the civil process clerk at the office of the United States Attorney for the district *in which the action is brought*,[30] and (iii) the Attorney General of the United States in Washington, D.C.[31] Should a party fail to properly serve a copy of the summons and complaint to any one of these entities, the court must provide reasonable time to cure the deficiency.[32] Failure to effectuate proper service within ninety days after a complaint is filed, without a showing of good cause for the failure, will result in case dismissal without prejudice.[33]

The Bankruptcy Court dismissed the adversary proceeding on two grounds. First, Drakewyck failed to comply with the Order to File requiring her to file a motion for an alias summons and then properly serve the alias summons on the Defendant and the United States. Second, Drakewyck failed to timely effectuate service on the Defendant and the United States within ninety days pursuant to Rule 4(m).

---

[29] *Id.*

[30] Fed. R. Bankr. P. 7004(b)(4) (emphasis added).

[31] *Id.*

[32] *Id.* at 7004(b)(4) and (5).

[33] Fed. R. Civ. P. 4(m), made applicable to bankruptcy cases by Fed. R. Bankr. P. 7004, provides,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made with a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

9

21

Drakewyck contends she effectuated proper service by (i) serving the Defendant, the US Attorney, and the Attorney General pursuant to Rule 7004(b)(4) and (5), (ii) complying with the First Motion Order and the Order to File (the "Orders"), and (iii) doing so in the time frame specified. Drakewyck also asserts Rule 7004 does not state a summons "can go stale," and thus the Bankruptcy Court erred in dismissing the adversary proceeding on that ground.

The Bankruptcy Court did not abuse its discretion in dismissing the adversary proceeding for Drakewyck's failure to effectuate proper service and comply with the Orders for several reasons. First, Drakewyck failed to properly serve the Original Summons and Complaint addressed to the civil process clerk at the office of the United States Attorney for the District of Colorado, *the district in which the action was brought*. Instead, Drakewyck mailed, via first class mail, a copy of the Original Summons and Complaint to the United States Attorney for the District of Washington, D.C.[34]

Second, Drakewyck did not send a copy of the Original Summons and Complaint to the United States Attorney for the District of Colorado or the Attorney General within seven days of the Bankruptcy Court issuing the Original Summons, thus rendering the summons stale.[35] Nor did Drakewyck file a motion for, and receive, an alias summons, which would allow her to effectuate proper service on the Defendant and the United States pursuant to the Order to File and Rule 7004.

---

[34] December 12, 2022 Certificates of Service, *in* Appellant App. at 145–48.

[35] Fed. R. Bankr. P. 7004(e).

10

Third, as of the date of the Final Order, more than ninety days had passed since the commencement of the adversary proceeding and Drakewyck still had not effectuated proper service. Notably, Rule 4(m) provides a court must extend time for service for an appropriate period if the party shows good cause for failure to timely effectuate service. Drakewyck does not, however, argue good cause existed. Moreover, even if Drakewyck raised such an argument on appeal, the record shows Drakewyck failed to comply with the Orders, both of which emphasized Drakewyck needed to obtain an alias summons—which was required to timely effectuate proper service—and serve the proper entities by a certain date. In effect, the Bankruptcy Court extended Drakewyck's time to serve the proper entities after she failed to meet the first deadline, and expressly noted failure to do so would result in a dismissal without prejudice.[36] Accordingly, under Rule 4(m), the dismissal was warranted.

## V.   Conclusion

We find no abuse of discretion. The original summons went stale when Drakewyck did not comply with the Rules to effectuate proper service within the time provided. Additionally, Drakewyck did not comply with the Orders, nor did Drakewyck effectuate proper service within ninety days pursuant to Rule 4(m). The Bankruptcy Court applied the appropriate legal standard, the decision was not arbitrary, whimsical, or

---

[36] *See* First Motion Order at 2, *in* Appellant App. at 150; Order to File at 1, *in* Appellant App. at 143.

capricious, and it did not result in manifest injustice. Thus, the decision of the

Bankruptcy Court is AFFIRMED.

.

FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

June 23, 2023

Blaine F. Bates
Clerk

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

---

IN RE KATE BUFFY DRAKEWYCK,

Debtor.

---

KATE BUFFY DRAKEWYCK,

Plaintiff - Appellant.

BAP No. CO-23-004

Bankr. No. 22-10977
Adv. No. 22-01250
Chapter 7

OPINION

---

Appeal from the United States Bankruptcy Court
for the District of Colorado

---

Submitted on Appellant's brief.[2]

---

Before **MICHAEL**, **PARKER**, and **THURMAN**, Bankruptcy Judges.

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] The Appellant did not request oral argument, and after examining the Appellant's brief and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019(b). The case is therefore ordered submitted without oral argument.

**THURMAN**, Bankruptcy Judge.

_____

Due process is fundamental to the legal system. Put simply, nothing happens in the dark. An affected party is entitled to proper notice before being deprived of its rights. Accordingly, there are rules promulgated by the Judicial Conference and approved by Congress to ensure parties receive the process due to them.

Here, a chapter 7 debtor filed an adversary proceeding to discharge her student loan debt naming the United States Department of Education as the defendant (the "Defendant"). The Bankruptcy Court issued a summons to the Defendant and the debtor filed an affidavit of service asserting she served the Defendant. The Defendant never filed an answer. Several weeks later, the debtor filed a motion for entry of default judgment. The Bankruptcy Court denied the motion because the debtor failed to properly effectuate service. The order denying the motion set forth the steps the debtor needed to take to effectuate proper service. The debtor attempted to cure, but failed once again. Undaunted, the debtor filed a second motion for entry of default judgment. The Bankruptcy Court entered an order denying the second motion for failure to properly effectuate service and an order dismissing the adversary proceeding without prejudice, which the debtor appeals now. Finding no error, we affirm the order dismissing the adversary proceeding.

## I. Background

### a. The Bankruptcy and Prior Appeal

Appellant Kate Buffy Drakewyck (herein "Drakewyck") filed a chapter 7 petition for bankruptcy relief on March 25, 2022. On August 27, 2022, Drakewyck filed a motion

in the bankruptcy case seeking to discharge her student loan debt. A few days later, the

Bankruptcy Court entered an order denying the motion without prejudice (the "Order

Denying Motion") concluding such relief must be sought in an adversary proceeding.[3] On

September 18, 2022, Drakewyck filed a motion to reconsider the Order Denying Motion,

which the Bankruptcy Court denied without prejudice to the filing of an adversary

proceeding. Drakewyck appealed both orders to the BAP on September 21, 2022. The

BAP determined the Order Denying Motion was final and summarily affirmed the

Bankruptcy Court concluding the relief sought required an adversary proceeding.[4]

> *b.  The Adversary Proceeding*

On October 17, 2022, Drakewyck filed an adversary proceeding against the

Defendant seeking to discharge her student loan debt (the "Complaint"). That same day,

the clerk of the Bankruptcy Court issued a summons to the Defendant (the "Original

Summons"). On October 29, 2022, Drakewyck filed an affidavit of service asserting a

process server served Roland Stallings, Clerk, a person authorized to accept service on

behalf of the Defendant. Drakewyck filed no other affidavits of service.

On November 28, 2022, Drakewyck filed a *Motion to Rule in Favor of the Debitor*

*[sic]: Dismissal of the Student Loan Balance* (the "First Motion") requesting the

Bankruptcy Court fully rule in her favor because the Defendant had not complied with

---

[3] *Order Denying Motion to Rule in Favor of the Debtor*, *in* Appellant App. at 152–53.
[4] *Order Denying Leave to Appeal as Unnecessary and Affirming Order Appealed*, BAP CO-22-16, ECF No. 26.

the Original Summons and deadlines. On November 29, 2022, the Bankruptcy Court

entered an *Order Denying Motion to Rule in Favor of the Debtor* (the "First Motion

Order")[5] finding Drakewyck failed to properly serve the Defendant in accordance with

Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5).[6] The Bankruptcy Court then

ordered Drakewyck to file a motion for issuance of an alias summons[7] and serve the

Defendant with the alias summons and a copy of the Complaint on or before December

13, 2022, in accordance with Rule 7004(b)(4) and (5).[8]

      Drakewyck never filed a motion for or obtained an alias summons—the only way

to cure the stale Original Summons—but instead, on December 12, 2022, Drakewyck

filed certificates of service with the Bankruptcy Court showing she mailed copies of the

Complaint and Original Summons to the District Attorney of Washington, D.C., and the

Office of the Attorney General in Washington, D.C., on December 10, 2022, the entities

Drakewyck believed she should serve under Rule 7004(b)(4) and (5).

      On December 14, 2022, the Bankruptcy Court entered an order (the "Order to

File") finding Drakewyck did not file a motion for, and serve the parties with, an alias

summons and copy of the Complaint in accordance with Rule 7004(b)(4) and (5). The

---

[5] First Motion Order at 2, *in* Appellant App. at 150.

[6] All future references to Rule or Rules shall mean the Federal Rules of Civil Procedure when followed by one or two-digit numbers and Federal Rules of Bankruptcy Procedure when followed by four-digit numbers.

[7] An alias summons is the term used to describe a reissued summons after the original summons has gone stale.

[8] First Motion Order at 2, *in* Appellant App. at 150.

4

Order to File provided Drakewyck an extension of time to do so by December 28, 2022. The Bankruptcy Court warned Drakewyck that failure to do so would result in dismissal of the adversary proceeding.[9]

On January 16, 2022, Drakewyck again filed a *Motion to Rule in Favor of the Debtor [sic]: Dismissal of the Student Loan Balance* (the "Second Motion"). Drakewyck requested the Bankruptcy Court to rule in her favor and dismiss (discharge) the student loan balance because she properly served the Defendant and thirty-five days had passed.

On January 18, 2022, the Bankruptcy Court entered an order denying the Second Motion[10] and the *Order Dismissing Case* (the "Final Order") dismissing the adversary proceeding without prejudice.[11] In the Final Order, the Bankruptcy Court concluded Drakewyck's failure to comply with the Order to File warranted dismissal.[12] The Bankruptcy Court further concluded that Rule 4(m) provided additional grounds for dismissal because more than ninety days elapsed since the commencement of the adversary proceeding, and Drakewyck still had not supplied proof of proper service.[13] This appeal followed.

---

[9] Order to File, *in* Appellant App. at 144.

[10] *Order Denying Plaintiff's Second Motion to Rule in Favor of the Debtor*, *in* Appellant App. at 137–38.

[11] Final Order, *in* Appellant App. at 135–36.

[12] *Id.*, *in* Appellant App. at 135.

[13] *Id.*

## II. Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[14] Drakewyck timely filed her notice of appeal.[15] A prior panel determined the Final Order was final as to whether the Bankruptcy Court erred in dismissing Drakewyck's adversary proceeding for failure to timely effectuate proper service.[16] Drakewyck did not elect to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

## III.    Issue on Appeal and Standard of Review

There is one issue on appeal—whether the Bankruptcy Court erred by dismissing Drakewyck's adversary proceeding for failure to timely effectuate proper service on the Defendant, which we review for abuse of discretion.[17] Under the abuse of discretion

---

[14] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[15] *See In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990) (noting that "the appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition").

[16] *Order Allowing Appeal to Proceed*, BAP CO-23-4, ECF No. 11.

[17] The Bankruptcy Court cites two grounds for its dismissal: (i) failure to comply with the Bankruptcy Court's Order and (ii) failure to effectuate timely service. A dismissal for failure to comply with a court's order is reviewed for abuse of discretion. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, . . . for failing to comply with the court rules or any order of the court" which is reviewed for abuse of discretion) (citing Fed. R. Civ. P. 41(b)). Similarly, a court's dismissal for failure to comply with Rule 4(m) is also reviewed for abuse of discretion. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) ("We review the [lower] court's dismissal for untimely service for an abuse of discretion.") (citing *Jones v. Frank*, 973 F.2d 872, 872 (10th Cir. 1992)).

6

standard, this Court will not disturb a bankruptcy court's decision unless it "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[18] An abuse of discretion occurs when "the [trial] court's decision is 'arbitrary, capricious or whimsical,' or results in a 'manifestly unreasonable judgment.'"[19] "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."[20]

## IV.    Analysis

To satisfy due process, a party must effectuate proper service of process upon the party from whom it seeks relief.[21] Rule 7004 governs service of process in a bankruptcy case.[22] Unless otherwise stated by Rule 7004, service may be made within the United

---

[18] *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

[19] *Moothart*, 21 F.3d at 1504–05 (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)).

[20] *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[21] *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Even though Drakewyck is proceeding pro se, she still needs to comply with the relevant rules. *In re Onyeabor*, BAP No. UT-14-047, 2015 WL 1726692, at *6 (10th Cir. BAP Apr. 15, 2015) (unpublished) ("[P]ro se status does not excuse a party's obligation to know and comply with the same rules that govern other litigants.") (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[22] Fed. R. Bankr. P. 7004.

7

States by first class mail or by a method authorized by Rule 4(e)–(j).[23] Rule 4(i) applies

in bankruptcy adversary proceedings and governs serving the United States and its

agencies and provides service may also be made by registered or certified mail.[24] Such

service must occur, or be deposited in the mail, within seven days after the bankruptcy

court issues the summons.[25] Should timely delivery not occur, the summons becomes

stale and is no longer effective.[26] To remedy a stale summons, a party may file a motion

for another summons—often called an alias summons—with the bankruptcy court, and

only then may the party effectuate proper service.[27]

    Under Rule 7004(b)(4) and (5), when serving a United States agency, a party must

also serve the United States.[28] To properly serve the United States, the Rules require a

---

[23] *Id.* at 7004(b).

[24] Fed. R. Civ. P. 4(i) made applicable to bankruptcy proceedings by Rule 7004(a)(1).

[25] Fed. R. Bankr. P. 7004(e).

[26] *See id.* ("If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued."). *See also Menges v. Menges (In re Menges)*, 337 B.R. 191, 193 (Bankr. N.D. Ill. 2006) ("If service is not made in that time, the summons is stale, and another summons must be issued."); *Carter v. Hall (In re Hall)*, No. 07-11393-R, 2009 WL 1652202, at *1 (Bankr. N.D. Okla. June 10, 2009) (unpublished) (concluding a summons becomes "stale" when not delivered or mailed within the time prescribed by the Rule); *Peter v. Hutchings (In re Hutchings)*, No. BAP MW 10-078, 2011 WL 4572017, at *3 (1st Cir. BAP May 25, 2011) (unpublished) (failure to serve a summons within the time period prescribed by the rule renders the summons invalid, thus requiring a party to obtain a new summons) (citing cases).

[27] *See In re Hutchings*, 2011 WL 4572017, at *3; Fed. R. Bankr. P. 7004(b)(4), (b)(5), (e) and (i).

[28] Fed. R. Bankr. P. 7004(b)(5).

8

party must mail a copy of the summons and complaint to (i) the United States agency,[29] (ii) the civil process clerk at the office of the United States Attorney for the district *in which the action is brought*,[30] and (iii) the Attorney General of the United States in Washington, D.C.[31] Should a party fail to properly serve a copy of the summons and complaint to any one of these entities, the court must provide reasonable time to cure the deficiency.[32] Failure to effectuate proper service within ninety days after a complaint is filed, without a showing of good cause for the failure, will result in case dismissal without prejudice.[33]

    The Bankruptcy Court dismissed the adversary proceeding on two grounds. First, Drakewyck failed to comply with the Order to File requiring her to file a motion for an alias summons and then properly serve the alias summons on the Defendant and the United States. Second, Drakewyck failed to timely effectuate service on the Defendant and the United States within ninety days pursuant to Rule 4(m).

---

[29] *Id.*

[30] Fed. R. Bankr. P. 7004(b)(4) (emphasis added).

[31] *Id.*

[32] *Id.* at 7004(b)(4) and (5).

[33] Fed. R. Civ. P. 4(m), made applicable to bankruptcy cases by Fed. R. Bankr. P. 7004, provides,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made with a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

9

Drakewyck contends she effectuated proper service by (i) serving the Defendant, the US Attorney, and the Attorney General pursuant to Rule 7004(b)(4) and (5), (ii) complying with the First Motion Order and the Order to File (the "Orders"), and (iii) doing so in the time frame specified. Drakewyck also asserts Rule 7004 does not state a summons "can go stale," and thus the Bankruptcy Court erred in dismissing the adversary proceeding on that ground.

The Bankruptcy Court did not abuse its discretion in dismissing the adversary proceeding for Drakewyck's failure to effectuate proper service and comply with the Orders for several reasons. First, Drakewyck failed to properly serve the Original Summons and Complaint addressed to the civil process clerk at the office of the United States Attorney for the District of Colorado, *the district in which the action was brought*. Instead, Drakewyck mailed, via first class mail, a copy of the Original Summons and Complaint to the United States Attorney for the District of Washington, D.C.[34]

Second, Drakewyck did not send a copy of the Original Summons and Complaint to the United States Attorney for the District of Colorado or the Attorney General within seven days of the Bankruptcy Court issuing the Original Summons, thus rendering the summons stale.[35] Nor did Drakewyck file a motion for, and receive, an alias summons, which would allow her to effectuate proper service on the Defendant and the United States pursuant to the Order to File and Rule 7004.

---

[34] December 12, 2022 Certificates of Service, *in* Appellant App. at 145–48.

[35] Fed. R. Bankr. P. 7004(e).

Third, as of the date of the Final Order, more than ninety days had passed since the commencement of the adversary proceeding and Drakewyck still had not effectuated proper service. Notably, Rule 4(m) provides a court must extend time for service for an appropriate period if the party shows good cause for failure to timely effectuate service. Drakewyck does not, however, argue good cause existed. Moreover, even if Drakewyck raised such an argument on appeal, the record shows Drakewyck failed to comply with the Orders, both of which emphasized Drakewyck needed to obtain an alias summons— which was required to timely effectuate proper service—and serve the proper entities by a certain date. In effect, the Bankruptcy Court extended Drakewyck's time to serve the proper entities after she failed to meet the first deadline, and expressly noted failure to do so would result in a dismissal without prejudice.[36] Accordingly, under Rule 4(m), the dismissal was warranted.

## V.     Conclusion

We find no abuse of discretion. The original summons went stale when Drakewyck did not comply with the Rules to effectuate proper service within the time provided. Additionally, Drakewyck did not comply with the Orders, nor did Drakewyck effectuate proper service within ninety days pursuant to Rule 4(m). The Bankruptcy Court applied the appropriate legal standard, the decision was not arbitrary, whimsical, or

---

[36] *See* First Motion Order at 2, *in* Appellant App. at 150; Order to File at 1, *in* Appellant App. at 143.

capricious, and it did not result in manifest injustice. Thus, the decision of the

Bankruptcy Court is AFFIRMED.

United States Bankruptcy Appellate Panel for the

Tenth Circuit

Byron White U.S. Courthouse

1823 Stout St.

Denver, CO 80258

Appeal from:

District Court County: District of Colorado

District Court Judge: The Hon. Elizabeth Brown

District Court Case Number: 22-01250-EEB

District Court Title: Adversary Proceeding to Dismiss

Student Loans

Plaintiff/Petitioner: Kate Drakewyck

X Appellant or ☐ Appellee

&.

Defendant/Respondent: US Department of Education

☐ Appellant or X Appellee

⋏ FOR COURT USE ⋏

BAPs
Case Number: 23-4

Filing Party Name: Kate Drakewyck (pro se)

Address: PO Box 140114

Lakewood, CO 80214

Phone: 720-232-7287

E-Mail: bdrakewyck@yahoo.com

**Appendix**

Table of Contents
Bankruptcy Appellate Panel Docket #: 23-4
-Page 8-10

#16 ORDER: Order filed GRANTING Motion for More Time to Complete Brief
and Appendix. [14] Appellant's brief and appendix due 03/24/2023 for Appellant
Kate Buffy Drakewyck. All parties served. Entry Date: 03/03/2023. [92109]
[Entered: 03/03/2023 10:19 AM]
-Page 11-12

#14 MOTION: Motion to Extend Time to File Appellant Opening Brief and
Appendix until 03/24/2023 filed by Appellant Kate Buffy Drakewyck. Attached
Certificate of Service lists parties as served on 03/02/2023. [92107] [Entered:
03/03/2023 09:15 AM]
-Page 13-14

#12 DUE DATE: Appellant's brief and appendix due 03/10/2023 for Appellant
Kate Buffy Drakewyck. [92026] [Entered: 02/08/2023 03:23 PM]
-Page 15

#11 ORDER: Order Allowing Appeal to Proceed filed by Judges SOMERS,
PARKER and THURMAN. All parties served. Service Date: 02/08/2023. Entry
Date: 02/08/2023. [92025] [Entered: 02/08/2023 03:21 PM]
-Page 16-18

#8 MOTION: Motion for Leave to Appeal pursuant to Fed. R. Bankr. P. 8004(a)
filed by Appellant Kate Buffy Drakewyck. [92020] [Entered: 02/06/2023 08:14
AM]
-Page 19-24

#7 DOCUMENT: One Document (Combined Statement of Admission or Pro Se
Status, Statement of Interested Parties, and Statement Regarding Oral Argument
pursuant to 10th Cir. BAP L.R. 8003-2(d)) filed by Appellant Kate Buffy
Drakewyck. Oral argument is not requested. [92019] [Entered: 02/06/2023 08:13
AM]
-Page 25-32

#5 DOCUMENT: One Document (Combined Statement of Admission or Pro Se
Status, Statement of Interested Parties, and Statement Regarding Oral Argument
pursuant to 10th Cir. BAP L.R. 8003-2(d)) filed by Appellant Kate Buffy

Drakewyck. Oral argument is not requested. Attached Certificate of Service lists
parties as served on 01/30/2023. [91984] [Entered: 01/30/2023 02:53 PM]
-Page 33-41

#4 ORDER: Order to Show Cause Why Appeal Should Not Be Dismissed as
Interlocutory sent to Appellant Kate Buffy Drakewyck. All parties served on
01/30/2023. [91983] Response due 02/13/2023 by Appellant Kate Buffy
Drakewyck. [Entered: 01/30/2023 02:47 PM]
#3 NOTICE: Notice that appeal has been docketed with appeal caption.
Interlocutory appeal filed. All parties served 01/30/2023. Entry Date: 01/30/2023.
[91982] [Entered: 01/30/2023 02:42 PM]
-Page 42-43

#1 APPEAL: Bankruptcy appeal filed. BAP case number: CO-23-04. Appeal filed
in the Bankruptcy Court on 01/28/2023. Notification of appeal transmitted from
the Bankruptcy Court by NEF. Record received from the Bankruptcy Court docket
01/30/2023. [91980] [Entered: 01/30/2023 11:37 AM]
-Page 44-76

Adversary Proceeding Docket#: 22-01250-EEB
-Page 77-80

#27 Courts Notice or Order and BNC Certificate of Mailing (related
document(s)25 Order on Motion For Leave to Appeal). No. of Notices: 1. Notice
Date 02/23/2023. (Admin.) (Entered: 02/23/2023)
-Page 81-84

#26 Courts Notice or Order and BNC Certificate of Mailing (related
document(s)24 Order to Vacate Document). No. of Notices: 1. Notice Date
02/23/2023. (Admin.) (Entered: 02/23/2023)
-Page 85-86

#25 COPY of Order Allowing Motion Appeal to Proceed. Entered by the BAP in
Appeal Case CO 23-04 on February 8, 2023. (related document(s):21 Motion for
Leave to Appeal). (mlr) (Entered: 02/21/2023)
-Page 87-89

#24 Order Vacating Order Denying Plaintiff's Motion For Leave To Appeal
(related document(s)22 Order on Motion For Leave to Appeal). THIS MATTER
comes before the court sua sponte. On February 13, 2023, this Court entered an

Order Denying Plaintiff's Motion For Leave to Appeal in error. Accordingly, it is
ORDERED that the Order Denying Plaintiff's Motion For Leave to Appeal entered
on February 13, 2023 at Docket #22, IS HEREBY VACATED. (re) (Entered:
02/21/2023)
-Page 90

#23 Courts Notice or Order and BNC Certificate of Mailing (related
document(s)22 Order on Motion For Leave to Appeal). No. of Notices: 1. Notice
Date 02/15/2023. (Admin.) (Entered: 02/15/2023)
-Page 91-93

#22 Order Denying Plaintiff's Motion For Leave to Appeal (related document(s):21
Motion for Leave to Appeal). (re) (Entered: 02/13/2023)
-Page 94-95

#21 Motion for Leave to Appeal. Pursuant to F.R.B.P. 8004(b)(2), Responses Are
To Be Filed With The Appellate Court Within 14 Days. BAP Appeal Case No. is
CO 23-04. Filed by Kate Drakewyck (related document(s)13 Order Dismissing
Adversary Proceeding, 17 Notice of Appeal and Statement of Election) . (mlr)
**Added Appeal Case Number on 2/6/2023 (mlr).** (Entered: 02/06/2023)
-Page 96-102

#20 Receipt of Appeal Filing Fee - $298.00 by MM. Receipt Number 310633.
(admin) (Entered: 01/30/2023)
-Page 103-104

#19 This Appeal Has Been Accepted by the Bankruptcy Appellate Panel and
Assigned **Case No. CO 23-04**. Please Refer to That Court's Docket for the Most
Complete Information Regarding This Appeal (related document(s)17 Notice of
Appeal and Statement of Election). (mlr) (Entered: 01/30/2023)
-Page 105-106

#18 Appellant Designation of Record and Statement of Issues On Appeal. Case
Number Not Yet Available. Filed by Kate Drakewyck (related document(s)17
Notice of Appeal and Statement of Election). (mlr) (Entered: 01/30/2023)
-Pagem107-110

#17 Notice of Appeal and Statement of Election. Appellant is Pro Se. Filing fee
paid online 1/28/2023. Filed by Kate Drakewyck (related document(s)13 Order
Dismissing Adversary Proceeding). (Attachments: # 1 Statement re Admission,

Interested Parties, Oral Argument) (mlr) **Corrected docket text to show payment information on 1/30/2023 (mlr).** (Entered: 01/30/2023)
-Page 111-123

#16 Letter From Kate Drakewyck Dated 1/22/2023 (related document(s)12 Other Order, 13 Order Dismissing Adversary Proceeding). (re) (Entered: 01/23/2023)
-Page 124-126

#15 Courts Notice or Order and BNC Certificate of Mailing (related document(s)13 Order Dismissing Adversary Proceeding). No. of Notices: 1. Notice Date 01/20/2023. (Admin.) (Entered: 01/20/2023)
-Page 127-129

#14 Courts Notice or Order and BNC Certificate of Mailing (related document(s)12 Other Order). No. of Notices: 1. Notice Date 01/20/2023. (Admin.) (Entered: 01/20/2023)
-Page 130-132

(No Document #) Disposition of Adversary Proceeding Number 22-01250-EEB. Final Order or Judgment Has Entered. Tickle Due Date 2/1/2023. (mmg) (Entered: 01/18/2023)
-Page 133-134

#13 Order Dismissing Adversary Proceeding. (related document(s)1 Complaint). (mmg) (Entered: 01/18/2023)
-Page 135-136

#12 Order Denying Plaintiff's Second Motion to Rule in Favor of the Debtor. (related document(s):11 Motion). (mmg) (Entered: 01/18/2023)
-Page 137-138

#11 Motion to Rule in Favor of the Debtor: Dismissal of the Student Loan Balance Filed by Plaintiff Kate Drakewyck . (mmg) (Entered: 01/17/2023)
-Page 139-141

#10 Courts Notice or Order and BNC Certificate of Mailing (related document(s)9 Order to File). No. of Notices: 1. Notice Date 12/16/2022. (Admin.) (Entered: 12/16/2022)
-Page 142-143

#9 Order To File (related document(s)1 Complaint). IT IS ORDERED that on or before December 28, 2022, Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5) or Fed. R, failing which this adversary proceeding may be dismissed. (re) (Entered: 12/14/2022)
-Page 144

#8 Certificate of Service On: Office of the Attorney General - Washington DC on 12/10/2022 filed by Kate Drakewyck . (re) **Modified on 12/12/2022 to reflect text (re).** (Entered: 12/12/2022)
-Page 145-146

#7 Certificate of Service on District Attorney - Washington DC on 12/10/2022 filed by Kate Drakewyck . (re) **Modified on 12/12/2022 to reflect text (re).** (Entered: 12/12/2022)
-Page 147-148

#6 Courts Notice or Order and BNC Certificate of Mailing (related document(s)5 Other Order). No. of Notices: 1. Notice Date 12/01/2022. (Admin.) (Entered: 12/01/2022)
-Page 149-151

#5 Order Denying Motion To Rule In Favor Of The Debtor (related document(s):4 Motion). IT IS ORDERED that Plaintiffs Motion is DENIED. Nonetheless, the Court will provide Plaintiff another opportunity to properly effectuate service. Therefore, IT IS FURTHER ORDERED that on or before December 13, 2022, Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5), failing which this adversary proceeding may be dismissed. (re) (Entered: 11/29/2022)
-Page 152-153

#4 Motion to Rule in Favor of the Debtor: Dismissal of the Student Loan Balance. Filed by Plaintiff Kate Drakewyck (related document(s):1 Complaint). (mmg) (Entered: 11/28/2022)
-Page 154-156

#3 Summons Service Executed On: Roland Stallings on 10/24/2022 filed by Kate Drakewyck . (re) (Entered: 10/31/2022)
-Page 157-159

Appendix

6

42

#2 Summons Issued on US Department Of Education Answer Due 11/23/2022.
(tjv) (Entered: 10/17/2022)
-Page 160-163


#1 Adversary case 22-01250. Complaint by Kate Drakewyck against US
Department Of Education . The Plaintiff in this adversary proceeding is either the
debtor in an underlying chapter 7 or 13 case, or the United States other than the
U.S. Trustee acting as a trustee in the underlying bankruptcy case. Pursuant to
paragraph (6) of the Bankruptcy Court Miscellaneous Fee Schedule, there is no fee
to file an adversary proceeding when the plaintiff is the United States, other than a
U.S. Trustee acting as a trustee in a case, or the debtor in a chapter 7 or 13 case.
Accordingly, this adversary proceeding shall be commenced without payment of
the filing fee . Adversary Status Deadline 2/14/2023 (63 (Dischargeability -
523(a)(8), student loan)) (tjv) (Entered: 10/17/2022)
-Page 164-168

## Certificate of Service

I certify that on March 12, 2023, I filed this Appendix with the BAP. I sent a copy,

along with any attachments, to the people listed below: (Every party in the case

should get a copy. If a party has a lawyer, send their copy to the lawyer.)


Name of Person Served: US Department of Education, District Attorney and

Office of the Attorney General

Sent by (Check One):        X U.S. Mail; OR ☐ In-Person Hand Delivery

Address:

US Department of Education

400 Maryland Avenue, SW

Washington, D.C. 20202


District Attorney

555 4th St NW

Washington, DC 20530


Office of the Attorney General

400 6th St NW,

Washington, DC 20001


Signature: _Katt Qul_
                    Appellant

23-4 Docket

Appellate Case: 23-1236     Document: 010110908642     Date Filed: 08/25/2023     Page: 46
BAP Appeal No. 23-4     Docket No. 31-2     Filed: 08/24/2023     Page: 45 of 245

**General Docket**
**U.S. Bankruptcy Appellate Panel of the Tenth Circuit**

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #: 23-4** | **Docketed: 01/30/2023** |

Kate Drakewyck
**Appeal From:** United States Bankruptcy Court for the District of Colorado
**Fee Status:** Fee Paid

**Case Type Information:**
  **1)** Bankruptcy Appeal
  **2)** Chapter 7 Non-Business-Adv
  **3)** Interlocutory

**Originating Court Information:**
  **District:** 1082-1 : 22-10977                         **Adversary Proceeding:** 22-01250
  **Trial Judge:** Elizabeth E. Brown, U.S. Bankruptcy Judge
  **Date Filed:** 10/17/2022

| **Date Order/Judgment:** | **Date NOA Filed:** | **Date Rec'd BAP:** |
|---|---|---|
| 01/18/2023 | 01/28/2023 | 01/30/2023 |

**Prior Cases:**
  22-16   **Date Filed:** 09/22/2022   **Date Disposed:** 10/11/2022   **Disposition:** Panel Order – Dismissed

**Current Cases:**
  None

**Panel Assignment:**    Not available

| | |
|---|---|
| **KATE BUFFY DRAKEWYCK**<br>      Plaintiff - Appellant | Kate Buffy Drakewyck<br>Direct: 720-232-7287<br>Email: bdrakewyck@yahoo.com<br>[NTC Pro Se]<br>Po Box 140114<br>Lakewood, CO 80214 |

**45**

| | | |
|---|---|---|
| 01/30/2023 | 1<br>29 pg, 1.41 MB | APPEAL: Bankruptcy appeal filed. BAP case number: CO-23-04. Appeal filed in the Bankruptcy Court on 01/28/2023. Notification of appeal transmitted from the Bankruptcy Court by NEF. Record received from the Bankruptcy Court docket 01/30/2023. [91980] [Entered: 01/30/2023 11:37 AM] |
| 01/30/2023 | 3<br>4 pg, 171.71 KB | NOTICE: Notice that appeal has been docketed with appeal caption. Interlocutory appeal filed. All parties served 01/30/2023. Entry Date: 01/30/2023. [91982] [Entered: 01/30/2023 02:42 PM] |
| 01/30/2023 | 4<br>2 pg, 155.74 KB | ORDER: Order to Show Cause Why Appeal Should Not Be Dismissed as Interlocutory sent to Appellant Kate Buffy Drakewyck. All parties served on 01/30/2023. [91983] Response due 02/13/2023 by Appellant Kate Buffy Drakewyck. [Entered: 01/30/2023 02:47 PM] |
| 01/30/2023 | 5<br>9 pg, 538.32 KB | DOCUMENT: One Document (Combined Statement of Admission or Pro Se Status, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to 10th Cir. BAP L.R. 8003-2(d) filed by Appellant Kate Buffy Drakewyck. Oral argument is not requested. Attached Certificate of Service lists parties as served on 01/30/2023. [91984] [Entered: 01/30/2023 02:53 PM] |
| 02/06/2023 | 7<br>8 pg, 393.04 KB | DOCUMENT: One Document (Combined Statement of Admission or Pro Se Status, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to 10th Cir. BAP L.R. 8003-2(d) filed by Appellant Kate Buffy Drakewyck. Oral argument is not requested. [92019] [Entered: 02/06/2023 08:13 AM] |
| 02/06/2023 | 8<br>6 pg, 414.65 KB | MOTION: Motion for Leave to Appeal pursuant to Fed. R. Bankr. P. 8004(a) filed by Appellant Kate Buffy Drakewyck. [92020] [Entered: 02/06/2023 08:14 AM] |
| 02/08/2023 | 11<br>3 pg, 152.56 KB | ORDER: Order Allowing Appeal to Proceed filed by Judges SOMERS, PARKER and THURMAN. All parties served. Service Date: 02/08/2023. Entry Date: 02/08/2023. [92025] [Entered: 02/08/2023 03:21 PM] |
| 02/08/2023 | 12 | DUE DATE: Appellant's brief and appendix due 03/10/2023 for Appellant Kate Buffy Drakewyck. [92026] [Entered: 02/08/2023 03:23 PM] |
| 03/02/2023 | 14<br>2 pg, 131.41 KB | MOTION: Motion to Extend Time to File Appellant Opening Brief and Appendix until 03/24/2023 filed by Appellant Kate Buffy Drakewyck. Attached Certificate of Service lists parties as served on 03/02/2023. [92107] [Entered: 03/03/2023 09:15 AM] |
| 03/03/2023 | 16<br>2 pg, 190.51 KB | ORDER: Order filed GRANTING Motion for More Time to Complete Brief and Appendix. [14] Appellant's brief and appendix due 03/24/2023 for Appellant Kate Buffy Drakewyck. All parties served. Entry Date: 03/03/2023. [92109] [Entered: 03/03/2023 10:19 AM] |

Appellate Case: 23-1236    Document: 010110908642    Date Filed: 08/25/2023    Page: 48
BAMP Appeal No 22344    Docket No 3182    Filed 03/20/2023    Page 147 of 245
https://ecf.ca10.uscourts.gov/bn/beam/servlet/TransportRoom

IN RE KATE BUFFY DRAKEWYCK,

     Debtor.

_____

KATE BUFFY DRAKEWYCK,

       Plaintiff - Appellant.

47

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE KATE BUFFY DRAKEWYCK,<br><br>Debtor. | BAP No. CO-23-004 |
| | Bankr. No. 22-10977<br>Adv. No. 22-01250<br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff - Appellant. | |
| | ORDER GRANTING MOTION<br>FOR EXTENSION OF TIME TO<br>FILE BRIEF AND APPENDIX |

The matter before the Court is the Motion For More Time to Complete Appellant's Brief and Appendix ("Motion"), filed by Kate Buffy Drakewyck ("Appellant"). Appellant's brief was due on March 10, 2023. The Appellant requests an extension until March 24, 2023. No previous motions for extension of time have been filed.

The Court notes the Motion filed is not in a text-searchable PDF.[1] Although the Court accepts the Motion in its current form, all future filings must be filed as text-searchable PDF documents, or the Court will issue a Notice of Deficiency. 10th Cir. BAP L.R 8011-2(b).

---

[1] The document filed appears to be photographs of a hard copy converted to PDF.

Pursuant to Tenth Circuit BAP Local Rule 8024-1(a)(1), it is HEREBY ORDERED that:

(1)     The Motion is GRANTED.

(2)     The Appellant's opening brief and appendix shall be filed and served on or before March 24, 2023.

(3)     Failure to file and serve an opening brief and appendix on or before March 24, 2023, will result in dismissal of this appeal. 10th Cir. BAP L.R. 8026-4(c).

(5)     All future filings shall be filed as text-searchable PDF documents.


For the Panel:

*Blaine F. Bates*

Blaine F. Bates
Clerk of Court

☐County Court ☐District Court ☑BAP
District of ___ County, Colorado 10ᵀᴴ
Court Address

Plaintiff(s)/Petitioner(s) Kate Drakenwich
v.
Defendant(s)/Respondent(s): US Department of
Education

▲   COURT USE ONLY   ▲

Attorney or Party Without Attorney (Name and Address)
PO Box 140114
Lakewood, CO 80214
Phone Number 720-252- E-mail
FAX Number 7287 Atty. Reg. #

Case Number
23-4

Division          Courtroom

## MOTION FOR MORE TIME TO COMPLETE BRIEF AND APPENDIX

**For the following reasons: (cite any applicable law):**

I've completed the Brief and entered much of the information on the Appendix, but have
been unable to access PACER. I was able to get to a screen with an email and phone
number to ask for support and have done so, but I will need that to be completed in order
to access the actual documents and dockets that are needed to complete the Appendix.

**I respectfully request the Court to:**

To provide me with a two week extension and, if any information is available to support
access, please provide that email address or resource.

Date: 3/2/23

Signature of ☑Petitioner/Plaintiff, or ☐Respondent/Defendant
Po Box 140114
Address
Lakewood, CO 80214
City, State and Zip Code
720-252-7287
Telephone Number (Home)          (Work)

## CERTIFICATE OF SERVICE

I certify that on 3/2/23 (date) a true and accurate copy of the Motion to for More Tim
was served on the other party by:
☐Hand Delivery, ☐E-filed, ☐Faxed to this number _____ , or

JDF 76  R5/17   MOTION TO                                                                          13

by placing it in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To: US Department of Ed
    400 Maryland Ave, sw
    Washington, DC 20202

☐ Petitioner/Plaintiff or ☒ Respondent/Defendant

District Attorney
555 4th St NW
Washington, DC 20530

Office of the Attorney General
400 6th St NW
Washington, DC 20001

51

14

## 23-4 Kate Drakewyck "Set Deadline Public" (22-10977, Lead: 22-01250)

From:  ca10_bap_cmecf_notify@ca10.uscourts.gov

To:      bdrakewyck@yahoo.com

Date:  Wednesday, February 8, 2023 at 03:23 PM MST


**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. Bankruptcy Appellate Panel of the Tenth Circuit

**Notice of Docket Activity**

The following transaction was entered on 02/08/2023 at 3:23:00 PM Mountain Standard Time and filed on 02/08/2023

**Case Name:**     Kate Drakewyck

**Case Number:**   23-4


**Docket Text:**
DUE DATE: Appellant's brief and appendix due 03/10/2023 for Appellant Kate Buffy Drakewyck. [92026]

**Notice will be electronically mailed to:**

Kate Buffy Drakewyck: bdrakewyck@yahoo.com

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

IN RE KATE BUFFY DRAKEWYCK,

Debtor.

BAP No. CO-23-004

KATE BUFFY DRAKEWYCK,

Plaintiff - Appellant.

Bankr. No. 22-10977
Adv. No. 22-01250
Chapter 7

ORDER ALLOWING APPEAL TO
PROCEED

Before **SOMERS**, **PARKER**, and **THURMAN**, Bankruptcy Judges.

On January 30, 2023, Appellant filed a notice of appeal, appealing the Bankruptcy Court's *Order Dismissing Case* (the "Order"), which dismissed the Appellant's adversary proceeding without prejudice. Subsequently, this Court issued its *Order to Show Cause Why Appeal Should Not Be Dismissed As Interlocutory* ("Show Cause Order"). Appellant responded, arguing the Order is final.

This Court has jurisdiction to hear appeals from final orders, final collateral orders, and, with leave of court, interlocutory orders.[1] An order is considered final if it

---

[1] 28 U.S.C. § 158; *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 768 (10th Cir. BAP 1997).

"ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[2]

We determine the Order is a final as to whether the Bankruptcy Court correctly dismissed the adversary proceeding for failure to properly effectuate service in accordance with the Federal Rules of Bankruptcy Procedure.[3] The Tenth Circuit has held that, while generally a dismissal without prejudice is not a final order, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final.[4] Here, the clear intent of the Bankruptcy Court was to

---

[2] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

[3] *See United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949) ("That the dismissal without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the district court was concerned."). *See also In re Davis*, 177 B.R. 907, 910 (9th Cir. BAP 1995) ("Although the bankruptcy court dismissed the complaint without prejudice, the order was a final one, because it terminated the instant action. The bankruptcy court contemplated that Debtor could bring the action before that court again only by filing a new adversary proceeding if the dismissal of the underlying chapter 13 case was set aside on appeal."); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *1 (6th Cir. BAP 2006) (unpublished) (determining order dismissing the adversary proceeding without prejudice is a final order without comment).

[4] *United States v. Wallace & Tiernan Co. Amazon Inc., v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001); *Moya v. Schollenbarger*, 465 F.3d 444 (10th Cir. 2006). *See also Petty v. Manpower, Inc.*, 591 F.2d 615 (10th Cir. 1979) (order dismissing without prejudice for lack of prosecution and holding lower court's clear intent to dismiss entire action was demonstrated by its cite to Fed. R. Civ. P 41(b) involving dismissal of an action and statement that lack of prosecution was the reason for dismissal); *Arrow v. Dow*, 636 F.2d 287, 289 (10th Cir. 1980) (order dismissing complaint without prejudice is final; "The district court showed by its actions that it intended to make a final disposition of the case. This is enough."); *Lasky v. Lansford*, 76 F. App'x 240 (10th Cir. 2003) (unpublished) (order dismissing action without prejudice for failure to properly serve reviewed as final without comment); *Shepard v. United States Dep't of Veterans Affairs*, 819 F. App'x 622 (10th Cir. 2020) (unpublished) (same).

2

11

dismiss the entire action. In the Order, the Bankruptcy Court cites Federal Rule of Civil

Procedure 4(m). In addition, the Bankruptcy Court recites Appellant's failure to

effectuate proper service as the reason for dismissal. It would thus appear that what the

Bankruptcy Court intended was a dismissal, albeit without prejudice, of Appellant's

adversary proceeding for failure to effectuate service.

Accordingly, it is HEREBY ORDERED that:

(1)    The appeal shall proceed.

(2)    Appellant's Opening Brief and Appendix shall be due on or before

thirty days from the date of this Order.

(3)    The Show Cause Order is VACATED.

For the Panel:

Blaine F. Bates
Clerk of Court

3

55

BAP Appeal No. 23-4   Docket No. 8   Filed: 02/06/2023   Page: 1 of 6

| ☐County Court ☐District Court ☒ BAP<br>~~District of~~ County, Colorado<br>Court Address: | |
|---|---|
| Plaintiff(s)/Petitioner(s) Kate Drakewyce<br>v.<br>Defendant(s)/Respondent(s) US Department of<br>Education | ⚠ **COURT USE ONLY** ⚠ |
| Attorney or Party Without Attorney (Name and Address):<br>PO Box 140114<br>Lakewood, CO 80214<br>Phone Number: 720-252- E-mail:<br>FAX Number: 7287 Atty. Reg. # | **Case Number**<br>23-4 |
| | Division     Courtroom |
| **MOTION TO LEAVE FOR APPEAL** | |

**For the following reasons: (cite any applicable law):**

Question: A review of the documents in this appeal suggests that the order appealed may
not be a final order because the order appealed was dismissed without prejudice. See
Catlin v. United States, 324 U.S. 229, 233 (1945) (An order is final if it "ends the litigation
on the merits and leaves nothing for the court to do but execute the judgment."

Relief: I ask that, having served the main party, Department of Education, and those that
needed to be notified, District Attorney of Washington DC and Office of the Attorney
General Washington DC, that the case be allowed to continue in order to move to have my
student loan balance dismissed. Because it's a false dismissal and the court has
continued to do this, I ask that all appeal fees, including the one paid in 11/2022, be
refunded at the end of this.

Reasons: This case was filed under an Order by the courts, the Order said that it was
dismissed without prejudice. Per the request for Cause, it states that "an order is final if it
"ends the litigation on the merits and leaves nothing for the court to do but execute the
judgment."" While without prejudice allows me to file once again, that would be a new
case being filed under bankruptcy court, not continued action under the case that was
initially filed. While I could have done that, I should not have to create a new case and
reserve those that have already been served, when I completed those actions per law and,
later, per the order issued by that court. As that, this case has in fact reached the point
where there is nothing to do, but execute judgment, even if the order is based on false

56

19

BAP Appeal No. 23-4    Docket No. 3182    Filed: 03/20/2023    Page: 57 of 1205

reasoning. It was also stated that since I served the Department of Education and later served the District Attorney and Office of the General Attorney, but did not re serve the Department of Education that they're part had gone "stale". That's incorrect, they were served and had the full allotment of time to respond to that service, but they chose not to. The other parties being sent notice in no way impacted that time frame in which they failed to respond and I followed the Order from the court exactly.

I respectfully request the Court to:

Continue on with the appeal.

Date: 2/5/23

Signature of ☐Petitioner/Plaintiff or ☐Respondent/Defendant
P O Box 14014
Address
Lakewood, CO 80214
City, State and Zip Code
720-232-7287
Telephone Number (Home)        (Work)

## CERTIFICATE OF SERVICE

I certify that on  2/5/23  (date) a true and accurate copy of the Motion to Leave for Appeal was served on the other party by:
☐Hand Delivery, ☑E-filed, ☐Faxed to this number _____  or
☑by placing it in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To:  US Department of Education
400 Marylan Ave, SW
Washington, DC 20202

☐Petitioner/Plaintiff or ☐Respondent/Defendant

JDF 76  R5/17   MOTION TO

20.

BAP Appeal No. 23-44    Docket No. 3182    Filed: 03/04/2023    Page: 258 of 1245



**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: | Bankruptcy Case No. 22-10977 EEB |
| KATE BUFFY DRAKEWYCK, | Chapter 7 |
| Debtor. | |
| KATE BUFFY DRAKEWYCK, | Adversary Proceeding No. 22-01250 EEB |
| Plaintiff, | |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendant. | |

---

## ORDER DISMISSING CASE

THIS MATTER comes before the Court *sua sponte*. This Court issued an Order to File requiring Plaintiff Kate Buffy Drakewyck ("Plaintiff") to file a motion for alias summons and serve such alias summons properly on the Defendant United States Department of Education ("Defendant") by December 28, 2022, failing which the above-captioned adversary proceeding may be dismissed. To date, Plaintiff has not requested, nor received, an alias summons to effectuate proper service. Accordingly, for Plaintiff's failure to comply with the Court's prior Order to File, dismissal is warranted.

Furthermore, as of the date of this Order, more than 90 days have elapsed since the commencement of the above-captioned adversary proceeding. There still is no proof of proper service upon the Defendant, and, therefore, dismissal is warranted pursuant to Fed. R. Civ. P. 4(m), as made applicable to these proceedings by Fed. R. Bankr. R. 7004. For these reasons, it is

ORDERED that this adversary case is hereby dismissed without prejudice.

FURTHER ORDERED that the Clerk of the Court shall give notice of this dismissal to the Plaintiffs, Debtors, and Chapter 7 Trustee in the underlying case and shall **CLOSE THIS ADVERSARY CASE.**

DATED: this 18th day of January, 2023.

BY THE COURT:

_Elizabeth E. Brown_

Elizabeth E. Brown, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: | Bankruptcy Case No. 22-10977 EEB |
| KATE BUFFY DRAKEWYCK, | Chapter 7 |
| Debtor. | |
| KATE BUFFY DRAKEWYCK, | Adversary Proceeding No. 22-01250 EEB |
| Plaintiff, | |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendant. | |

## ORDER DENYING PLAINTIFF'S SECOND MOTION TO RULE IN FAVOR OF THE DEBTOR

THIS MATTER comes before the Court on the Second Motion to Rule in Favor of the Debtor: Dismissal of Student Loan Balance ("Motion"), filed by Plaintiff Kate Buffy Drakewyck ("Plaintiff") on January 16, 2023, which the Court will construe as a Motion for Default Judgment.

Before the Court can enter a Clerk's Entry of Default, Plaintiff must provide proof of proper service of the summons and complaint demonstrating that service has been made in full compliance with Fed. R. Bankr. P. 7004 or Fed. R. Civ. P. 4. Here, Plaintiff failed to properly serve Defendant United States Department of Education ("Defendant"), in the manner contemplated by Fed. R. Bankr. P. 7004(b)(4), (5). Accordingly, the Court denied Plaintiff's first motion for default judgment. Plaintiff then filed two certificates of service reflecting her mailing of the complaint and the original summons to two other entities in an apparent attempt to satisfy Fed. R. Bankr. P. 7004(b)(4), (5). However, the original summons was not served within seven days after its issuance, such that it became "stale" and incapable of effectuating service. Fed. R. Bankr. P. 7004(e); *Menges v. Menges (In re Menges)*, 337 B.R. 191, 193-94 (Bankr. N.D. Ill. 2006) ("Service of a stale summons is no service at all."). As such, the Court entered its Order to File directing Plaintiff to request a new summons and properly serve it along with a copy of the complaint upon the Defendant. Plaintiff failed to do so, and she instead filed the immediate Motion. However, at this time, there still is no proof of proper service of process upon the Defendant, and, to the contrary, the docket reveals that Plaintiff has failed to properly serve Defendant with process as required by the Federal Rules of Bankruptcy Procedure. Under these circumstances, a Clerk's Entry of Default cannot enter. Accordingly, it is hereby,

ORDERED Plaintiff's Motion is DENIED.

Dated: this 18th day of January, 2023.

BAP Appeal No. 23-4    Docket No. 8    Filed: 02/06/2023    Page: 6 of 6

BAP Appeal No. 23-4    Docket No. 8    Filed: 02/06/2023    Page: 6 of 6

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown, Bankruptcy Judge

2

51903010421013

61

24

BAP Appeal No. 23-4    Docket No. 7    Filed: 02/06/2023    Page: 1 of 8

BAP Appeal No. 23-4    Docket No. 7    Filed: 02/06/2023    Page: 1 of 8

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

IN RE

Debtor. Kate Drakeurgere

BAP No.

22-10977-EEB

Appellant,
Kate Drakeurgere

v.

Appellee. Department of Education

Bankr. No.
Adv. No.
Chapter

22-01250-EEB

## ONE DOCUMENT
(Combined Statement of Admission to Practice, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to Tenth Circuit BAP Local Rule 8003-2(d))

### Statement of Admission to Practice

Pursuant to Tenth Circuit BAP Local Rule 8003-2(a), the undersigned attorney,

counsel for _____Debtor_____ , _____Kate Drakeurgere_____, in the subject case
      [Party Name]        [Appellant or Appellee]

states that he or she is admitted to practice before this Court in compliance with Tenth

Circuit BAP Local Rule 8026-2(a).

25

## Statement of Interested Parties[*]

_Kate Drakewye_ pursuant to Tenth Circuit BAP Local Rule 8003-
[Appellant or Appellee]

2(b), hereby submits the following:

1. Names of interested parties who are not listed in the notice of appeal (L.R. 8003-2(b)(1)):

   ☑ _District Attorney - Washington DC + office of the Attorney General - Washington DC_
   ☐ There are no such parties.

2. Names of any parent corporation and any publicly held corporation that owns 10% or more of its stock (L.R. 8003-2(b)(2)):[**]

   ☐ _____

   ☑ There are no such parent or publicly held corporations.

3. Names of any attorneys who have previously appeared but who have not entered an appearance in this Court (L.R. 8003-2(b)(3)):

   ☐ _____

   ☑ There are no such prior attorneys.

4. _Only complete this portion if (1) you are/represent the debtor or trustee, or (2) if neither the debtor nor the trustee are parties to the appeal, you are the Appellant._

   a. List each debtor not named in the caption (Fed. R. Bankr. P. 8012(b)):

   ☐ _____

   ☑ There are no debtors not named in the caption.

---

[*] This form is used for conflicts checking purposes.

[**] See 11 U.S.C. § 101(9) for the definition of "corporation."

### Statement Regarding Oral Argument

_____Kate Drakewyck_____ pursuant to Tenth Circuit BAP Local Rule 8003-

[Appellant or Appellee]

2(c), hereby submits the following statement regarding oral argument:

☐ Oral Argument is REQUESTED.

☒ Oral argument is NOT REQUESTED.

_____
Signature
Name Kate Drakewyck
Address PO Box 140114
Phone No. Lakewood, CO 80214
ECF E-mail Address bdrakewyck @
yahoo.com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE | BAP No. |
| Debtor. Kate Drakewych | 22-10977-EEB |
| | Bankr. No. Adv. No. Chapter |
| Appellant, v. Kate Drakewych | 22-01250-EEB |
| Appellee. Department of Education | |

**Statement of Admission to Practice**

Pursuant to Tenth Circuit BAP Local Rule 8003-2(a), the undersigned attorney,

counsel for ___Debtor___ , ___Kate Drakewych___ in the subject case
      *[Party Name]*         *[Appellant or Appellee]*

states that he or she is admitted to practice before this Court in compliance with Tenth

Circuit BAP Local Rule 8026-2(a).

*Signature*
Name Kate Drakewych
Address PO Box 140114, Lakewood
Phone No. -720-232-7287
ECF E-mail Address bdrakewyck@
                   yahoo.com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

65

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE TENTH CIRCUIT

| IN RE | BAP No. |
|---|---|
| Debtor, *Kate Drakewych* | 22-10977-EEB |
| | Bankr. No. Adv. No. Chapter |
| Appellant, v. *Kate Drakewych* | 22-01250-EEB |
| Appellee. *Department of Education* | |

### Statement of Interested Parties[*]

*Kate Drakewych* Pursuant to Tenth Circuit BAP Local Rule 8003-
    [*Appellant or Appellee*]

2(b), hereby submits the following:

1.  Names of interested parties who are not listed in the notice of appeal (L.R. 8003-
    2(b)(1)):

    ☒ *District Attorney - Washington DC +*
    ☐ There are no such parties. *Office of the Attorney General - Washington DC*

---

[*] This form is used for conflicts checking purposes.

-1-

29

2.  Names of any parent corporation and any publicly held corporation that owns
    10% or more of its stock (L.R. 8003-2(b)(2)):**

    ☐ _____

    ☑ There are no such parent or publicly held corporations.

3.  Names of any attorneys who have previously appeared but who have not entered
    an appearance in this Court (L.R. 8003-2(b)(3)):

    ☐ _____

    ☑ There are no such prior attorneys.

4.  *Only complete this portion if (1) you are/represent the debtor or trustee, or (2) if
    neither the debtor nor the trustee are parties to the appeal, you are the
    Appellant.*

    a.  List each debtor not named in the caption (Fed. R. Bankr. P. 8012(b)):

        ☐ _____

        ☑ There are no debtors not named in the caption.

    b.  For each debtor listed in paragraph 4(a) that is a corporation, list the names
        of any parent corporation and any publicly held corporation that owns 10% or
        more of its stock (8003-2(b)(2)):

        ☐ _____

        ☑ There are no such parent or publicly held corporations.

        Signature *Kate Qul*
        Name Kate Drakewych
        Address PO Box 140114 , Lakewood
        Phone No. 720-232-7287
        ECF E-mail Address bdrakewyck @yahoo.com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

_____
**  See 11 U.S.C. § 101(9) for the definition of "corporation."

-2-

BAP Appeal No. 23-4   Docket No. 7   Filed: 02/06/2023   Page: 7 of 8

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE | BAP No. |
| Debtor. Kate Drakewych | 22-10977-EEB |
| Appellant, Kate Drakewych | Bankr. No. Adv. No. Chapter |
| v. | 22-6215-EEB |
| Appellee. Department of Education | |

**Statement Regarding Oral Argument**

I, Kate Drakewych, pursuant to Tenth Circuit BAP Local Rule 8003-2(c), hereby submits the following statement regarding oral argument:

[Appellant or Appellee]

☐ Oral Argument is REQUESTED.

☑ Oral argument is NOT REQUESTED.

Signature

Name Kate Drakewych
Address PO Box 140114, Lakewood
Phone No. 720-232-7287
ECF E-mail Address bdrakewych@
yahoo.com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

BAP Appeal No. 23-4    Docket No. 7    Filed: 02/06/2023    Page: 8 of 8

APPEAL PROOF OF SERVICE

Items served via US mail:

US Department of Education

400 Maryland Ave, SW

Washington DC 20202

Items served electronically:

District of Colorado Bankruptcy

32

Appellate Case: 23-1236   Document: 010110908642   Date Filed: 08/25/2023   Page: 71
Case:22-01250-EEB   Doc#:17-1   Filed:01/28/23   Entered:01/30/23 08:35:27   Page:1 of 9

BAP Appeal No. 23-4    Docket No. 5    Filed: 01/30/2023    Page: 1 of 9

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

IN RE

Debtor. Kate Drakewyer

BAP No.

22-10977-EEB

|  |  |
|---|---|

Appellant,

v.  Kate Drakewyer

Appellee. Department of Education

Bankr. No.
Adv. No.
Chapter
22-01250-EEB

## ONE DOCUMENT
(Combined Statement of Admission to Practice, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to Tenth Circuit BAP Local Rule 8003-2(d))

## Statement of Admission to Practice

Pursuant to Tenth Circuit BAP Local Rule 8003-2(a), the undersigned attorney,

counsel for ____Debtor____ , ____Kate Drakewyer____ , in the subject case
     [Party Name]     [Appellant or Appellee]

states that he or she is admitted to practice before this Court in compliance with Tenth

Circuit BAP Local Rule 8026-2(a).

70

Appellate Case: 23-1236   Document: 010110908642   Date Filed: 08/25/2023   Page: 72
Case:22-01250-EEB   Doc#:17-1   Filed:01/28/23   Entered:01/30/23 08:55:25   Page:2 of 9

BAP Appeal No. 23-4     Docket No. 5     Filed: 01/30/2023     Page: 2 of 9

## Statement of Interested Parties[*]

_Kate Drakewych_ pursuant to Tenth Circuit BAP Local Rule 8003-
[Appellant or Appellee]

2(b), hereby submits the following:

1. Names of interested parties who are not listed in the notice of appeal (L.R. 8003-
   2(b)(1)):

   ☒ District Attorney - Washington DC + office of the Attorney General - Washington DC
   ☐ There are no such parties.

2. Names of any parent corporation and any publicly held corporation that owns
   10% or more of its stock (L.R. 8003-2(b)(2)):[**]

   ☐ _____

   ☒ There are no such parent or publicly held corporations.

3. Names of any attorneys who have previously appeared but who have not entered
   an appearance in this Court (L.R. 8003-2(b)(3)):

   ☐ _____

   ☒ There are no such prior attorneys.

4. _Only complete this portion if (1) you are/represent the debtor or trustee, or (2) if
   neither the debtor nor the trustee are parties to the appeal, you are the
   Appellant._

   a. List each debtor not named in the caption (Fed. R. Bankr. P. 8012(b)):

      ☐ _____

      ☒ There are no debtors not named in the caption.

---

[*]   This form is used for conflicts checking purposes.

[**]   See 11 U.S.C. § 101(9) for the definition of "corporation."

## Statement Regarding Oral Argument

_Kate Drakewyck_ pursuant to Tenth Circuit BAP Local Rule 8003-

[*Appellant or Appellee*]

2(c), hereby submits the following statement regarding oral argument:

☐ Oral Argument is REQUESTED.

☒ Oral argument is NOT REQUESTED.

Signature _Kat R_

Name Kate Drakewyck

Address PO Box 140114

Phone No Lakewood, CO 80214

ECF E-mail Address bdrakewyck@
yahoo.com

**Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).**

35

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE | BAP No. |
| Debtor, | 22-10977-EEB |
| Kate Drakenych | |
| | Bankr. No. |
| | Adv. No. |
| | Chapter |
| Appellant, | |
| v.   Kate Drakenych | 22-01250-EEB |
| | |
| Appellee. Department of Education | |

### Statement of Admission to Practice

Pursuant to Tenth Circuit BAP Local Rule 8003-2(a), the undersigned attorney,

counsel for ___Debtor___, ___Kate Drakenych___in the subject case
　　　　　　　[Party Name]　　　　　　　[Appellant or Appellee]

states that he or she is admitted to practice before this Court in compliance with Tenth

Circuit BAP Local Rule 8026-2(a).

*Signature*

Name Kate Drakenych
Address PO Box 140114, Lakewood
Phone No. 720-232-7287
ECF E-mail Address bdrakenych@ yahoo.com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

34

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

IN RE

Debtor, Kate Drakewyck

BAP No.

22-10977-EEB

Appellant,

v.   Kate Drakewyck

Bankr. No.
Adv. No.
Chapter

22-01250-EEB

Appellee. Department
of Education

### Statement of Interested Parties*

Kate Drakewyck pursuant to Tenth Circuit BAP Local Rule 8003-
[*Appellant or Appellee*]

2(b), hereby submits the following:

1.    Names of interested parties who are not listed in the notice of appeal (L.R. 8003-
2(b)(1)):

☒ District Attorney -Washington DC +
☐ There are no such parties.    office of the Attorney General -Washington
DC

---

*    This form is used for conflicts checking purposes.

-1-

37

2.   Names of any parent corporation and any publicly held corporation that owns
     10% or more of its stock (L.R. 8003-2(b)(2)):[**]

     ☐ _____

     ☑ There are no such parent or publicly held corporations.

3.   Names of any attorneys who have previously appeared but who have not entered
     an appearance in this Court (L.R. 8003-2(b)(3)):

     ☐ _____

     ☑ There are no such prior attorneys.

4.   *Only complete this portion if (1) you are/represent the debtor or trustee, or (2) if
     neither the debtor nor the trustee are parties to the appeal, you are the
     Appellant.*

     a.  List each debtor not named in the caption (Fed. R. Bankr. P. 8012(b)):

         ☐ _____

         ☑ There are no debtors not named in the caption.

     b.  For each debtor listed in paragraph 4(a) that is a corporation, list the names
         of any parent corporation and any publicly held corporation that owns 10% or
         more of its stock (8003-2(b)(2)):

         ☐ _____

         ☑ There are no such parent or publicly held corporations.

     Kate Dul

     Signature
     Name Kate Drakewych
     Address Po Box 140114, Lakewood
     Phone No. 720-232-7287
     ECF E-mail Address bdrakewyck @yahoo.
     com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

_____

[**]   See 11 U.S.C. § 101(9) for the definition of "corporation."

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE | BAP No. |
| Debtor. Kate Drakewych | 22-10977-EEB |
| | Bankr. No. Adv. No. Chapter |
| Appellant, Kate Drakewych | 22-6215-EEB |
| v. | |
| Appellee. Department of Education | |

**Statement Regarding Oral Argument**

I, Kate Drakewych, pursuant to Tenth Circuit BAP Local Rule 8003-

[Appellant or Appellee]

2(c), hereby submits the following statement regarding oral argument:

☐ Oral Argument is REQUESTED.

☑ Oral argument is NOT REQUESTED.

Signature
Name Kate Drakewych
Address PO Box 140114, Lakewood
Phone No. 720-232-7287
ECF E-mail Address bdrakewych@
yahoo.com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

39

Appellate Case: 23-1236    Document: 010110908642    Date Filed: 08/25/2023    Page: 78
Case:22-01250-EEB Doc#: Trustee Filed:01/23/23 Entered:01/20/23 08:59:42 Page: 8 of 9

BAP Appeal No. 23-4      Docket No. 5      Filed: 01/30/2023      Page: 8 of 9

APPEAL PROOF OF SERVICE

Items served via US mail:

US Department of Education

400 Maryland Ave, SW

Washington DC 20202


Items served electronically:

District of Colorado Bankruptcy

40

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 1/28/2023 12:43:35 PM


User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

IN RE KATE BUFFY DRAKEWYCK,

Debtor.

KATE BUFFY DRAKEWYCK,

Plaintiff - Appellant.

BAP No. CO-23-004

Bankr. No. 22-10977
Adv. No. 22-01250
Chapter 7

ORDER TO SHOW CAUSE WHY
APPEAL SHOULD NOT BE
CONSIDERED FOR DISMISSAL
AS INTERLOCUTORY

A review of the documents in this appeal suggests that the order appealed may not be a final order because the order appealed was dismissed without prejudice. See *Catlin v. United States*, 324 U.S. 229, 233 (1945) (An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Interlocutory orders may be appealed only with leave of the Court. 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8004(a); *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 768 (10th Cir. BAP 1997).

Accordingly, it is HEREBY ORDERED that:

42

(1)   Within fourteen (14) days from the date of this Order, the Appellant shall
      file with the Court a memorandum of law setting forth the Appellant's
      position regarding whether the order appealed is final, or whether leave to
      appeal an interlocutory order should be granted.  If the Appellant seeks
      leave to appeal the order, the motion for leave to appeal should comply
      with Federal Rule of Bankruptcy Procedure 8004(b).

(2)   Failure to respond to this Order will result in the dismissal of this appeal
      for failure to prosecute.  Fed. R. Bankr. P. 8003(a)(2); 10th Cir. BAP L.R.
      8026-4(b), (c).

For the Panel:

*Blaine F. Bates*

Blaine F. Bates
Clerk of Court

43

## UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE TENTH CIRCUIT

OFFICE OF THE CLERK

Blaine F. Bates
Clerk of Court

Byron White U.S. Courthouse
1823 Stout St., Denver, CO 80257
(303) 335-2900

January 30, 2023

TO:             All Parties
RE:            Kate Drakewyck
BAP No.:     CO-23-004
Bk. No.:      22-10977
Adv. No.:    22-01250

**Notice**: This appeal was entered on the Bankruptcy Appellate Panel ("BAP") docket on January 30, 2023 and assigned the above BAP number. Provided no timely election is filed, this appeal will proceed before the BAP. **Because this appeal may be interlocutory for the reasons set out in the order to show cause, briefing is suspended to allow the parties to address jurisdiction.** In the event that leave to appeal is granted, further scheduling information will be provided.

### Scheduling Information:

**Within 14 days after entry of an order granting leave to proceed**, the appellant must file with the clerk of the bankruptcy court a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Fed. R. Bankr. P. 8009(a)(1)(B)(ii). Within 14 days after being served, the appellee may file with the clerk of the bankruptcy court a designation of additional items to be included in the record. Fed. R. Bankr. P. 8009(a)(2). An appellant's failure to file a designation and statement may result in dismissal of the case. Fed. R. Bankr. P. 8006; 10th Cir. BAP L.R. 8018-4(c).

Attorneys filing documents with this Court must file all documents electronically using the Court's ECF system. 10th Cir. BAP L.R. 8001-1(a). Filings, excluding exhibits, appendices, addenda, and attachments, filed by ECF must be in text-searchable Portable Document Format ("PDF") format. 10th Cir. BAP L.R. 8011-2(b). All documents presented for filing must contain proof of service. Fed. R. Bankr. P. 8011(d)(1)(B).

Appeals before the BAP are governed by Part VIII of the Federal Rules of Bankruptcy Procedure and the BAP's local rules. These rules, as well as forms and samples of documents filed in a typical BAP appeal are available on the BAP's website, www.bap10.uscourts.gov, or upon request from the BAP Clerk's Office. Please contact the BAP Clerk's Office with any questions.

BAP Appeal No. 23-4    Docket No. 3-2    Filed: 01/30/2023    Page: 1 of 1

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

---

IN RE KATE BUFFY DRAKEWYCK,

    Debtor.

BAP No. CO-23-004

---

KATE BUFFY DRAKEWYCK,

    Plaintiff - Appellant.

Bankr. No. 22-10977
Adv. No. 22-01250
Chapter 7

## CHECKLIST FOR BAP BRIEF

### *Fed. R. Bankr. P. 8014, 8015, 8016; 10th Cir. BAP L.R. 8014–1, 8015–1.*

A brief must be printed on 8½–by–11 in paper, using only one side of a page, with 1 inch margins and text no smaller than 12–point font, and contain the following information:

- Cover page with the following information:
  - ♦ Case caption provided by this Court
  - ♦ Title "Brief"
  - ♦ Filing party's name
  - ♦ Counsel or pro se party's name, address, phone number, and e–mail address
- Table of contents with page references (references to documents in an appendix must be to specific pages of the appendix (e.g., Appellant App. at 27))
- Alphabetical table of authorities with page references
- Jurisdictional statement
- Statement of the issues presented and applicable standard of review
- Statement of the case setting out the facts
- Summary of argument
- Argument
- Conclusion
- Statement of related cases, if any (must be on the last page of the brief)
- Any addenda (e.g., text of relevant statutes)

A principal brief must not exceed 30 pages unless it contains no more than 13,000 words or uses a monospaced face and contains no more than 1,300 lines of text, and includes a certificate of compliance that conforms substantially to the official form. A reply brief must not exceed 15 pages unless it contains no more than 6,500 words or uses a monospaced face and contains no more than 650 lines of text, and includes a certificate of compliance that conforms substantially to the official form. See Federal Rule of Bankruptcy Procedure 8016 for cross appeal brief requirements.

Attorneys must file all documents electronically. 10th Cir. BAP L.R. 8001–1(a). If a document is filed electronically, no paper copy is required. Fed. R. Bankr. P. 8011(a)(2)(D). Electronic filings are limited to 50 megabytes per uploaded file. However, more than one file may be uploaded to a particular docket entry. 10th Cir. BAP L.R. 8011–2(a). The description of each uploaded file should identify the page numbers within the document (e.g., Appellant's Appendix, pp. 51 – 100). Filings, excluding exhibits, appendices, addenda, and attachments, filed by ECF or e–mail must be in text–searchable Portable Document Format ("PDF") format. 10th Cir. BAP L.R. 8011–2(b).

46

*CHECKLIST FOR BAP APPENDIX*

*Fed. R. Bankr. P. 8015, 8018(b)(1), (c); 10th Cir. BAP L.R. 8018−1.*

An appendix must be separate from the brief, consecutively paginated, and contain the following items:

- Cover page with the following information:
  - ♦ Case caption provided by this Court
  - ♦ Title "Appendix"
  - ♦ Filing party's name
  - ♦ Counsel or pro se party's name, address, phone number, and e−mail address
- Table of Contents containing the following information for each document:
  - ♦ Full name of each document
  - ♦ Bankruptcy court docket number for each document
  - ♦ Page number of each document (each page in the appendix must have its own, consecutive page number)
- Relevant entries in the bankruptcy court docket (a copy of the bankruptcy court docket)
- Complaint and answer, or other equivalent pleadings (i.e., motions)
- Judgment or order from which the appeal is taken
- Other orders, pleadings, findings, conclusions, or opinions relevant to the appeal
- Notice of appeal
- Any relevant transcript or portion of it that is necessary for this Court's review
- Relevant exhibits that are part of the record on appeal and referred to in the brief

Attorneys must file all documents electronically. 10th Cir. BAP L.R. 8001−1(a). If a document is filed electronically, no paper copy is required. Fed. R. Bankr. P. 8011(a)(2)(D). Electronic filings are limited to 50 megabytes per uploaded file. However, more than one file may be uploaded to a particular docket entry. 10th Cir. BAP L.R. 8011−2(a). The description of each uploaded file should identify the page numbers within the document (e.g., Appellant's Appendix, pp. 51 − 100). Filings, excluding exhibits, appendices, addenda, and attachments, filed by ECF or e−mail must be in text−searchable Portable Document Format ("PDF") format. 10th Cir. BAP L.R. 8011−2(b).

47

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Kate Drauenyck

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding<br>22-01250- EEB | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ☑ Plaintiff | ☐ Debtor |
| ☐ Defendant | ☐ Creditor |
| ☐ Other (describe) _____ | ☐ Trustee |
| | ☐ Other (describe) _____ |

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _Order Dismissing Case (ie: Dismiss student loans)_

2. State the date on which the judgment, order, or decree was entered: _1/18/23_

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: US Department of Education     Attorney: none provided

2. Party: District of Colorado     Attorney: none provided
   f.ued online

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: _1/28/23_

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Kate Drakenyck
PO Box 140114
Lakewood, CO 80214
720-232-7287

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Appellate Case: 23-1236    Document: 010110908642    Date Filed: 08/25/2023    Page: 88
Case 22-01250-NGH-33 Doc#17 Docket 01/28/23 Entered 01/30/23 08:59:42 Page: 3 of 4

BAP Appeal No. 23-4      Docket No. 1-1      Filed: 01/30/2023      Page: 3 of 4

APPEAL PROOF OF SERVICE

Items served via US mail:

US Department of Education

400 Maryland Ave, SW

Washington DC 20202


Items served electronically:

District of Colorado Bankruptcy

50

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 1/28/2023 12:43:35 PM


User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: | Bankruptcy Case No. 22-10977 EEB |
| KATE BUFFY DRAKEWYCK, | Chapter 7 |
| Debtor. | |
| KATE BUFFY DRAKEWYCK, | Adversary Proceeding No. 22-01250 EEB |
| Plaintiff, | |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendant. | |

---

## ORDER DISMISSING CASE

THIS MATTER comes before the Court *sua sponte*. This Court issued an Order to File requiring Plaintiff Kate Buffy Drakewyck ("Plaintiff") to file a motion for alias summons and serve such alias summons properly on the Defendant United States Department of Education ("Defendant") by December 28, 2022, failing which the above-captioned adversary proceeding may be dismissed. To date, Plaintiff has not requested, nor received, an alias summons to effectuate proper service. Accordingly, for Plaintiff's failure to comply with the Court's prior Order to File, dismissal is warranted.

Furthermore, as of the date of this Order, more than 90 days have elapsed since the commencement of the above-captioned adversary proceeding. There still is no proof of proper service upon the Defendant, and, therefore, dismissal is warranted pursuant to Fed. R. Civ. P. 4(m), as made applicable to these proceedings by Fed. R. Bankr. R. 7004. For these reasons, it is

ORDERED that this adversary case is hereby dismissed without prejudice.

FURTHER ORDERED that the Clerk of the Court shall give notice of this dismissal to the Plaintiffs, Debtors, and Chapter 7 Trustee in the underlying case and shall **CLOSE THIS ADVERSARY CASE**.

DATED: this 18th day of January, 2023.

BY THE COURT:

_Elizabeth E. Brown_

Elizabeth E. Brown, Bankruptcy Judge

# U.S. Bankruptcy Court
## District of Colorado (Denver)
### Adversary Proceeding #: 22-01250-EEB

*Assigned to:* Elizabeth E. Brown                    *Date Filed:* 10/17/22
*Lead BK Case:* 22-10977                             *Date Dismissed:* 01/18/23
*Lead BK Title:* Kate Buffy Drakewyck
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:* 63 Dischargeability - 523(a)(8), student loan


*Plaintiff*
-----------------------
**Kate Drakewyck**                        represented by **Kate Drakewyck**
PO Box 140114                                           PRO SE
Lakewood, CO 80214
720-232-7287


V.


*Defendant*
-----------------------
**US Department Of Education**            represented by **US Department Of Education**
                                                        PRO SE


| Filing Date | # | Docket Text |
|---|---|---|
| 01/28/2023 | <u>18</u><br>(4 pgs) | Appellant Designation of Record and Statement of Issues On Appeal. Case Number Not Yet Available. Filed by Kate Drakewyck (related document(s)<u>17</u> Notice of Appeal and Statement of Election). (mlr) (Entered: 01/30/2023) |
| 01/28/2023 | <u>17</u><br>(13 pgs; 2 docs) | Notice of Appeal and Statement of Election. Appellant is Pro Se. Filing fee not paid. Filed by Kate Drakewyck (related document(s)<u>13</u> Order Dismissing Adversary Proceeding). (Attachments: # <u>1</u> Statement re Admission, Interested Parties, Oral Argument) (mlr) (Entered: 01/30/2023) |
| 01/23/2023 | <u>16</u><br>(3 pgs) | Letter From Kate Drakewyck Dated 1/22/2023 (related document(s)<u>12</u> Other Order, <u>13</u> Order Dismissing Adversary Proceeding). (re) (Entered: 01/23/2023) |
| 01/20/2023 | <u>15</u><br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)<u>13</u> Order Dismissing Adversary Proceeding). No. of Notices: 1. Notice Date 01/20/2023. (Admin.) (Entered: 01/20/2023) |

| 01/20/2023 | BAP Appeal No. 23-4 (3 pgs) | Docket No. 1-3    Filed: 01/30/2023    Page: 2 of 5 |
|---|---|---|

| Date | Doc # | Description |
|---|---|---|
| 01/20/2023 | | document(s)12 Other Order). No. of Notices: 1. Notice Date 01/20/2023. (Admin.) (Entered: 01/20/2023) |
| 01/18/2023 | | Disposition of Adversary Proceeding Number 22-01250-EEB. Final Order or Judgment Has Entered. Tickle Due Date 2/1/2023. (mmg) (Entered: 01/18/2023) |
| 01/18/2023 | 13 (2 pgs) | Order Dismissing Adversary Proceeding. (related document(s)1 Complaint). (mmg) (Entered: 01/18/2023) |
| 01/18/2023 | 12 (2 pgs) | Order Denying Plaintiff's Second Motion to Rule in Favor of the Debtor. (related document(s):11 Motion). (mmg) (Entered: 01/18/2023) |
| 01/16/2023 | 11 (3 pgs) | Motion to Rule in Favor of the Debtor: Dismissal of the Student Loan Balance Filed by Plaintiff Kate Drakewyck . (mmg) (Entered: 01/17/2023) |
| 12/16/2022 | 10 (2 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)9 Order to File). No. of Notices: 1. Notice Date 12/16/2022. (Admin.) (Entered: 12/16/2022) |
| 12/14/2022 | 9 (1 pg) | Order To File (related document(s)1 Complaint). IT IS ORDERED that on or before December 28, 2022, Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5) or Fed. R, failing which this adversary proceeding may be dismissed. (re) (Entered: 12/14/2022) |
| 12/12/2022 | 8 (2 pgs) | Certificate of Service On: Office of the Attorney General - Washington DC on 12/10/2022 filed by Kate Drakewyck . (re) **Modified on 12/12/2022 to reflect text (re).** (Entered: 12/12/2022) |
| 12/12/2022 | 7 (2 pgs) | Certificate of Service on District Attorney - Washington DC on 12/10/2022 filed by Kate Drakewyck . (re) **Modified on 12/12/2022 to reflect text (re).** (Entered: 12/12/2022) |
| 12/01/2022 | 6 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)5 Other Order). No. of Notices: 1. Notice Date 12/01/2022. (Admin.) (Entered: 12/01/2022) |
| 11/29/2022 | 5 (2 pgs) | Order Denying Motion To Rule In Favor Of The Debtor (related document(s):4 Motion). IT IS ORDERED that Plaintiffs Motion is DENIED. Nonetheless, the Court will provide Plaintiff another opportunity to properly effectuate service. Therefore, IT IS FURTHER ORDERED that on or before December 13, 2022, Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5), failing which this adversary proceeding may be dismissed. (re) (Entered: 11/29/2022) |
| 11/28/2022 | 4 (3 pgs) | Motion to Rule in Favor of the Debtor: Dismissal of the Student Loan Balance. Filed by Plaintiff Kate Drakewyck (related document(s):1 Complaint). (mmg) (Entered: 11/28/2022) |
| 10/29/2022 | 3 (3 pgs) | Summons Service Executed On: Roland Stallings on 10/24/2022 filed by Kate Drakewyck . (re) (Entered: 10/31/2022) |

| 10/17/2022 | BAP Appeal No. 23-4    Docket No. 13    Page 2 of 3 | Summons Issued on US Department Of Education Answer Due 11/23/2022. (tjv) (Entered: 10/17/2022) |
|---|---|---|
|  | (4 pgs) |  |
| 10/17/2022 | [1](#) (5 pgs) | Adversary case 22-01250. Complaint by Kate Drakewyck against US Department Of Education . The Plaintiff in this adversary proceeding is either the debtor in an underlying chapter 7 or 13 case, or the United States other than the U.S. Trustee acting as a trustee in the underlying bankruptcy case. Pursuant to paragraph (6) of the Bankruptcy Court Miscellaneous Fee Schedule, there is no fee to file an adversary proceeding when the plaintiff is the United States, other than a U.S. Trustee acting as a trustee in a case, or the debtor in a chapter 7 or 13 case. Accordingly, this adversary proceeding shall be commenced without payment of the filing fee . Adversary Status Deadline 2/14/2023 (63 (Dischargeability - 523(a)(8), student loan)) (tjv) (Entered: 10/17/2022) |

# U.S. Bankruptcy Court
## District of Colorado (Denver)
## Bankruptcy Petition #: 22-10977-EEB

Assigned to: Elizabeth E. Brown
Chapter 7
Voluntary
Asset

Date filed: 03/25/2022
Deadline for objecting to discharge: 06/21/2022
Deadline for financial mgmt. course: 08/05/2022

**Debtor**
**Kate Buffy Drakewyck**
PO Box 140114
Lakewood, CO 80214
JEFFERSON-CO
720-232-7287
SSN / ITIN: xxx-xx-2362
*aka* **Kate Drakewyck Bulmer**
*aka* **Buffy Alwyn Drakewyck**

represented by **Kate Buffy Drakewyck**
PRO SE
bdrakewyck@yahoo.com

**Trustee**
**David V. Wadsworth, Trustee**
2580 West Main Street, Suite 200
Littleton, CO 80120
303-296-1999
dwadsworth@wgwc-law.com

represented by **Jonathan Dickey**
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street
Suite 1720
Denver, CO 80264
303-832-3047
Email: jmd@kutnerlaw.com

**U.S. Trustee**
**US Trustee**
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294
303-312-7230
USTPRegion19.DV.ECF@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 01/24/2023 | 202 | Receipt of Amended Schedules Filing Fee - $32.00 by SA. Receipt Number 310614. (admin) (Entered: 01/24/2023) |
| 01/23/2023 | 201 (2 pgs) | Order Regarding Debtor's Motion For Clarification (related document(s)200 Motion). (jc) (Entered: 01/23/2023) |
| 01/22/2023 | 200 (7 pgs) | Motion For Clarification (Request for Amount Owed To the Courts) Filed by Kate Buffy Drakewyck (related document(s)198 Notice of Deficiency) . (jc) (Entered: 01/23/2023) |

57

| | | |
|---|---|---|
| 01/19/2023 | | Receipt of Relief from Stay filing fee - $364.00 by RP. Receipt Number 310560. (admin) (Entered: 01/19/2023) |
| 01/19/2023 | 198<br>(1 pg) | Notice of Deficiency For Failure to Pay Filing Fee: Missing document(s) due by 3/9/23. (related document(s)17 Schedule D And/Or Schedule E/F, 22 Order on Motion To Pay Filing Fees in Installments). Payment of Fees due by 3/9/2023. (sd) (Entered: 01/19/2023) |
| 01/18/2023 | | Disposition of Adversary Proceeding Number 22-01250-EEB. Final Order or Judgment Has Entered. Tickle Due Date 2/1/2023. (mmg) (Entered: 01/18/2023) |
| 01/17/2023 | 197 | Receipt of Chapter 7 Filing Fee - $338.00 by SA. Receipt Number 310537. (admin) (Entered: 01/17/2023) |
| 01/12/2023 | 196<br>(1 pg) | Order Regarding Case Filing Fee (related document(s)2 Voluntary Petition-Chapter 7). Filing Fee Due by 3/9/2023 for 2, (sd) (Entered: 01/12/2023) |
| 01/05/2023 | 195<br>(1 pg) | Order Granting Unopposed Motion To Vacate Evidentiary Hearing on Homestead Exemption Set for January 12, 2023 and To Hold All Related Deadlines in Abeyance Pending Approval of Settlement Agreement (related document(s):191 Motion to Vacate Hearing). (jc) (Entered: 01/05/2023) |
| 01/05/2023 | 194<br>(1 pg) | Order Granting Motion To Approve Compromise and Settlement Agreement (related document(s):189 Motion to Approve). (jc) (Entered: 01/05/2023) |
| 01/04/2023 | 193<br>(1 pg) | Certificate of Non-Contested Matter Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):189 Motion to Approve). (Dickey, Jonathan) (Entered: 01/04/2023) |
| 12/21/2022 | 192<br>(1 pg) | Order Holding Homestead Exemption Contested Matter Trial Deadlines in Abeyance (related document(s)182 Minutes of Proceedings/Minute Order). (jc) (Entered: 12/21/2022) |
| 12/13/2022 | 191<br>(4 pgs; 2 docs) | Unopposed Motion to Vacate Hearing Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s)182 Minutes of Proceedings/Minute Order). (Attachments: # 1 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 12/13/2022) |
| 12/13/2022 | 190<br>(4 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):189 Motion to Approve).. 9013 Objections due by 1/3/2023 for 189,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 12/13/2022) |
| 12/13/2022 | 189<br>(10 pgs; 3 docs) | Motion to Approve Compromise and Settlement Agreement Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 12/13/2022) |
| 12/06/2022 | 188<br>(2 pgs) | Order Granting Stipulation To Avoidance of Lien of Levi Min Yeong Buehler Trust Against Proceeds from Sale of Real Property Located at 6798 W. Portland Ave., Littleton, Colorado (related document(s):179 Stipulation). (jc) (Entered: 12/06/2022) |

| | | |
|---|---|---|
| 12/06/2022 | 187<br>(1 pg) | Minute Order. Non-Evidentiary Hearing on Stipulation Between David V. Wadsworth, Trustee and the Levi Min Yeong Buehler Trust Re: Avoidance of Lien of Levi Min Yeong Buehler Trust against Proceeds from Sale of Real Property Located at 6798 West Portland Avenue, Littleton, Colorado (the Stipulation), and Debtors Objection Thereto. Orders: For the reasons stated on the record, the Stipulation is hereby APPROVED. A separate order shall enter. (related document(s)179 Stipulation, 181 Objection). (jc) (Entered: 12/06/2022) |
| 11/23/2022 | 186<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)185 Order Setting Hearing). No. of Notices: 0. Notice Date 11/23/2022. (Admin.) (Entered: 11/23/2022) |
| 11/21/2022 | 185<br>(1 pg) | Order and Notice of Non-Evidentiary Hearing. (related document(s)179 Stipulation, 181 Objection). Hearing to be held on 12/6/2022 at 09:30 AM Courtroom F for 179 and for 181, . (mmg) (Entered: 11/21/2022) |
| 11/18/2022 | 184<br>(2 pgs) | Certificate of Contested Matter Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):179 Stipulation, 181 Objection). (Dickey, Jonathan) (Entered: 11/18/2022) |
| 11/03/2022 | 183 | Receipt of Appeal Filing Fee - $298.00 by 3J. Receipt Number 310291. (admin) (Entered: 11/03/2022) |
| 11/02/2022 | 182<br>(4 pgs) | Minute Order. Proceedings: (1) Non-Evidentiary Hearing on Debtor's Motion to Waive Appeal Filing Fee; (2) Oral Ruling on Debtor's and Trustees Cross-Motions for Summary Judgment on Homestead Exemption. Orders: For the reasons stated on the record, the Court DENIED the Debtor's Motion to Waive Appeal Filing Fee. For the reasons stated on the record, the Court GRANTED the Trustee's Motion for Partial Summary Judgment as to the amount of the applicable homestead exemption. For the reasons stated on the record, the Court DENIED the Debtor's Dispositive Motion (Motion for Summary Judgment). The Court will hold an in-person evidentiary hearing on the Trustees Objection to the Debtor's Claim of Homestead Exemption on Thursday, January 12, 2022, at 9:30 a.m., beforethe Honorable Elizabeth E. Brown, in Courtroom F, United States Bankruptcy Court, 721 19th Street, Denver, CO 80202. (related document(s)166 Motion). Hearing to be held on 1/12/2023 at 09:30 AM Courtroom F for 166, . List of Witnesses andExhibits due by 12/29/2022 for 166, Written Objections due by 1/5/2023 for 166, (jc) (Entered: 11/02/2022) |
| 10/30/2022 | 181<br>(3 pgs) | Debtor's Objection to: Stipulation To Avoidance of Lien of Levi Min Yeong Buehler Trust Against Proceeds from Sale of Real Property Located at 6798 W. Portland Ave., Littleton, Colorado Filed by Kate Buffy Drakewyck. (related document(s)179 Stipulation). (jc) (Entered: 10/31/2022) |
| 10/27/2022 | 180<br>(3 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):179 Stipulation).. 9013 Objections due by 11/17/2022 for 179,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 10/27/2022) |
| 10/27/2022 | 179<br>(5 pgs; 2 docs) | Stipulation Between David V. Wadsworth, Trustee and the Levi in Yeong Buehler Trust Re: to Avoidance of Lien of Levi Min Yeong Buehler Trust against Proceeds from Sale of Real Property located at 6798 West Portland Avenue, Littleton, Colorado Filed by Jonathan Dickey on behalf |

| 10/26/2022 | [178](#)<br>(1 pg) | Copy of MANDATE: BAP Mandate filed in 22-016 (related document(s)165 Notice of Appeal and Statement of Election). (rjr) (Entered: 10/26/2022) |
| 10/17/2022 | [177](#)<br>(5 pgs) | Adversary case 22-01250. Complaint by Kate Drakewyck against US Department Of Education . The Plaintiff in this adversary proceeding is either the debtor in an underlying chapter 7 or 13 case, or the United States other than the U.S. Trustee acting as a trustee in the underlying bankruptcy case. Pursuant to paragraph (6) of the Bankruptcy Court Miscellaneous Fee Schedule, there is no fee to file an adversary proceeding when the plaintiff is the United States, other than a U.S. Trustee acting as a trustee in a case, or the debtor in a chapter 7 or 13 case. Accordingly, this adversary proceeding shall be commenced without payment of the filing fee . Adversary Status Deadline 2/14/2023 (63 (Dischargeability - 523(a)(8), student loan)) (tjv) (Entered: 10/17/2022) |
| 10/12/2022 | [176](#)<br>(1 pg) | Order and Notice of Non-Evidentiary Hearing (related document(s)166 Motion). Hearing to be held on 11/2/2022 at 09:30 AM Courtroom F for 166,. (jc) (Entered: 10/12/2022) |
| 10/11/2022 | [175](#)<br>(5 pgs; 2 docs) | COPY OF APPEAL ORDER and JUDGMENT: The request for leave to appeal contained in the Response is DENIED as unnecessary; and The Order Denying Reconsideration is AFFIRMED. Entered on October 11, 2022 in BAP Case CO 22-16 by Judges JACOBVITZ, LOYD, and PARKER. (related document(s)165 Notice of Appeal and Statement of Election). (Attachments: # 1 Judgment) (mlr) (Entered: 10/11/2022) |
| 10/11/2022 | [174](#)<br>(1 pg) | Order. ORDERS that this matter shall proceed under the Discovery Dispute procedures in L.B.R. 7026-1(d). If the parties are unable to resolve their disputes after an attempt to meaningfully confer, they should request a hearing by email as provided for in the procedures. (related document(s)173 Document/Support Document). (jc) (Entered: 10/11/2022) |
| 10/08/2022 | [173](#)<br>(2 pgs) | Complaint on Trustee's Refusal To Submit Complete Discovery Filed by Kate Buffy Drakewyck. (jc) (Entered: 10/11/2022) |
| 09/29/2022 | [172](#)<br>(1 pg) | Minute Order. Proceedings: Non-Evidentiary Hearing on Discovery Dispute between Debtor and Chapter 7 Trustee David V. Wadsworth. Orders: Trustee shall produce records within his possession, custody, or control that are responsive to theDebtor's discovery requests and relevant to the homestead exemption contested matter. (related document(s)161 Order Setting Hearing). (jc) (Entered: 09/29/2022) |
| 09/29/2022 | [171](#)<br>(12 pgs; 3 docs) | Motion For Summary Judgment Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 09/29/2022) |
| 09/29/2022 | [170](#)<br>(10 pgs; 2 docs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):157 Motion for Summary Judgment). (Attachments: # 1 Exhibit 1) (Dickey, Jonathan) (Entered: 09/29/2022) |
| 09/26/2022 | [169](#) | Trustee's Discovery Report Filed by Jonathan Dickey on behalf of David |

| 09/22/2022 | 168 | This Appeal Has Been Accepted by the Bankruptcy Appellate Panel and Assigned **Case No. CO 22-16**. Please Refer to That Court's Docket for the Most Complete Information Regarding This Appeal (related document(s)165 Notice of Appeal and Statement of Election). (mlr) (Entered: 09/22/2022) |
|---|---|---|
| 09/22/2022 | 164 (16 pgs) | Income and Bank Records Filed by Kate Buffy Drakewyck. (jc) (Entered: 09/22/2022) |
| 09/21/2022 | 167 (4 pgs; 2 docs) | Appellant's Designation of Record and Statement of Issues On Appeal filed by Kate Buffy Drakewyck (related document(s)165 Notice of Appeal and Statement of Election). (Attachments: # 1 Statement of Issues) (mlr) (Entered: 09/22/2022) |
| 09/21/2022 | 166 (3 pgs) | Appellant's Motion to Waive Appeal Filing Fee filed by Kate Buffy Drakewyck (related document(s)165 Notice of Appeal and Statement of Election) . (mlr) **Modified docket text on 9/22/2022 (mlr).** (Entered: 09/22/2022) |
| 09/21/2022 | 165 (16 pgs; 5 docs) | Notice of Appeal and Statement of Election. Appellant is Pro Se. Waiver of filing fee requested. Filed by Kate Buffy Drakewyck (related document(s)151 Generic Order, 159 Order on Motion To Reconsider, 160 Judgment for BK Case). (Attachments: # 1 Certificate of Service # 2 BAP Document # 3 Statement of Admission # 4 Statement re Oral Argument) (mlr) (Entered: 09/22/2022) |
| 09/20/2022 | 163 (1 pg) | Order Converting In-Person Hearing To Telephonic Attendance. ORDERS that the Debtor, the Chapter 7 Trustee, and any other interested parties shall appear telephonically using the Courts new telephone number (see below) at the Discovery Dispute hearing scheduled for Thursday, September 29, 2022, at 2:15 p.m., in Courtroom F, United States Bankruptcy Court, U. S. Custom House, 721 19th Street, Denver, Colorado 80202. Parties shall call the Court prior to the hearing at 1-833-568-8864 or 1-833-435-1820 immediately prior to the time of the scheduled hearing. Please enter the Meeting ID: 160 929 3959, followed by the # sign, then press # again if/when prompted to enter a participant ID. (related document(s):162 Motion to Appear Telephonically). (jc) (Entered: 09/20/2022) |
| 09/19/2022 | 162 (2 pgs) | Motion to Move September 29, 2022 Hearing from Courthouse to Telephonic Proceeding Filed by Kate Buffy Drakewyck. (related document(s)161 Order Setting Hearing) . (jc) (Entered: 09/20/2022) |
| 09/19/2022 | 161 (1 pg) | Notice of Hearing on Discovery Dispute. Hearing to be held on 9/29/2022 at 02:15 PM Courtroom F. (jc) (Entered: 09/19/2022) |
| 09/19/2022 | 160 (1 pg) | Judgment. ORDERED that judgment is entered against Debtor Kate Buffy Drakewyck on her Motion to Reconsider Denial of Motion to Discharge Student Loan Balance inBankruptcy filed on September 18, 2022. (related document(s)159 Order on Motion To Reconsider). (jc) (Entered: 09/19/2022) |
| 09/19/2022 | 159 (2 pgs) | Order Denying Motion For Reconsideration (related document(s):158 Motion to Reconsider). (jc) (Entered: 09/19/2022) |

| 09/18/2022 | BAP Appeal No. 22-34 (3 pgs) | Docket ... Memorandum Recommending that Order Denying, Without Prejudice, Debtor's Motion to Discharge Student Loan in Bankruptcy Filed by Kate Buffy Drakewyck. (related document(s)151 Generic Order). (jc) (Entered: 09/19/2022) |
|---|---|---|
| 09/18/2022 | 157 (6 pgs) | Dispositive Motion (Motion For Summary Judgment) Filed by Kate Buffy Drakewyck. (jc) (Entered: 09/19/2022) |
| 09/11/2022 | 156 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)155 Order on Application to Employ). No. of Notices: 0. Notice Date 09/11/2022. (Admin.) (Entered: 09/11/2022) |
| 09/09/2022 | 155 (1 pg) | Order To Appoint Kaplan & Associates, P.C. (related document(s):154 Application to Employ). (jc) (Entered: 09/09/2022) |
| 09/08/2022 | 154 (6 pgs; 3 docs) | Application to Employ Kaplan & Associates, P.C. as Accountants Filed by David V. Wadsworth, Trustee on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Affidavit # 2 Proposed/Unsigned Order) (Wadsworth, Trustee, David) (Entered: 09/08/2022) |
| 09/06/2022 | 153 (1 pg) | Order For Compliance (related document(s)2 Voluntary Petition-Chapter 7, 148 Document/Support Document, 152 Document/Support Document). ORDERED that Parties to the Contested Matter shall comply with L.B.R. 7026-1(c)(1)-(2) and refrain from filing Discovery Materials with the Court unless and until the Court orders otherwise. That is, Parties shall exchange Discovery Materials amongst themselves without filing them with the Court. (re) (Entered: 09/06/2022) |
| 09/05/2022 | 152 (6 pgs) | Debtor's Discovery Requests to Levi Min Yeong Buehler Trust-Co Owner of Property and Creditor Filed by Kate Buffy Drakewyck. (jc) (Entered: 09/06/2022) |
| 08/30/2022 | 151 (1 pg) | Order Denying, Without Prejudice, Motion to Discharge Student Loan Balance in Bankruptcy (related document(s)149 Letter). (jc) (Entered: 08/30/2022) |
| 08/29/2022 | 150 | This entry entered in error. Disregard following entry per Chambers request. Order (related document(s)149 Letter). (jc) Modified on 8/29/2022 (jc). (Entered: 08/29/2022) |
| 08/27/2022 | 149 (3 pgs) | Motion to Discharge Student Loan Balance in Bankruptcy Filed by Kate Buffy Drakewyck. (related document(s)2 Voluntary Petition-Chapter 7). (jc) (Entered: 08/29/2022) |
| 08/27/2022 | 148 (117 pgs) | Discoveries Filed by Kate Buffy Drakewyck. (jc) (Entered: 08/29/2022) |
| 08/11/2022 | 147 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)143 Judgment for BK Case). No. of Notices: 6. Notice Date 08/11/2022. (Admin.) (Entered: 08/11/2022) |
| 08/11/2022 | 146 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)142 Order on Motion For Relief From Stay). No. of Notices: 6. Notice Date 08/11/2022. (Admin.) (Entered: 08/11/2022) |
| 08/10/2022 | 145 | Courts Notice or Order and BNC Certificate of Mailing (related |

62

document(s)141 Judgment for BK Case). No. of Notices: 6. Notice Date
08/10/2022. (Admin.) (Entered: 08/10/2022)

| | | |
|---|---|---|
| 08/10/2022 | <u>144</u><br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)<u>140</u> Order on Motion For Relief From Stay). No. of Notices: 6. Notice Date 08/10/2022. (Admin.) (Entered: 08/10/2022) |
| 08/09/2022 | <u>143</u><br>(1 pg) | Judgment (related document(s)<u>142</u> Order on Motion For Relief From Stay). (sd) (Entered: 08/09/2022) |
| 08/09/2022 | <u>142</u><br>(1 pg) | Order Granting Debtor's Motion For Relief From Stay on Jefferson County District Court Case Number 19-PR-31223 and Colorado Court of Appeals Case 22-CA-418. (related document(s):<u>105</u> Motion for Relief From Stay and 4001-1.1 Notice). (sd) (Entered: 08/09/2022) |
| 08/08/2022 | <u>141</u><br>(1 pg) | Judgment (related document(s)<u>140</u> Order on Motion For Relief From Stay). (sd) (Entered: 08/08/2022) |
| 08/08/2022 | <u>140</u><br>(1 pg) | Order Granting Debtor's Motion For Relief From Stay On District Court Case Number 21-CV-33 and Colorado Court of Appeals Case Number 21-CA-2035 (related document(s):<u>107</u> Motion for Relief From Stay and 4001-1.1 Notice). (sd) (Entered: 08/08/2022) |
| 08/06/2022 | <u>139</u><br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)<u>134</u> Judgment for BK Case). No. of Notices: 1. Notice Date 08/06/2022. (Admin.) (Entered: 08/06/2022) |
| 08/06/2022 | <u>138</u><br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)<u>133</u> Order on Motion For Relief From Stay). No. of Notices: 1. Notice Date 08/06/2022. (Admin.) (Entered: 08/06/2022) |
| 08/06/2022 | <u>137</u><br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)<u>132</u> Minutes of Proceedings/Minute Order). No. of Notices: 1. Notice Date 08/06/2022. (Admin.) (Entered: 08/06/2022) |
| 08/04/2022 | <u>136</u><br>(2 pgs) | Minute Order: For reasons stated on the record, the Motion for Relief is GRANTED. Debtor may continue litigation in 21 CV 33 & 21 CA 2035, except to the extent that it involves property of the estate, namely the Debtor does not have standing to pursue any civil theft claims unless and until she schedules such assets in the bankruptcy case and obtains an order abandoning the same. Nor is the Debtor permitted to litigate her entitlement to a homestead exemption in the state court proceeding. A separate Order and Judgment will enter. On or before close of business on Monday, August 8, 2022, the Chapter 7 Trustee shall submit a new proposed form of order regarding Debtors Appeal of the State Court judgment and any civil theft claims. Please email the order in Microsoft WORD format to courtroomf@cob.uscourts.gov. (related document(s)<u>107</u> Motion for Relief From Stay and 4001-1.1 Notice). Document due by 8/8/2022 for <u>107</u>, (sd) (Entered: 08/04/2022) |
| 08/04/2022 | <u>135</u><br>(2 pgs) | Minute Order: For reasons stated on the record, the Motion for Relief is GRANTED. Debtor may continue litigation in 19 PR 31223 & Colorado Court of Appeals Case No. 22 CA 418. A separate Order and Judgment will enter. On or before close of business on Monday, August 8, 2022, the Levi Min Yeong Buehler Trust shall submit a new proposed form of order regarding Debtors Appeal of the State Court rulings. Please email the order in Microsoft WORD format to courtroomf@cob.uscourts.gov. |

63

| | | Notice). Document due by 8/8/2022 for 105. (sd) (Entered: 08/04/2022) |
|---|---|---|
| 08/04/2022 | <u>134</u><br>(1 pg) | Judgment (related document(s)<u>133</u> Order on Motion For Relief From Stay). (sd) (Entered: 08/04/2022) |
| 08/04/2022 | <u>133</u><br>(1 pg) | Order Granting Motion For Relief From Stay (related document(s):<u>106</u> Motion for Relief From Stay and 4001-1.1 Notice). (sd) (Entered: 08/04/2022) |
| 08/04/2022 | <u>132</u><br>(1 pg) | Minute Order: For reasons stated on the record, the Motion for Relief is GRANTED. Debtor may continue litigation in the Colorado Court of Appeals Case No. 2022CA417: Plaintiff-Appellant: Kate Drakewyck, v. Defendant-Appellee: Heather Abreu. A separate Order and Judgment will enter. (related document(s)<u>106</u> Motion for Relief From Stay and 4001-1.1 Notice). (sd) (Entered: 08/04/2022) |
| 08/03/2022 | <u>131</u><br>(15 pgs) | Further Information on Stalker Filed by Kate Buffy Drakewyck. (jc) (Entered: 08/03/2022) |
| 08/03/2022 | <u>130</u><br>(156 pgs; 9 docs) | List of Witnesses and Exhibits Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):<u>126</u> Order on Motion to Appear Telephonically). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E # <u>6</u> Exhibit F # <u>7</u> Exhibit G # <u>8</u> Exhibit H) (Dickey, Jonathan) (Entered: 08/03/2022) |
| 08/03/2022 | <u>129</u><br>(3 pgs) | List of Witnesses and Exhibits Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):<u>126</u> Order on Motion to Appear Telephonically). (Dickey, Jonathan) (Entered: 08/03/2022) |
| 07/27/2022 | <u>128</u><br>(72 pgs; 8 docs) | Response Filed by Jennifer M. Osgood on behalf of Linda Chalupsky (related document(s):<u>99</u> Motion for Relief From Stay and 4001-1.1 Notice, <u>105</u> Motion for Relief From Stay and 4001-1.1 Notice). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E # <u>6</u> Exhibit F # <u>7</u> Exhibit G) (Osgood, Jennifer) (Entered: 07/27/2022) |
| 07/27/2022 | <u>127</u><br>(159 pgs; 9 docs) | Response Filed by Jennifer M. Osgood on behalf of Linda Chalupsky (related document(s):<u>101</u> Motion for Relief From Stay and 4001-1.1 Notice, <u>107</u> Motion for Relief From Stay and 4001-1.1 Notice). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E # <u>6</u> Exhibit F # <u>7</u> Exhibit G # <u>8</u> Exhibit H) (Osgood, Jennifer) (Entered: 07/27/2022) |
| 07/27/2022 | <u>126</u><br>(1 pg) | Order Converting In-Person Hearing To Telephonic Attendance. ORDERS that the Debtor, Chapter 7 Trustee, any additional objectors (to Debtor's other Motions for Relief from Stay), and any other interested parties shall appear telephonically at the hearing(s) scheduled for Thursday, August 4, 2022, at 1:30 p.m., in Courtroom F, United States Bankruptcy Court, U. S. Custom House, 721 19th Street, Denver, Colorado 80202. Parties shall call the Court prior to the hearing at 1-888-684-8852. The meeting access code is 345 4024 followed by the # sign. (related document(s):<u>125</u> Motion to Appear Telephonically). (jc) (Entered: 07/27/2022) |
| 07/26/2022 | <u>125</u><br>(3 pgs) | Motion to Move August 4, 2022 Hearing from Courthouse to Telephonic Proceeding Filed by Kate Buffy Drakewyck (related document(s)<u>105</u> |

| | | |
|---|---|---|
| | | Motion for Relief From Stay and 4001-1.1 Notice, 106 Motion for Relief From Stay and 4001-1.1 Notice, 107 Motion for Relief From Stay and 4001-1.1 Notice) . (jc) (Entered: 07/26/2022) |
| 07/25/2022 | 124 (1 pg) | Order Granting Motion to Waive Filing Fee for Amended Motions for Release From Stay. IT IS FURTHER ORDERED that if sufficient assets are recovered in this case,the Chapter 7 trustee is directed to pay the filing fees from those assets in the total amount of $564.00 ($188.00 for each Motion for Relief from Stay). (related document(s):108 Motion, 122 Motion). (jc) (Entered: 07/25/2022) |
| 07/25/2022 | 123 (31 pgs; 2 docs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):107 Motion for Relief From Stay and 4001-1.1 Notice. (Attachments: # 1 Exhibit) (Dickey, Jonathan) (Entered: 07/25/2022) |
| 07/21/2022 | 122 (2 pgs) | Second Motion to Waive Fees on Three Motions for Release From Stay filed by Kate Buffy Drakewyck (related document(s)108 Motion) . (dg) (Entered: 07/22/2022) |
| 07/21/2022 | 121 (7 pgs) | Amended Disclosures filed by Kate Buffy Drakewyck (related document(s):112 Document/Support Document). (dg) (Entered: 07/22/2022) |
| 07/21/2022 | 120 (6 pgs) | Amended Schedule I: Current Income For Individual, Amended Schedule J: Current Expenditures For Individual filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (dg) (Entered: 07/22/2022) |
| 07/19/2022 | 119 (1 pg) | Order Regarding Debtor's Motion to Waive Fees on Three Motions for Release from Stay (related document(s)108 Motion). Amended Schedules I and J and supporting documentation due by 8/2/2022. (mjb) (Entered: 07/19/2022) |
| 07/15/2022 | 118 (6 pgs) | Report of Sale Filed by David V. Wadsworth, Trustee on behalf of David V. Wadsworth, Trustee. (Wadsworth, Trustee, David) (Entered: 07/15/2022) |
| 07/14/2022 | 117 (4 pgs) | Trustee's Fed. R. Civ. P. 26(a) Initial Disclosures Regarding Objection to Homestead Exemption Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Dickey, Jonathan) (Entered: 07/14/2022) |
| 07/12/2022 | 114 (1 pg) | Order Deeming Notice of Deficiencies Satisfied (related document(s)113 Response to Rules Compliance Order). (mjb) (Entered: 07/12/2022) |
| 07/11/2022 | 116 (18 pgs; 4 docs) | (Duplicate) Proof of Compliance filed by Kate Buffy Drakewyck (related document(s):113 Response to Rules Compliance Order). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (mjb) (Entered: 07/12/2022) |
| 07/11/2022 | 115 (5 pgs) | (Duplicate) Initial Disclosures filed by Kate Buffy Drakewyck (related document(s):112 Document/Support Document). (mjb) (Entered: 07/12/2022) |
| 07/09/2022 | 113 (22 pgs; 5 docs) | Proof of Compliance filed by Kate Buffy Drakewyck (related document(s)109 4001(a) Deficiency Notice, 110 4001(a) Deficiency |

| | | Notice, # 1 4001(a) Deficiency Notice). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit) (mjb) (Entered: 07/12/2022) |
|---|---|---|
| 07/09/2022 | 112 (5 pgs) | Initial Disclosures filed by Kate Buffy Drakewyck (related document(s):86 7016 Scheduling Order). (mjb) (Entered: 07/12/2022) |
| 07/08/2022 | 111 (2 pgs) | Second Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay for Service Only (related document(s)107 Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/08/2022) |
| 07/08/2022 | 110 (2 pgs) | Second Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay for Service Only (related document(s)106 Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/08/2022) |
| 07/08/2022 | 109 (2 pgs) | Second Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay for Service Only (related document(s)105 Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/08/2022) |
| 07/07/2022 | 108 (2 pgs) | Motion to Waive Fees on Three Motions for Release from Stay Filed by Kate Buffy Drakewyck. (related document(s)99 Motion for Relief From Stay and 4001-1.1 Notice, 100 Motion for Relief From Stay and 4001-1.1 Notice, 101 Motion for Relief From Stay and 4001-1.1 Notice) . (jc) (Entered: 07/08/2022) |
| 07/07/2022 | 107 (5 pgs) | Amended Motion for Release Stay to pursue litigation in 21CV33 and 21CA2035 Filed by Kate Buffy Drakewyck. Stay Hearing to be held on 8/4/2022 at 01:30 PM at Courtroom F. (jc) (Entered: 07/08/2022) |
| 07/07/2022 | 106 (5 pgs) | Amended Motion for Release Stay to pursue litigation in 21CV223 and 22CA417 Filed by Kate Buffy Drakewyck. Stay Hearing to be held on 8/4/2022 at 01:30 PM at Courtroom F. (jc) (Entered: 07/08/2022) |
| 07/07/2022 | 105 (9 pgs; 2 docs) | Amended Motion for Release Stay to pursue litigation in 19PR31223 and 22CA418 Filed by Kate Buffy Drakewyck. Stay Hearing to be held on 8/4/2022 at 01:30 PM at Courtroom F. (Attachments: # 1 Exhibit - Forthwith Petition for Removal) (jc) (Entered: 07/08/2022) |
| 07/05/2022 | 104 (2 pgs) | Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay (related document(s)101 Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/05/2022) |
| 07/05/2022 | 103 (2 pgs) | Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay (related document(s)100 Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/05/2022) |
| 07/05/2022 | 102 (2 pgs) | Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay (related document(s)99 Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/05/2022) |

BAP Appeal No. 23-4    Document No. 104    Filed: 06/20/2023    Page: 104 of 245

| 07/04/2022 | 101<br>(4 pgs) | Motion for Release Stay to pursue litigation in 21CV33 and 21CA2035 Filed by Kate Buffy Drakewyck. (jc) (Entered: 07/05/2022) |
| 07/04/2022 | 100<br>(4 pgs) | Motion for Release Stay to pursue litigation in 21CV223 and 22CA417 Filed by Kate Buffy Drakewyck. (jc) (Entered: 07/05/2022) |
| 07/04/2022 | 99<br>(7 pgs; 2 docs) | Motion for Release Stay to pursue litigation in 19PR31223 and 22CA418 Filed by Kate Buffy Drakewyck. (Attachments: # 1 Exhibit - Forthwith Petition for Removal) (jc) (Entered: 07/05/2022) |
| 07/01/2022 | 98<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)95 Judgment for BK Case). No. of Notices: 1. Notice Date 07/01/2022. (Admin.) (Entered: 07/01/2022) |
| 07/01/2022 | 97<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)94 Order on Application to Employ). No. of Notices: 1. Notice Date 07/01/2022. (Admin.) (Entered: 07/01/2022) |
| 06/29/2022 | 96<br>(1 pg) | Judgment (related document(s)92 Minutes of Proceedings/Minute Order). (sd) (Entered: 06/29/2022) |
| 06/29/2022 | 95<br>(1 pg) | Judgment (related document(s)94 Order on Application to Employ). (sd) (Entered: 06/29/2022) |
| 06/29/2022 | 94<br>(1 pg) | Order Approving Renewed Application to Employ Larry Simpson and LIV Sotheby's International Realty As Realtor For The Chapter 7 Trustee. (related document(s):76 Application to Employ). (sd) (Entered: 06/29/2022) |
| 06/29/2022 | 93<br>(3 pgs) | Order Granting Motion to Sell Real Estate (6798 W. Portland Ave.) Pursuant to 11 U.S.C. §§363(b)(f) And (h). (related document(s):61 Motion to Sell Property Free and Clear of Liens Under Section 363(f)). (sd) (Entered: 06/29/2022) |
| 06/29/2022 | 92<br>(2 pgs) | Minute Order: For the reasons stated on the record, the Trustees Motion to Sell Real Estate (6798 W. Portland Ave.) pursuant to 11 U.S.C. §§ 363(b), (f), and (h) is GRANTED. A separate order shall enter. For the reasons stated on the record, the Trustees Renewed Application to Employ Larry Simpson of LIV Sothebys International Realty as Realtor for the Chapter 7 Trustee is GRANTED and Debtors objection thereto is OVERRULED. A separate order and judgment shall enter. For the reasons stated on the record, the Debtors Motion to Remove Creditors and Debtors Updated Motion to Remove Creditors are DENIED. A separate judgment shall enter. (related document(s)61 Motion to Sell Property Free and Clear of Liens Under Section 363(f), 76 Application to Employ, 87 Motion, 90 Motion). (sd) (Entered: 06/29/2022) |
| 06/27/2022 | 91<br>(1 pg) | Order and Notice of Additional Matters to be Heard (related document(s)90 Motion). (jc) (Entered: 06/27/2022) |
| 06/26/2022 | 90<br>(4 pgs) | Updated Motion to Remove Creditors from Bankruptcy Filed by Kate Buffy Drakewyck. (jc) (Entered: 06/27/2022) |
| 06/26/2022 | 89<br>(3 pgs) | Financial Management Course Certificate Filed by Kate Buffy Drakewyck. (jc) (Entered: 06/27/2022) |

| | | |
|---|---|---|
| 06/26/2022 | 88 (1 pg) | Personal Financial Management Course Certificate For Debtor Filed by Sage Personal Finance (fmt). (Entered: 06/26/2022) |
| 06/24/2022 | 87 (8 pgs; 2 docs) | Motion to Remove Creditors from Bankruptcy Filed by Kate Buffy Drakewyck. (Attachments: # 1 Exhibit - Forthwith Petition for Removal) (jc) (Entered: 06/24/2022) |
| 06/24/2022 | 86 (2 pgs) | Scheduling Order for Pre-Trial Deadlines Pursuant to Fed.R.Bankr.P. 7016(b) (Fed.R.Civ.P. 16(b)) (related document(s)34 Objection to Exemption). Discovery due by 9/15/2022 for 34, Dispositive Motion due 9/29/2022 for 34, Amendments due by 7/8/2022 for 34, (jc) (Entered: 06/24/2022) |
| 06/23/2022 | 85 (1 pg) | Order Granting Motion to Set Forthwith Hearing on June 29, 2022 Regarding the Trustee's Motion to Sell Real Estate (6798 W. Portland Ave.) Pursuant to 11 U.S.C. Subsection 363(b),(f) and (h) and the Trustee's Renewed Application to Employ Larry Simpson and Liv Sotheby's International Realty as Realtor for the Chapter 7 Trustee (related document(s):61 Motion to Sell Property Free and Clear of Liens Under Section 363(f), 76 Application to Employ). Telephonic Hearing to be held on 6/29/2022 at 10:00 AM Courtroom F . (dg) (Entered: 06/23/2022) |
| 06/23/2022 | 84 (1 pg) | Judgment. ORDERED that judgment is entered against Debtor Kate Buffy Drakewyck on her Motion to Reconsider Denial of Debtor's Motion to Dismiss. (related document(s)83 Order on Motion To Reconsider). (jc) (Entered: 06/23/2022) |
| 06/23/2022 | 83 (2 pgs) | Order Denying Amended Motion For Reconsideration (related document(s):71 Motion to Reconsider). (jc) (Entered: 06/23/2022) |
| 06/22/2022 | 82 (12 pgs) | Objection Filed by Kate Buffy Drakewyck (related document(s)76 Application to Employ). (jc) (Entered: 06/23/2022) |
| 06/22/2022 | 81 (6 pgs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):71 Motion to Reconsider). (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 80 (1 pg) | Order Granting Motion to Shorten Time (related document(s):76 Application to Employ, 78 Motion to Shorten Time). 9013 Objections due by 6/28/2022 for 76, (jc) (Entered: 06/22/2022) |
| 06/22/2022 | 79 (6 pgs; 2 docs) | Motion to Expedite Hearing Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s)61 Motion to Sell Property Free and Clear of Liens Under Section 363(f), 75 Document/Support Document, 76 Application to Employ, 78 Motion to Shorten Time). (Attachments: # 1 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 78 (6 pgs; 2 docs) | Motion to Shorten Time Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s)76 Application to Employ, 77 9013-1.1 Notice). (Attachments: # 1 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 77 (4 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):76 Application to Employ).. |

| | 76<br>(19 pgs; 4 docs) | Application to Employ Larry Simpson and LIV Sotheby's International Realty as Realtor Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/22/2022) |
|---|---|---|
| 06/22/2022 | | |
| | 75<br>(6 pgs; 2 docs) | Supplement to Motion to Sell Real Estate (6798 West Portland Avenue) pursuant to 11 U.S.C. Sections 363(b), (f) and (h) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):61 Motion to Sell Property Free and Clear of Liens Under Section 363(f)). (Attachments: # 1 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | | |
| | 74<br>(2 pgs) | Proposed Joint Scheduling Order Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):65 Minutes of Proceedings/Minute Order). (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | | |
| | 73<br>(1 pg) | Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management Official Form 423. If the case is closed because of failing to file Official Form 423, the case cannot be reopened without full payment of the reopening fee. If the debtor(s) want a discharge, they must first ask the Court to reopen the case by filing a Motion to Reopen the case accompanied by the payment of the filing fee which is 260.00 for motions to reopen filed on and after January 1, 2007. After the case is reopened, the debtor(s) must then file Official Form 423 evidencing completion of an instructional course concerning personal financial management in order to receive a discharge. If the debtor(s) fail(s) to file Official Form 23 within 30 days after the case is reopened, then the case will again be closed without the entry of a discharge. Financial Management Certificate Due by 08/05/2022 (adiclerk) (Entered: 06/21/2022) |
| 06/21/2022 | | |
| | 72<br>(4 pgs) | **This entry entered in error. Disregard following entry per CM request.** Amended Motion to Remove Creditor Filed by Kate Buffy Drakewyck (related document(s)2 Voluntary Petition-Chapter 7) . (jc) **Modified on 6/23/2022 (jc).** (Entered: 06/21/2022) |
| 06/20/2022 | | |
| | 71<br>(12 pgs; 3 docs) | Amended Motion to Reconsider Denial of Debtor's Motion to Dismiss Filed by Kate Buffy Drakewyck (related document(s)65 Minutes of Proceedings/Minute Order) . (Attachments: # 1 Exhibit - Forthwith Petition for Removal # 2 Exhibit) (jc) (Entered: 06/21/2022) |
| 06/20/2022 | | |
| | 70<br>(6 pgs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):68 Motion to Reconsider). (Dickey, Jonathan) (Entered: 06/14/2022) |
| 06/14/2022 | | |
| | 69<br>(4 pgs) | **This entry entered in error. Disregard following entry per CM request.** Motion to Remove Creditor Filed by Kate Buffy Drakewyck (related document(s)2 Voluntary Petition-Chapter 7). (jc) **Modified on 6/23/2022 (jc).** (Entered: 06/10/2022) |
| 06/10/2022 | | |
| | 68<br>(4 pgs) | Motion to Reconsider Denial of Debtor's Motion to Dismiss Filed by Kate Buffy Drakewyck (related document(s)65 Minutes of Proceedings/Minute Order) . (jc) (Entered: 06/10/2022) |
| 06/10/2022 | | |

| 06/09/2022 | | Document ORDERED granting the Trustee's Motion to Authorize Employment and Compensation of LarrySimpson of LIV Sotheby's International Realty as Broker for the Bankruptcy Estate. (related document(s)65 Minutes of Proceedings/Minute Order). (jc) (Entered: 06/09/2022) |
|---|---|---|
| 06/09/2022 | 66 (1 pg) | Judgment. ORDERED that judgment is entered against Debtor Kate Buffy Drakewyck on her Motion to End Bankruptcy Case Immediately. (related document(s)65 Minutes of Proceedings/Minute Order). (jc) (Entered: 06/09/2022) |
| 06/09/2022 | 65 (2 pgs) | Minute Order. Telephonic Non-Evidentiary Hearing on (1) the Trustee's Objection to Debtor's Claim of Homestead Exemption and Debtors Objection thereto; (2) the Trustee's Motion to (A) Authorize Employment and Compensation of Larry Simpson of LIV Sotheby's International Realty as Broker for the Bankruptcy Estate and (B) Sell Real Estate (6798 W. Portland Ave.) pursuant to 11 U.S.C. §§ 363(b), (f), and (h) filed on April 26, 2022, and supplemented by Supplement to Motion filed on May 10, 2022 and Debtor's Objection thereto; and (3) Debtor's Motion to End Bankruptcy Case Immediately. Orders: For the reasons stated on the record, the Trustee's Motion to Authorize Employment and Compensation of Larry Simpson of LIV Sotheby's International Realty as Broker for the Bankruptcy Estate is DENIED. For the reasons stated on the record, the Debtor's Motion to End Bankruptcy Case Immediately is DENIED. The Trustee and the Debtor shall meet and confer in good faith and, on or before June 23, 2022, jointly file a proposed scheduling order setting forth pretrial deadlines to govern the contested matter of the Trustee's Objection to Debtor's Claim of Homestead Exemption and the Debtor's Objection thereto. Said proposed scheduling order shall incorporate initial disclosure obligations on the parties pursuant to Fed. R. Bankr. P. 9014(c) and Fed. R. Bankr. P. 7026, as made applicable to these proceedings by Fed. R. Civ. P. 26. (related document(s)30 Motion to Dismiss Case, 34 Objection to Exemption, 37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f), 41 Motion to Dismiss Case, 48 Document/Support Document). Document due by 6/23/2022 for 34 and for 30 and for 37 and for 48 and for 41, (jc) (Entered: 06/09/2022) |
| 06/08/2022 | 64 (2 pgs) | Entry of Appearance and Request for Notice Filed by Jennifer M. Osgood on behalf of Linda Chalupsky. (Osgood, Jennifer) (Entered: 06/08/2022) |
| 06/07/2022 | 63 (5 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):61 Motion to Sell Property Free and Clear of Liens Under Section 363(f)).. 9013 Objections due by 6/28/2022 for 61,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 06/07/2022) |
| 06/07/2022 | 62 | Receipt of Motion to Sell Property Free and Clear of Liens Under Section 363(f)( 22-10977-EEB) [motion,s363ftr] ( 188.00) Filing Fee. Receipt number A31328095. Fee amount 188.00 (U.S. Treasury) (Entered: 06/07/2022) |
| 06/07/2022 | 61 (33 pgs; 3 docs) | Motion to Sell 6798 West Portland Avenue, Littleton, Colorado Free and Clear of Liens Under Section 363(f) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit # 2 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/07/2022) |
| 05/31/2022 | 60 (1 pg) | Order and Notice of Telephonic Non-Evidentiary Hearing (related document(s):30 Motion to Dismiss Case, 34 Objection to Exemption, 37 |

| | | |
|---|---|---|
| | | ...Section 363(f), 41 Motion to Dismiss Case, 48 Document/Support Document). Telephonic Hearing to be held on 6/9/2022 at 10:00 AM Courtroom F for 34 and for 30 and for 37 and for 48 and for 41,. (jc) (Entered: 05/31/2022) |
| 05/31/2022 | 59 (4 pgs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):57 Certificate of Non-Contested Matter). (Dickey, Jonathan) (Entered: 05/31/2022) |
| 05/31/2022 | 58 (3 pgs) | Notice of Withdrawal of Document Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):51 Motion to Sell Property Free and Clear of Liens Under Section 363(f))... (Dickey, Jonathan) (Entered: 05/31/2022) |
| 05/20/2022 | 57 (4 pgs) | (Certificate of Non-Contested Matter) Debtor's Request for Judgment on Motion to End Bankruptcy Case Filed by Kate Buffy Drakewyck (related document(s):30 Motion to Dismiss Case, 41 Motion to Dismiss Case). (jc) (Entered: 05/20/2022) |
| 05/18/2022 | 56 (2 pgs) | Certificate of Contested Matter Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f), 47 Objection). (Dickey, Jonathan) (Entered: 05/18/2022) |
| 05/18/2022 | 55 (2 pgs) | Certificate of Contested Matter Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):34 Objection to Exemption, 43 Objection). (Dickey, Jonathan) (Entered: 05/18/2022) |
| 05/14/2022 | 54 (12 pgs) | Objection to Notice of Motion to Sell Real Estate Filed by Kate Buffy Drakewyck (related document(s)51 Motion to Sell Property Free and Clear of Liens Under Section 363(f)). (jc) (Entered: 05/16/2022) |
| 05/13/2022 | 53 (5 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):51 Motion to Sell Property Free and Clear of Liens Under Section 363(f)).. 9013 Objections due by 6/3/2022 for 51,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 05/13/2022) |
| 05/13/2022 | 52 | Receipt of Motion to Sell Property Free and Clear of Liens Under Section 363(f)( 22-10977-EEB) [motion,s363ftr] ( 188.00) Filing Fee. Receipt number A31284262. Fee amount 188.00 (U.S. Treasury) (Entered: 05/13/2022) |
| 05/13/2022 | 51 (32 pgs; 3 docs) | **Withdrawn Per Notice #58.** Motion to Sell 6798 West Portland Avenue, Littleton, Colorado Free and Clear of Liens Under Section 363(f) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Proposed/Unsigned Order) (Dickey, Jonathan) **Modified on 5/31/2022 (jc).** (Entered: 05/13/2022) |
| 05/12/2022 | 50 (2 pgs) | Corrected Entry of Appearance and Request for Notice Filed by Daniel Glasser on behalf of Linda Chalupsky... (Glasser, Daniel) (Entered: 05/12/2022) |
| 05/12/2022 | 49 (2 pgs) | Entry of Appearance and Request for Notice Filed by Daniel Glasser on behalf of Linda Chalupsky... (Glasser, Daniel) (Entered: 05/12/2022) |

| | | |
|---|---|---|
| 05/10/2022 | | Employment to Nunc Pro Tunc to Provide Emergency Compensation of Larry Simpson of LIV Sotheby's International Realty as Broker for the Bankruptcy Estate; and (B) Sell Real Estate (6798 West Portland Avenue) pursuant to 11 U.S.C. Sections 363(b), (f), AND (h) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f)). (Dickey, Jonathan) (Entered: 05/10/2022) |
| 05/04/2022 | 47 (12 pgs; 2 docs) | Objection to Application to Employ Larry Simpson Filed by Kate Buffy Drakewyck (related document(s)37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f)). (Attachments: # 1 Exhibit) (jc) (Entered: 05/05/2022) |
| 05/04/2022 | 46 (5 pgs) | Response to Second Order For Compliance Filed by Kate Buffy Drakewyck (related document(s)33 Order Regarding Compliance With Rules). (jc) (Entered: 05/05/2022) |
| 05/04/2022 | 45 (6 pgs) | Response to Notice of Deficiency Filed by Kate Buffy Drakewyck (related document(s)42 Notice of Deficiency (9011(a))). (jc) (Entered: 05/05/2022) |
| 05/04/2022 | 44 (3 pgs) | Response to Notice of Deficiency Filed by Kate Buffy Drakewyck (related document(s)42 Notice of Deficiency (9011(a))). (jc) (Entered: 05/05/2022) |
| 05/04/2022 | | Meeting of Creditors Satisfied. (adiclerk) (Entered: 05/04/2022) |
| 04/30/2022 | 43 (42 pgs; 2 docs) | Debtor's Objection to Trustee's Objection to Debtor's Claim of Homestead Exemption. Including Objection for Refusal to Discharge all Debt Filed by Kate Buffy Drakewyck (related document(s)34 Objection to Exemption). (jc) (Entered: 05/02/2022) |
| 04/29/2022 | 42 (2 pgs; 2 docs) | Notice of Deficiency, Requirement to Cure, and Recommendation To Strike for Failure to Comply with Federal Rule of Bankruptcy Procedure 9011(a) (related document(s)41 Motion to Dismiss Case). 9011(a) Compliance due by5/13/2022. (Attachments: # 1 Missing Signature) (jc) (Entered: 04/29/2022) |
| 04/28/2022 | 41 (4 pgs) | Motion to End Bankruptcy Case Immediatly After 21 Days With Concessions Filed by Kate Buffy Drakewyck. (jc) (Entered: 04/29/2022) |
| 04/28/2022 | 40 (4 pgs) | Courts Notice and BNC Certificate of Mailing Re: Notice of Possible Dividend (related document(s)36 Notice of Possible Dividends). No. of Notices: 5. Notice Date 04/28/2022. (Admin.) (Entered: 04/28/2022) |
| 04/26/2022 | 39 (6 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f)).. 9013 Objections due by 5/17/2022 for 37,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 04/26/2022) |
| 04/26/2022 | 38 | Receipt of Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f)( 22-10977-EEB) [motion,es363ftr] ( 188.00) Filing Fee. Receipt number A31249289. Fee amount 188.00 (U.S. Treasury) (Entered: 04/26/2022) |
| 04/26/2022 | 37 (47 pgs; 5 docs) | Application to Employ Larry Simpson of LIV Sotheby's International Realty as Real Estate Broker to Sell 6798 West Portland Avenue, Littleton, |

| | | |
|---|---|---|
| | | Second Amended Free application under Section 330(a) filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 04/26/2022) |
| 04/26/2022 | 36 (2 pgs) | Notice of Possible Dividends. It appearing to the Trustee that a dividend to creditors is possible; Creditors are hereby notified that if they desire to participate in a distribution of assets, they must file a claim with the court no later than the date shown below. Pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(1) and (5) a proof of claim shall be filed BY A GOVERNMENTAL UNIT not later than 180 days after the date of the order for relief, or the date shown below, whichever is later. All claimants who are seeking an administrative claim must obtain a Court Order pursuant to the Bankruptcy Code. Proofs of Claim due by 08/1/2022. (Wadsworth, Trustee, David) (Entered: 04/26/2022) |
| 04/25/2022 | 35 (3 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):34 Objection to Exemption).. 9013 Objections due by 5/9/2022 for 34,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 04/25/2022) |
| 04/25/2022 | 34 (18 pgs; 3 docs) | Objection to Exemption Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit # 2 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 04/25/2022) |
| 04/25/2022 | 33 (2 pgs) | Second Order For Compliance With Local Bankruptcy Rule 9013-1 Or Other Applicable Rules of Procedure Regarding Service and Notice (related document(s)30 Motion to Dismiss Case). Rules Compliance due by 5/2/2022. (re) (Entered: 04/25/2022) |
| 04/24/2022 | 32 (7 pgs) | 9013-1.1 Notice and Certificate of Service filed by Kate Buffy Drakewyck (related document(s):30 Motion to Dismiss Case. (re) (Entered: 04/25/2022) |
| 04/22/2022 | 31 (1 pg) | Order For Compliance With Local Bankruptcy Rule 9013-1 Or Other Applicable Rules Of Procedure Regarding Service And Notice (related document(s)30 Motion to Dismiss Case). Rules Compliance due by 4/29/2022 for 30, (jc) (Entered: 04/22/2022) |
| 04/21/2022 | 30 (4 pgs) | Motion to End Bankruptcy Case Immediatly with Concessions Filed by Kate Buffy Drakewyck. (jc) (Entered: 04/22/2022) |
| 04/21/2022 | 29 (1 pg) | Order Denying Motion To Remove Trustee and Trustee's Attorney. (related document(s):28 Motion). (sd) (Entered: 04/21/2022) |
| 04/20/2022 | 28 (3 pgs) | Motion to Remove David Wasworth as Trustee and Lawyer he Contracted Filed by Kate Buffy Drakewyck. (jc) (Entered: 04/20/2022) |
| 04/19/2022 | 27 (1 pg) | Order Approving Application to Employ Kutner Brinen Dickey Riley, P.C. as Counsel for the Chapter 7 Trustee (related document(s):26 Application to Employ). (jc) (Entered: 04/19/2022) |
| 04/18/2022 | 26 (7 pgs; 3 docs) | Application to Employ Kutner Brinen Dickey Riley, P.C. as Attorney for Trustee Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Proposed/Unsigned Order # 2 Exhibit A) (Dickey, Jonathan) (Entered: 04/18/2022) |

| | | |
|---|---|---|
| 04/13/2022 | | Docket Notification of Schedule 1/30/2023 Kate Buffy Drakewyck (related document(s):13 Schedule A/B, Schedule D And/Or Schedule E/F, 14 Order Directing Compliance With Rule 1009 On Amendments, 17 Schedule D And/Or Schedule E/F, 18 1009-1.1 Notice of Amendment). (jc) (Entered: 04/14/2022) |
| 04/13/2022 | 24<br>(6 pgs) | 1009-1.1 Notice of Amendment to Voluntary Petition, Lists, Schedules, or Statements Filed by Kate Buffy Drakewyck (related document(s):20 Schedule C). (jc) (Entered: 04/14/2022) |
| 04/13/2022 | 23<br>(2 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)21 Order Directing Compliance With Rule 1009 On Amendments). No. of Notices: 1. Notice Date 04/13/2022. (Admin.) (Entered: 04/13/2022) |
| 04/11/2022 | 22<br>(1 pg) | Order on Motion to Pay Amended Form Fee (related document(s):19 Application to Pay Filing Fee in Installments). First Installment Payment due by 4/27/2022. Second Installment Payment due by 5/16/2022. Final Installment Payment due by 6/17/2022. (jc) (Entered: 04/11/2022) |
| 04/11/2022 | 21<br>(1 pg) | Order Directing Compliance with Federal Rule of Bankruptcy Procedure 1009(a) and/or L.B.R. 1009-1. (related document(s)17 Schedule D And/Or Schedule E/F, 20 Schedule C). (jc) (Entered: 04/11/2022) |
| 04/08/2022 | 20<br>(2 pgs) | Amended Schedule C: Property Claimed as Exempt Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (jc) (Entered: 04/11/2022) |
| 04/08/2022 | 19<br>(2 pgs) | Motion to Pay Amended Schedule E Form Fee With 1st Installment Payment Filed by Kate Buffy Drakewyck. (jc) (Entered: 04/08/2022) |
| 04/08/2022 | 18<br>(7 pgs) | 1009-1.1 Notice of Amendment to Voluntary Petition, Lists, Schedules, or Statements Filed by Kate Buffy Drakewyck (related document(s):13 Schedule A/B, Schedule D And/Or Schedule E/F, 16 Schedule A/B, 17 Schedule D And/Or Schedule E/F). (jc) (Entered: 04/08/2022) |
| 04/08/2022 | 17<br>(6 pgs) | Amended Schedule D: Creditors having Claims Secured by Property And/Or Schedule E/F: Creditors Who Have Unsecured Claims For Individual. Total Number of Creditors Added or Uploaded: 1. Fee not paid. Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7, 13 Schedule A/B, Schedule D And/Or Schedule E/F). (jc) (Entered: 04/08/2022) |
| 04/08/2022 | 16<br>(11 pgs) | Amended Schedule A/B: Property for Individual Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7, 13 Schedule A/B, Schedule D And/Or Schedule E/F). (jc) (Entered: 04/08/2022) |
| 04/06/2022 | 15<br>(2 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)14 Order Directing Compliance With Rule 1009 On Amendments). No. of Notices: 1. Notice Date 04/06/2022. (Admin.) (Entered: 04/06/2022) |
| 04/04/2022 | 14<br>(1 pg) | Order Directing Compliance with Federal Rule of Bankruptcy Procedure 1009(a) and/or L.B.R. 1009-1. (related document(s)13 Schedule A/B, Schedule D And/Or Schedule E/F). (jc) (Entered: 04/04/2022) |

BAP Appeal No. 23-4      Docket No. 31-2      Filed: 08/24/2023      Page: 76 of 245

| | | |
|---|---|---|
| 04/02/2022 | | Amended Schedules H Through J or Indication of Amended Schedule D: Creditors having Claims Secured by Property And/Or Schedule E/F: Creditors Who Have Unsecured Claims For Individual. Total Number of Creditors Added or Uploaded: 3. Fee not paid. Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (jc) (Entered: 04/04/2022) |
| 04/02/2022 | 12 (2 pgs) | Schedule G: Executory Contracts and Unexpired Leases For Individual Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (jc) (Entered: 04/04/2022) |
| 04/01/2022 | 11 (1 pg) | Order on Motion to Modify Installment Payments. (related document(s):10 Application to Pay Filing Fee in Installments). First Installment Payment due by 4/27/2022. Second Installment Payment due by 5/16/2022. Final Installment Payment due by 6/17/2022. (jc) (Entered: 04/01/2022) |
| 03/30/2022 | 10 (2 pgs) | Motion to Modify Installment Payments Filed by Kate Buffy Drakewyck. (jc) (Entered: 03/31/2022) |
| 03/30/2022 | 9 (5 pgs) | Courts Notice and BNC Certificate of Mailing Re: Meeting of Creditors (related document(s)1 Meeting of Creditors-Chapter 7). No. of Notices: 3. Notice Date 03/30/2022. (Admin.) (Entered: 03/30/2022) |
| 03/28/2022 | 8 (1 pg) | Order Denying Application For Waiver of the Chapter 7 Filing Fee First Installment Payment due by 4/8/2022. Second Installment Payment due by 5/6/2022. Final Installment Payment due by 6/3/2022. (jc) (Entered: 03/28/2022) |
| 03/28/2022 | 7 (1 pg) | Notice of Deficiency For Omission of Information: Schedule G, Missing document(s) due by 4/8/2022. (related document(s)2 Voluntary Petition-Chapter 7). (jc) (Entered: 03/28/2022) |
| 03/26/2022 | | Set Notice of Financial Course Due Date. Notice of Financial Management Course Certificate Due by 06/18/2022 (adiclerk) (Entered: 03/26/2022) |
| 03/25/2022 | 6 (5 pgs) | Application For Waiver of the Chapter 7 Filing Fee. Filed by Kate Buffy Drakewyck . (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 5 (13 pgs) | Chapter 7 Means Test Calculation - Form 122A-2, Chapter 7 Statement of Current Monthly Income - Form 122A-1. Filed by Kate Buffy Drakewyck. (related document(s):2 Voluntary Petition-Chapter 7). (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 4 (3 pgs) | Statement of Intent. Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 3 | Statement of Social Security Number. Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 2 (48 pgs) | Chapter 7 Voluntary Petition for Individual, Certificate of Credit Counseling and Employee Income Records. Filed by Kate Buffy Drakewyck . (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 1 | Meeting of Creditors & Notice of Appointment of Interim Trustee Wadsworth, |

BAP Appeal No. 23-4    Docket No. 1-4    Filed: 01/30/2023    Page: 20 of 20

| | | |
|---|---|---|
| | | ... held open ... 9:00 AM at Denver Chapter 7 Telephonic Financial Management Course Certificate due by 6/21/2022. Last day to oppose discharge or dischargeability is 6/21/2022. (Entered: 03/25/2022) |
| 03/25/2022 | | New Bankruptcy Case Opened . Section 521 Incomplete Filings due by 5/9/2022. (mmg) (Entered: 03/25/2022) |

Appellate Case: 23-1236    Document: 0101 10908042    Date Filed: 08/25/2023    Page: 115
BAP Appeal No. 23-4    Docket No. 31-2    Filed: 08/24/2023    Page: 114 of 245

APLBAP, DISMISSED

## U.S. Bankruptcy Court
### District of Colorado (Denver)
### Adversary Proceeding #: 22-01250-EEB

*Assigned to:* Elizabeth E. Brown                    *Date Filed:* 10/17/22
*Lead BK Case:* 22-10977                             *Date Dismissed:* 01/18/23
*Lead BK Title:* Kate Buffy Drakewyck
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:*  63 Dischargeability - 523(a)(8), student loan

### Plaintiff
------------------------

**Kate Drakewyck**                                   represented by **Kate Drakewyck**
PO Box 140114                                        PRO SE
Lakewood, CO 80214
720-232-7287


V.


### Defendant
------------------------

**US Department Of Education**                       represented by **US Department Of Education**
                                                     PRO SE


| Filing Date | # | Docket Text |
|---|---|---|
| 10/17/2022 | <u>1</u><br>(5 pgs) | Adversary case 22-01250. Complaint by Kate Drakewyck against US Department Of Education . The Plaintiff in this adversary proceeding is either the debtor in an underlying chapter 7 or 13 case, or the United States other than the U.S. Trustee acting as a trustee in the underlying bankruptcy case. Pursuant to paragraph (6) of the Bankruptcy Court Miscellaneous Fee Schedule, there is no fee to file an adversary proceeding when the plaintiff is the United States, other than a U.S. Trustee acting as a trustee in a case, or the debtor in a chapter 7 or 13 case. Accordingly, this adversary proceeding shall be commenced without payment of the filing fee . Adversary Status Deadline 2/14/2023 (63 (Dischargeability - 523(a)(8), student loan)) (tjv) (Entered: 10/17/2022) |
| 10/17/2022 | <u>2</u><br>(4 pgs) | Summons Issued on US Department Of Education Answer Due 11/23/2022. (tjv) (Entered: 10/17/2022) |

| 10/29/2022 | 3 (3 pgs) | Summons Service Executed On: Roland Stallings on 10/24/2022 filed by Kate Drakewyck . (re) (Entered: 10/31/2022) |
|---|---|---|
| 11/28/2022 | 4 (3 pgs) | Motion to Rule in Favor of the Debtor: Dismissal of the Student Loan Balance. Filed by Plaintiff Kate Drakewyck (related document(s):1 Complaint). (mmg) (Entered: 11/28/2022) |
| 11/29/2022 | 5 (2 pgs) | Order Denying Motion To Rule In Favor Of The Debtor (related document(s):4 Motion). IT IS ORDERED that Plaintiffs Motion is DENIED. Nonetheless, the Court will provide Plaintiff another opportunity to properly effectuate service. Therefore, IT IS FURTHER ORDERED that on or before December 13, 2022, Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5), failing which this adversary proceeding may be dismissed. (re) (Entered: 11/29/2022) |
| 12/01/2022 | 6 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)5 Other Order). No. of Notices: 1. Notice Date 12/01/2022. (Admin.) (Entered: 12/01/2022) |
| 12/12/2022 | 7 (2 pgs) | Certificate of Service on District Attorney - Washington DC on 12/10/2022 filed by Kate Drakewyck . (re) **Modified on 12/12/2022 to reflect text (re).** (Entered: 12/12/2022) |
| 12/12/2022 | 8 (2 pgs) | Certificate of Service On: Office of the Attorney General - Washington DC on 12/10/2022 filed by Kate Drakewyck . (re) **Modified on 12/12/2022 to reflect text (re).** (Entered: 12/12/2022) |
| 12/14/2022 | 9 (1 pg) | Order To File (related document(s)1 Complaint). IT IS ORDERED that on or before December 28, 2022, Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5) or Fed. R, failing which this adversary proceeding may be dismissed. (re) (Entered: 12/14/2022) |
| 12/16/2022 | 10 (2 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)9 Order to File). No. of Notices: 1. Notice Date 12/16/2022. (Admin.) (Entered: 12/16/2022) |
| 01/16/2023 | 11 (3 pgs) | Motion to Rule in Favor of the Debtor: Dismissal of the Student Loan Balance Filed by Plaintiff Kate Drakewyck . (mmg) (Entered: 01/17/2023) |
| 01/18/2023 | 12 (2 pgs) | Order Denying Plaintiff's Second Motion to Rule in Favor of the Debtor. (related document(s):11 Motion). (mmg) (Entered: 01/18/2023) |
| 01/18/2023 | 13 (2 pgs) | Order Dismissing Adversary Proceeding. (related document(s)1 Complaint). (mmg) (Entered: 01/18/2023) |
| 01/18/2023 | | Disposition of Adversary Proceeding Number 22-01250-EEB. Final Order or Judgment Has Entered. Tickle Due Date 2/1/2023. (mmg) (Entered: 01/18/2023) |

78

| | | |
|---|---|---|
| 01/20/2023 | **14**<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)12 Other Order). No. of Notices: 1. Notice Date 01/20/2023. (Admin.) (Entered: 01/20/2023) |
| 01/20/2023 | **15**<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)13 Order Dismissing Adversary Proceeding). No. of Notices: 1. Notice Date 01/20/2023. (Admin.) (Entered: 01/20/2023) |
| 01/23/2023 | **16**<br>(3 pgs) | Letter From Kate Drakewyck Dated 1/22/2023 (related document(s)12 Other Order, 13 Order Dismissing Adversary Proceeding). (re) (Entered: 01/23/2023) |
| 01/28/2023 | **17**<br>(13 pgs; 2 docs) | Notice of Appeal and Statement of Election. Appellant is Pro Se. Filing fee paid online 1/28/2023. Filed by Kate Drakewyck (related document(s)13 Order Dismissing Adversary Proceeding). (Attachments: # 1 Statement re Admission, Interested Parties, Oral Argument) (mlr) **Corrected docket text to show payment information on 1/30/2023 (mlr).** (Entered: 01/30/2023) |
| 01/28/2023 | **18**<br>(4 pgs) | Appellant Designation of Record and Statement of Issues On Appeal. Case Number Not Yet Available. Filed by Kate Drakewyck (related document(s)17 Notice of Appeal and Statement of Election). (mlr) (Entered: 01/30/2023) |
| 01/30/2023 | 19 | This Appeal Has Been Accepted by the Bankruptcy Appellate Panel and Assigned **Case No. CO 23-04**. Please Refer to That Court's Docket for the Most Complete Information Regarding This Appeal (related document(s)17 Notice of Appeal and Statement of Election). (mlr) (Entered: 01/30/2023) |
| 01/30/2023 | 20 | Receipt of Appeal Filing Fee - $298.00 by MM. Receipt Number 310633. (admin) (Entered: 01/30/2023) |
| 02/05/2023 | **21**<br>(7 pgs) | Motion for Leave to Appeal. Pursuant to F.R.B.P. 8004(b)(2), Responses Are To Be Filed With The Appellate Court Within 14 Days. BAP Appeal Case No. is CO 23-04. Filed by Kate Drakewyck (related document(s)13 Order Dismissing Adversary Proceeding, 17 Notice of Appeal and Statement of Election) . (mlr) **Added Appeal Case Number on 2/6/2023 (mlr).** (Entered: 02/06/2023) |
| 02/13/2023 | **22**<br>(2 pgs) | Order Denying Plaintiff's Motion For Leave to Appeal (related document(s):21 Motion for Leave to Appeal). (re) (Entered: 02/13/2023) |
| 02/15/2023 | **23**<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)22 Order on Motion For Leave to Appeal). No. of Notices: 1. Notice Date 02/15/2023. (Admin.) (Entered: 02/15/2023) |
| 02/21/2023 | **24**<br>(1 pg) | Order Vacating Order Denying Plaintiff's Motion For Leave To Appeal (related document(s)22 Order on Motion For Leave to Appeal). THIS MATTER comes before the court sua sponte. On February 13, 2023, this Court entered an Order Denying Plaintiff's Motion For Leave to Appeal in error. Accordingly, it is ORDERED that the Order Denying Plaintiff's Motion For Leave to Appeal entered on February 13, 2023 at |

| | | |
|---|---|---|
| | | Docket #22, IS HEREBY VACATED. (re) (Entered: 02/21/2023) |
| 02/21/2023 | 25<br>(3 pgs) | COPY of Order Allowing Motion Appeal to Proceed. Entered by the BAP in Appeal Case CO 23-04 on February 8, 2023. (related document(s):21 Motion for Leave to Appeal). (mlr) (Entered: 02/21/2023) |
| 02/23/2023 | 26<br>(2 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)24 Order to Vacate Document). No. of Notices: 1. Notice Date 02/23/2023. (Admin.) (Entered: 02/23/2023) |
| 02/23/2023 | 27<br>(4 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)25 Order on Motion For Leave to Appeal). No. of Notices: 1. Notice Date 02/23/2023. (Admin.) (Entered: 02/23/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/12/2023 13:19:33 | | |
| PACER Login: | bdrakewyck | Client Code: | |
| Description: | Docket Report | Search Criteria: | 22-01250-EEB Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |

117

80

United States Bankruptcy Court
District of Colorado

Drakewyck,
     Plaintiff
US Department Of Education,
     Defendant

Adv. Proc. No. 22-01250-EEB

# CERTIFICATE OF NOTICE

District/off: 1082-1          User: admin          Page 1 of 1
Date Rcvd: Feb 21, 2023      Form ID: pdf904      Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 23, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| pla | + Kate Drakewyck, PO Box 140114, Lakewood, CO 80214-0114 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 23, 2023       Signature:     /s/Gustava Winters

81

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE KATE BUFFY DRAKEWYCK, | BAP No. CO-23-004 |
| Debtor. | |
| | Bankr. No. 22-10977 |
| KATE BUFFY DRAKEWYCK, | Adv. No. 22-01250 |
| | Chapter 7 |
| Plaintiff - Appellant. | |
| | ORDER ALLOWING APPEAL TO PROCEED |

Before **SOMERS**, **PARKER**, and **THURMAN**, Bankruptcy Judges.

On January 30, 2023, Appellant filed a notice of appeal, appealing the Bankruptcy Court's *Order Dismissing Case* (the "Order"), which dismissed the Appellant's adversary proceeding without prejudice. Subsequently, this Court issued its *Order to Show Cause Why Appeal Should Not Be Dismissed As Interlocutory* ("Show Cause Order"). Appellant responded, arguing the Order is final.

This Court has jurisdiction to hear appeals from final orders, final collateral orders, and, with leave of court, interlocutory orders.[1] An order is considered final if it

---

[1] 28 U.S.C. § 158; *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 768 (10th Cir. BAP 1997).

"ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment."[2]

We determine the Order is a final as to whether the Bankruptcy Court correctly

dismissed the adversary proceeding for failure to properly effectuate service in

accordance with the Federal Rules of Bankruptcy Procedure.[3] The Tenth Circuit has held

that, while generally a dismissal without prejudice is not a final order, where the

dismissal finally disposes of the case so that it is not subject to further proceedings in

federal court, the dismissal is final.[4] Here, the clear intent of the Bankruptcy Court was to

---

[2] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

[3] *See United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949) ("That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the district court was concerned."). *See also In re Davis*, 177 B.R. 907, 910 (9th Cir. BAP 1995) ("Although the bankruptcy court dismissed the complaint without prejudice, the order was a final one, because it terminated the instant action. The bankruptcy court contemplated that Debtor could bring the action before that court again only by filing a new adversary proceeding if the dismissal of the underlying chapter 13 case was set aside on appeal."); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *1 (6th Cir. BAP 2006) (unpublished) (determining order dismissing the adversary proceeding without prejudice is a final order without comment).

[4] *United States v. Wallace & Tiernan Co. Amazon Inc., v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001); *Moya v. Schollenbarger*, 465 F.3d 444 (10th Cir. 2006). *See also Petty v. Manpower, Inc.*, 591 F.2d 615 (10th Cir. 1979) (order dismissing without prejudice for lack of prosecution and holding lower court's clear intent to dismiss entire action was demonstrated by its cite to Fed. R. Civ. P 41(b) involving dismissal of an action and statement that lack of prosecution was the reason for dismissal); *Arrow v. Dow*, 636 F.2d 287, 289 (10th Cir. 1980) (order dismissing complaint without prejudice is final; "The district court showed by its actions that it intended to make a final disposition of the case. This is enough."); *Lasky v. Lansford*, 76 F. App'x 240 (10th Cir. 2003) (unpublished) (order dismissing action without prejudice for failure to properly serve reviewed as final without comment); *Shepard v. United States Dep't of Veterans Affairs*, 819 F. App'x 622 (10th Cir. 2020) (unpublished) (same).

2

83

dismiss the entire action. In the Order, the Bankruptcy Court cites Federal Rule of Civil Procedure 4(m). In addition, the Bankruptcy Court recites Appellant's failure to effectuate proper service as the reason for dismissal. It would thus appear that what the Bankruptcy Court intended was a dismissal, albeit without prejudice, of Appellant's adversary proceeding for failure to effectuate service.

Accordingly, it is HEREBY ORDERED that:

(1)　The appeal shall proceed.

(2)　Appellant's Opening Brief and Appendix shall be due on or before thirty days from the date of this Order.

(3)　The Show Cause Order is VACATED.

For the Panel:

Blaine F. Bates
Clerk of Court

United States Bankruptcy Court
District of Colorado

Drakewyck,
    Plaintiff
                                        Adv. Proc. No. 22-01250-EEB
US Department Of Education,
    Defendant

# CERTIFICATE OF NOTICE

| District/off: 1082-1 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Feb 21, 2023 | Form ID: pdf904 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol**        **Definition**
+                  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 23, 2023:**

**Recip ID**        **Recipient Name and Address**
pla            + Kate Drakewyck, PO Box 140114, Lakewood, CO 80214-0114

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 23, 2023               Signature:     /s/Gustava Winters

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: | Bankruptcy Case No. 22-10977 EEB |
| KATE BUFFY DRAKEWYCK, | |
| | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| KATE BUFFY DRAKEWYCK, | Adversary Proceeding No. 22-01250 EEB |
| Plaintiff, | |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendant. | |

## ORDER VACATING ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL

THIS MATTER comes before the court *sua sponte*. On February 13, 2023, this Court entered an Order Denying Plaintiff's Motion For Leave to Appeal in error. Accordingly, it is

ORDERED that the Order Denying Plaintiff's Motion For Leave to Appeal entered on February 13, 2023 at Docket #22, IS HEREBY VACATED.

DATED this 21st day of February, 2023.

BY THE COURT:

*Elizabeth E. Brown*
Elizabeth E. Brown, Bankruptcy Judge

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

---

IN RE KATE BUFFY DRAKEWYCK,

Debtor.

BAP No. CO-23-004

---

KATE BUFFY DRAKEWYCK,

Plaintiff - Appellant.

Bankr. No. 22-10977
Adv. No. 22-01250
Chapter 7

ORDER ALLOWING APPEAL TO
PROCEED

---

Before **SOMERS**, **PARKER**, and **THURMAN**, Bankruptcy Judges.

---

On January 30, 2023, Appellant filed a notice of appeal, appealing the Bankruptcy Court's *Order Dismissing Case* (the "Order"), which dismissed the Appellant's adversary proceeding without prejudice. Subsequently, this Court issued its *Order to Show Cause Why Appeal Should Not Be Dismissed As Interlocutory* ("Show Cause Order"). Appellant responded, arguing the Order is final.

This Court has jurisdiction to hear appeals from final orders, final collateral orders, and, with leave of court, interlocutory orders.[1] An order is considered final if it

---

[1] 28 U.S.C. § 158; *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 768 (10th Cir. BAP 1997).

"ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[2]

We determine the Order is a final as to whether the Bankruptcy Court correctly dismissed the adversary proceeding for failure to properly effectuate service in accordance with the Federal Rules of Bankruptcy Procedure.[3] The Tenth Circuit has held that, while generally a dismissal without prejudice is not a final order, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final.[4] Here, the clear intent of the Bankruptcy Court was to

---

[2] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

[3] *See United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949) ("That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the district court was concerned."). *See also In re Davis*, 177 B.R. 907, 910 (9th Cir. BAP 1995) ("Although the bankruptcy court dismissed the complaint without prejudice, the order was a final one, because it terminated the instant action. The bankruptcy court contemplated that Debtor could bring the action before that court again only by filing a new adversary proceeding if the dismissal of the underlying chapter 13 case was set aside on appeal."); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *1 (6th Cir. BAP 2006) (unpublished) (determining order dismissing the adversary proceeding without prejudice is a final order without comment).

[4] *United States v. Wallace & Tiernan Co. Amazon Inc., v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001); *Moya v. Schollenbarger*, 465 F.3d 444 (10th Cir. 2006). *See also Petty v. Manpower, Inc.*, 591 F.2d 615 (10th Cir. 1979) (order dismissing without prejudice for lack of prosecution and holding lower court's clear intent to dismiss entire action was demonstrated by its cite to Fed. R. Civ. P 41(b) involving dismissal of an action and statement that lack of prosecution was the reason for dismissal); *Arrow v. Dow*, 636 F.2d 287, 289 (10th Cir. 1980) (order dismissing complaint without prejudice is final; "The district court showed by its actions that it intended to make a final disposition of the case. This is enough."); *Lasky v. Lansford*, 76 F. App'x 240 (10th Cir. 2003) (unpublished) (order dismissing action without prejudice for failure to properly serve reviewed as final without comment); *Shepard v. United States Dep't of Veterans Affairs*, 819 F. App'x 622 (10th Cir. 2020) (unpublished) (same).

dismiss the entire action. In the Order, the Bankruptcy Court cites Federal Rule of Civil

Procedure 4(m). In addition, the Bankruptcy Court recites Appellant's failure to

effectuate proper service as the reason for dismissal. It would thus appear that what the

Bankruptcy Court intended was a dismissal, albeit without prejudice, of Appellant's

adversary proceeding for failure to effectuate service.

     Accordingly, it is HEREBY ORDERED that:

    (1)   The appeal shall proceed.

    (2)   Appellant's Opening Brief and Appendix shall be due on or before

        thirty days from the date of this Order.

    (3)   The Show Cause Order is VACATED.

                  For the Panel:

                  Blaine F. Bates
                  Clerk of Court

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

---

### ORDER VACATING ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL

---

THIS MATTER comes before the court *sua sponte*. On February 13, 2023, this Court entered an Order Denying Plaintiff's Motion For Leave to Appeal in error. Accordingly, it is

ORDERED that the Order Denying Plaintiff's Motion For Leave to Appeal entered on February 13, 2023 at Docket #22, IS HEREBY VACATED.

DATED this 21st day of February, 2023.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown, Bankruptcy Judge

90

United States Bankruptcy Court
District of Colorado

Drakewyck,
    Plaintiff
                                             Adv. Proc. No. 22-01250-EEB
US Department Of Education,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 1082-1                                  User: admin                             Page 1 of 1
Date Rcvd: Feb 13, 2023                         Form ID: pdf904                     Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 15, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| pla | + | Kate Drakewyck, PO Box 140114, Lakewood, CO 80214-0114 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 15, 2023                     Signature:       /s/Gustava Winters

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL

THIS MATTER comes before the Court on the Motion for Leave to Appeal ("Motion") filed by Plaintiff Kate Buffy Drakewyck ("Plaintiff"). Plaintiff has appealed from the Order of this Court dismissing the above-captioned adversary proceeding without prejudice for Plaintiff's failure to properly serve the Defendant. Plaintiff now seeks leave of the Court to pursue an appeal of the Order.

Only final decisions of a court are appealable. *Forney v. Apfel*, 524 U.S. 266, 269 (1998). Generally, a dismissal of a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d. Cir. 2004). However, the order is appealable where the "plaintiff has been effectively excluded from federal court under the present circumstances." *Facteau v. Sullivan*, 843 F.2d 1318, 1319 (10th Cir. 1988); *Korgich v. Regents of New Mexico Sch. Of Mines*, 582 F.2d 549, 550 (10th Cir. 1978) (dismissal without prejudice based on Eleventh Amendment was "death knell" of litigation in federal court and therefore final and appealable.). Here, the dismissal of Plaintiff's complaint without prejudice does not bar Plaintiff from federal court. Rather, she is welcome to remedy the deficiency. Therefore, the Order is not final nor appealable, rather it is interlocutory.

Appeals from interlocutory orders may only be pursued with leave of the Court. *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 768 (10th Cir. BAP 1997); 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8004(a). Generally, "[l]eave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances." *Id.* at 769. Here, the Court will not grant Plaintiff leave in that the dismissal resulted from her failure to follow proper procedure despite the Court's warnings. Furthermore, there is no merit in Plaintiff's appeal, it contains no novel issues of law, and it reflects no "exceptional circumstances." Accordingly, the Court hereby,

ORDERS that Plaintiff's Motion is DENIED.

Dated: this 13th day of February, 2023.

BY THE COURT:

Elizabeth E. Brown, Bankruptcy Judge

93

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250<br>EEB |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL

THIS MATTER comes before the Court on the Motion for Leave to Appeal ("Motion") filed by Plaintiff Kate Buffy Drakewyck ("Plaintiff"). Plaintiff has appealed from the Order of this Court dismissing the above-captioned adversary proceeding without prejudice for Plaintiff's failure to properly serve the Defendant. Plaintiff now seeks leave of the Court to pursue an appeal of the Order.

Only final decisions of a court are appealable. *Forney v. Apfel*, 524 U.S. 266, 269 (1998). Generally, a dismissal of a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d. Cir. 2004). However, the order is appealable where the "plaintiff has been effectively excluded from federal court under the present circumstances." *Facteau v. Sullivan*, 843 F.2d 1318, 1319 (10th Cir. 1988); *Korgich v. Regents of New Mexico Sch. Of Mines*, 582 F.2d 549, 550 (10th Cir. 1978) (dismissal without prejudice based on Eleventh Amendment was "death knell" of litigation in federal court and therefore final and appealable.). Here, the dismissal of Plaintiff's complaint without prejudice does not bar Plaintiff from federal court. Rather, she is welcome to remedy the deficiency. Therefore, the Order is not final nor appealable, rather it is interlocutory.

Appeals from interlocutory orders may only be pursued with leave of the Court. *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 768 (10th Cir. BAP 1997); 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8004(a). Generally, "[l]eave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances." *Id.* at 769. Here, the Court will not grant Plaintiff leave in that the dismissal resulted from her failure to follow proper procedure despite the Court's warnings. Furthermore, there is no merit in Plaintiff's appeal, it contains no novel issues of law, and it reflects no "exceptional circumstances." Accordingly, the Court hereby,

ORDERS that Plaintiff's Motion is DENIED.

Dated: this 13th day of February, 2023.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown, Bankruptcy Judge

2
**132**

Case:22-01250-EEB Doc#:21 Filed:02/05/23 Entered:02/06/23 09:06:38 Page1 of 7

| ☐County Court ☐District Court ☒ BAP<br>_District of_ County, Colorado<br>Court Address: | |
|---|---|
| Plaintiff(s)/Petitioner(s): Kate Drakewyck<br>v.<br>Defendant(s)/Respondent(s): US Department of Education | ▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>PO Box 140114<br>Lakewood, CO 80214<br>Phone Number: 720.252. E-mail:<br>FAX Number: 7887 Atty. Reg. #. | Case Number:<br>23-4<br><br>Division        Courtroom |
| **MOTION TO LEAVE FOR APPEAL** | |

**For the following reasons: (cite any applicable law):**

Question: A review of the documents in this appeal suggests that the order appealed may not be a final order because the order appealed was dismissed without prejudice. See Catlin v. United States, 324 U.S. 229, 233 (1945) (An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

Relief: I ask that, having served the main party, Department of Education, and those that needed to be notified, District Attorney of Washington DC and Office of the Attorney General Washington DC, that the case be allowed to continue in order to move to have my student loan balance dismissed. Because it's a false dismissal and the court has continued to do this, I ask that all appeal fees, including the one paid in 11/2022, be refunded at the end of this.

Reasons: This case was filed under an Order by the courts, the Order said that it was dismissed without prejudice. Per the request for Cause, it states that "an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."" While without prejudice allows me to file once again, that would be a new case being filed under bankruptcy court, not continued action under the case that was initially filed. While I could have done that, I should not have to create a new case and reserve those that have already been served, when I completed those actions per law and, later, per the order issued by that court. As that, this case has in fact reached the point where there is nothing to do, but execute judgment, even if the order is based on false

reasoning. It was also stated that since I served the Department of Education and later served the District Attorney and Office of the General Attorney, but did not re serve the Department of Education that they're part had gone "stale". That's incorrect, they were served and had the full allotment of time to respond to that service, but they chose not to. The other parties being sent notice in no way impacted that time frame in which they failed to respond and I followed the Order from the court exactly.

I respectfully request the Court to:

Continue on with the appeal.

Date: 2/5/23

Signature of ☐Petitioner/Plaintiff or, ☐Respondent/Defendant

Address: PO Box 140114

City, State and Zip Code: Lakewood, CO 80214

720-232-7287

Telephone Number (Home)                    (Work)

## CERTIFICATE OF SERVICE

I certify that on 2/5/23 (date) a true and accurate copy of the Motion to Leave for Appeal was served on the other party by:

☐Hand Delivery, ☑E-filed, ☐Faxed to this number _____ or ☑by placing it in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To: US Department of Education
   400 Marylan Ave, SW
   Washington, DC 20202

☐Petitioner/Plaintiff or ☐Respondent/Defendant

JDF 76  R5/17   MOTION TO

97

Appellate Case: 23-1236   Document: 010110908642   Date Filed: 08/25/2023   Page: 136
BAP Appeal No. 23-4   Docket No. 31-2   Filed: 08/24/2023   Page: 935 of 245

Case:22-01250-EEB   Doc#:21   Filed:02/05/23   Entered:02/06/23 09:06:38   Page3 of


## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: | |
| KATE BUFFY DRAKEWYCK, | Bankruptcy Case No. 22-10977 EEB |
| Debtor. | Chapter 7 |
| | |
| KATE BUFFY DRAKEWYCK, | Adversary Proceeding No. 22-01250 |
| Plaintiff, | EEB |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendant. | |

---

## ORDER DISMISSING CASE

---

THIS MATTER comes before the Court *sua sponte*. This Court issued an Order to File requiring Plaintiff Kate Buffy Drakewyck ("Plaintiff") to file a motion for alias summons and serve such alias summons properly on the Defendant United States Department of Education ("Defendant") by December 28, 2022, failing which the above-captioned adversary proceeding may be dismissed. To date, Plaintiff has not requested, nor received, an alias summons to effectuate proper service. Accordingly, for Plaintiff's failure to comply with the Court's prior Order to File, dismissal is warranted.

Furthermore, as of the date of this Order, more than 90 days have elapsed since the commencement of the above-captioned adversary proceeding. There still is no proof of proper service upon the Defendant, and therefore, dismissal is warranted pursuant to Fed. R. Civ. P. 4(m), as made applicable to these proceedings by Fed. R. Bankr. R. 7004. For these reasons, it is

ORDERED that this adversary case is hereby dismissed without prejudice.

FURTHER ORDERED that the Clerk of the Court shall give notice of this dismissal to the Plaintiffs, Debtors, and Chapter 7 Trustee in the underlying case and shall **CLOSE THIS ADVERSARY CASE.**

DATED: this 18th day of January, 2023.

98

BY THE COURT:

Elizabeth E. Brown

Elizabeth E. Brown, Bankruptcy Judge

Case:22-01250-EEB   Doc#:21   Filed:02/05/23   Entered:02/06/23 09:06:38   Page5 

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250<br>EEB |

### ORDER DENYING PLAINTIFF'S SECOND MOTION TO RULE IN FAVOR OF THE DEBTOR

THIS MATTER comes before the Court on the Second Motion to Rule in Favor of the Debtor: Dismissal of Student Loan Balance ("Motion"), filed by Plaintiff Kate Buffy Drakewyck ("Plaintiff") on January 16, 2023, which the Court will construe as a Motion for Default Judgment.

Before the Court can enter a Clerk's Entry of Default, Plaintiff must provide proof of proper service of the summons and complaint demonstrating that service has been made in full compliance with Fed. R. Bankr. P. 7004 or Fed. R. Civ. P. 4. Here, Plaintiff failed to properly serve Defendant United States Department of Education ("Defendant"), in the manner contemplated by Fed. R. Bankr. P. 7004(b)(4), (5). Accordingly, the Court denied Plaintiff's first motion for default judgment. Plaintiff then filed two certificates of service reflecting her mailing of the complaint and the original summons to two other entities in an apparent attempt to satisfy Fed. R. Bankr. P. 7004(b)(4), (5). However, the original summons was not served within seven days after its issuance, such that it became "stale" and incapable of effectuating service. Fed. R. Bankr. P. 7004(e); Menges v. Menges (In re Menges), 337 B.R. 191, 193-94 (Bankr. N.D. Ill. 2006) ("Service of a stale summons is no service at all."). As such, the Court entered its Order to File directing Plaintiff to request a new summons and properly serve it along with a copy of the complaint upon the Defendant. Plaintiff failed to do so, and she instead filed the immediate Motion. However, at this time, there still is no proof of proper service of process upon the Defendant, and, to the contrary, the docket reveals that Plaintiff has failed to properly serve Defendant with process as required by the Federal Rules of Bankruptcy Procedure. Under these circumstances, a Clerk's Entry of Default cannot enter. Accordingly, it is hereby,

ORDERED Plaintiff's Motion is DENIED.

Dated: this 18th day of January, 2023.

100

BY THE COURT:

Elizabeth E. Brown
_____
Elizabeth E. Brown, Bankruptcy Judge

2

51903010421013

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 2/5/2023 12:37:14 PM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

139

/oz

## Pay.gov Payment Confirmation: USBC Colorado Payments

From: notification@pay.gov (notification@pay.gov)

To:    bdrakewyck@yahoo.com

Date:  Saturday, January 28, 2023 at 11:54 AM MST

 An official email of the United States government

Your payment has been submitted to Pay.gov and the details are below. If you have any questions regarding this payment, please contact United States Bankruptcy Court, District of Colorado, Finance Department at 720-904-7441 or Cob_Finance@cob.uscourts.gov.

Application Name: USBC Colorado Payments
Pay.gov Tracking ID: 273K87A0
Agency Tracking ID: 76357598108
PayPal Transaction ID: 2JJ07724KU6278834
Transaction Type: Sale
Transaction Amount: $298.00
Transaction Date: 01/28/2023 01:54:29 PM EST
Payment Method: PayPal

Case Number: 22-01250
Case Name: Kate Drakewyck
Document Number:
Requestor Name/Address: Kate B Drakewyck, 6798 West Portland Avenue, Littleton, CO 80128
Requestor Email/Phone: bdrakewyck@yahoo.com - (720) 232-7287
Payor Name/Address: Kate B Drakewyck, 6798 West Portland Avenue, Littleton, CO 80128
Payor Email/Phone: bdrakewyck@yahoo.com - (720) 232-7287
Delivery Options:
Quantities: Certification - 0, Copies - 0, Recordings - 0
Selected Options: Appeal
Reopenings: Reopen Chapter 7 Case - $0.00, Reopen Chapter 13 Case - $0.00
Installment Payment: Chapter 7 Installment - $0.00, Chapter 11 Installment - $0.00, Chapter 13 Installment - $0.00

103

THIS IS AN AUTOMATED MESSAGE. PLEASE DO NOT REPLY.



Pay.gov is a program of the U.S. Department of the Treasury, Bureau of the Fiscal Service

Yahoo Mail - 23-4 Kate Drakewyck "Bankruptcy Appeal Filed (BAP)"    https://mail.yahoo.com/d/folders/32/messages/AEOZMiko2cTyaY9...

Appellate Case: 23-1336    Document: 010109080413    Date Filed: 04/06/2023    Page: 106 of 125
BAP Appeal No. 23344    Docket No. 3182    Filed: 03/04/2023    Page: 106 of 125

# 23-4 Kate Drakewyck "Bankruptcy Appeal Filed (BAP)" (22-10977, Lead: 22-01250)

From: ca10_bap_cmecf_notify@ca10.uscourts.gov

To: bdrakewyck@yahoo.com

Date: Monday, January 30, 2023 at 11:37 AM MST

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

**U.S. Bankruptcy Appellate Panel of the Tenth Circuit**

**Notice of Docket Activity**

The following transaction was entered on 01/30/2023 at 11:37:05 AM Mountain Standard Time and filed on 01/30/2023

| Case Name: | Kate Drakewyck |
|---|---|
| Case Number: | 23-4 |
| Document(s): | Document(s) |

**Docket Text:**
APPEAL: Bankruptcy appeal filed. BAP case number: CO-23-04. Appeal filed in the Bankruptcy Court on 01/28/2023. Notification of appeal transmitted from the Bankruptcy Court by NEF. Record received from the Bankruptcy Court docket 01/30/2023. [91980]

**Notice will be electronically mailed to:**

BK - CO: cobml_appeals@cob.uscourts.gov
Kate Buffy Drakewyck: bdrakewyck@yahoo.com

The following document(s) are associated with this transaction:
**Document Description:** Bankruptcy Appeal Filed (BAP)
**Original Filename:** Drakewyck - NOA.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=01/30/2023] [FileNumber=91980-0]
[777a694b83e2cad8313632543ee25a0ce463a43a568897ce809bf6ee49c04ef31ba418a2fc466d392dc3e7615da656
72e81e1423d1786e60739a243d501debf6]]

**Document Description:** Order Appealed Dkt. 13
**Original Filename:** Drakewyck Order Dismissing Adv..pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=01/30/2023] [FileNumber=91980-1]
[96ea922aabfb6afbd9ae23a9bf52d2a1b764aeb4820dd9a11722c77b998575254feac89c3d49ee239cb206c529738da
3b6fbebe713e5a0dbd0eab38a94f14415]]

**Document Description:** Adv. Pro. Dkt.
**Original Filename:** Drakewyck Adv. Pro. Dkt..pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=01/30/2023] [FileNumber=91980-2]
[4c76072d3a127bd8283e331cf6364931960cabf118d1ae228caf29a3e86ac997ebfce39ad95cf99ed4a28cf3d75e01b4
25d08d55a3aaf8fbd2a9510993beda31]]

142

10 5‾

**Document Description:** Bankr. Dkt.
**Original Filename:** Drakewyck Bankr. Dkt..pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=01/30/2023] [FileNumber=91980-3]
[2d123202a9808c7e7a74127d5d341b11a3324aac1b8f30906dc8e2c0039d0a59a341475717f070d7a0d610a3285fe1
91c337790136dc00766d2fa9e39dc8e53c]]

143

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF _____

_____ Colorado _____

| IN RE | BAP No. |
|---|---|
| Debtor: Kate Drakewyck | 22-10977 -EEB |

| Appellant.<br><br>Kate Drakewyck<br>v. | Bankr. No.<br>Adv. No.<br>Chapter<br><br>22-01250-EEB |

| Appellee.<br>Department of<br>Education | |

## Designation of Items to be Included in the Record on Appeal

_____ Kate Drakewyck _____ , pursuant to Federal Rule of Bankruptcy Procedure
[Appellant or Appellee]

8009(a), hereby designates the following items to be included in the record on appeal:

1.  _____ Order Dismissing Case _____   1/18/23
    [Name of document filed in bankruptcy court]   [file date]

2.  _____ Order Denying Plaintiff's 2nd _____
    _____ Motion to Rule in Favor of the _____   1/18/23
    [Name of document filed in bankruptcy court]   [file date]
    Debtor

[Repeat as needed]

---

Note: Many bankruptcy courts allow a party to file a copy of the docket report, with the selected items indicated with a circle or asterisk. Check with your local bankruptcy court for any applicable requirements of form.

---

Signature

Name Kate Drakewyck

Address PO Box 140114, Lakewood

Phone No. 726-232-7211

ECF E-mail Address bdrakewyck@yahoo.com

## File with the Bankruptcy Court
Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).

107

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF _Colorado_

IN RE                                           BAP No.

    Debtor. Kate                              22-10977-EEB
    Drakewyck

    Appellant.                          Bankr. No.
    Kate Drakewyck                     Adv. No.
                                       Chapter
v.
                                       22-01250-EEB

    Appellee. Department
    of Education

### Statement of Issues to Be Presented

    Kate Drakewyck pursuant to Federal Rule of Bankruptcy Procedure
    *[Appellant or Appellee]*

8009(a), hereby states the issues to be presented on appeal:


1.   The bankruptcy court erred when it _Dismissed Student loan case_
2.   _Denyed motion to rule in favor, all services/orders_
     *[repeat as needed]*        _were completed_


Note: Check with your local bankruptcy court for any applicable requirements of form.


               *Kate R*
Signature
Name Kate Drakewyck
Address PO Box 140114, Lakewoo
Phone No. 720-232-7287
ECF E-mail Address bdrakewyck @
                         yahoo. com

**File with the Bankruptcy Court**
Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).

10 %

APPEAL PROOF OF SERVICE

Items served via US mail:

US Department of Education

400 Maryland Ave, SW

Washington DC 20202

Items served electronically:

District of Colorado Bankruptcy

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 1/28/2023 12:43:35 PM


User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

110

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   Kate Drakenyck

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   22-01250- EEB
   ☑ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.

   ☐ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:   Order Dismissing Case
   (ie: Dismiss student loans)

2. State the date on which the judgment, order, or decree was entered:   1/8/23

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: US Department of Education   Attorney: none provided

2. Party: District of Colorado   Attorney: none provided
   filed online

///

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_Kate Rll_                                                    Date:  1/28/23

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Kate Drakenycle
PO Box 140114
Lakewood, CO 80214
720-232-7287

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

APPEAL PROOF OF SERVICE

Items served via US mail:

US Department of Education

400 Maryland Ave, SW

Washington DC 20202

Items served electronically:

District of Colorado Bankruptcy

113

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 1/28/2023 12:43:35 PM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

IN RE

Debtor. Kate Drakewyse

BAP No.

22-10977-EEB

Appellant,

v.      Kate Drakewyse

Bankr. No.
Adv. No.
Chapter

22-01250-EEB

Appellee. Department
of Education

## ONE DOCUMENT

(Combined Statement of Admission to Practice, Statement of Interested Parties, and Statement Regarding Oral Argument pursuant to Tenth Circuit BAP Local Rule 8003-2(d))

### Statement of Admission to Practice

Pursuant to Tenth Circuit BAP Local Rule 8003-2(a), the undersigned attorney,

counsel for ___Debtor___ , ___Kate Drakewyse___, in the subject case
　　　　　　 [Party Name]　　　　　[Appellant or Appellee]

states that he or she is admitted to practice before this Court in compliance with Tenth

Circuit BAP Local Rule 8026-2(a).

115

## Statement of Interested Parties[*]

_Kate Drakeway_ pursuant to Tenth Circuit BAP Local Rule 8003-
[*Appellant or Appellee*]

2(b), hereby submits the following:

1. Names of interested parties who are not listed in the notice of appeal (L.R. 8003-2(b)(1)):

   ☑ _District Attorney - Washington DC +_
   _office of the Attorney General - Washington DC_
   ☐ There are no such parties.

2. Names of any parent corporation and any publicly held corporation that owns 10% or more of its stock (L.R. 8003-2(b)(2)):[**]

   ☐ _____

   ☑ There are no such parent or publicly held corporations.

3. Names of any attorneys who have previously appeared but who have not entered an appearance in this Court (L.R. 8003-2(b)(3)):

   ☐ _____

   ☑ There are no such prior attorneys.

4. *Only complete this portion if (1) you are/represent the debtor or trustee, or (2) if neither the debtor nor the trustee are parties to the appeal, you are the Appellant.*

   a. List each debtor not named in the caption (Fed. R. Bankr. P. 8012(b)):

   ☐ _____

   ☑ There are no debtors not named in the caption.

---

[*] This form is used for conflicts checking purposes.

[**] See 11 U.S.C. § 101(9) for the definition of "corporation."

## Statement Regarding Oral Argument

_____ Kate Drakewyck ___ pursuant to Tenth Circuit BAP Local Rule 8003-

*[Appellant or Appellee]*

2(c), hereby submits the following statement regarding oral argument:

☐ Oral Argument is REQUESTED.

☑ Oral argument is NOT REQUESTED.

_____
*Signature*
Name Kate Drakewyck
Address PO Box 140114
Phone No Lakewood, CO 80214
ECF E-mail Address bdrakewyck@
yahoo.com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

IN RE

Debtor.
Kate Drakenych

BAP No.
22-10977-EEB

Appellant,
Kate Drakenych

v.

Appellee. Department
of Education

Bankr. No.
Adv. No.
Chapter

22-01250-EEB

### Statement of Admission to Practice

Pursuant to Tenth Circuit BAP Local Rule 8003-2(a), the undersigned attorney,

counsel for ___Debtor___ , ___Kate Drakenych___ in the subject case
[Party Name]        [Appellant or Appellee]

states that he or she is admitted to practice before this Court in compliance with Tenth

Circuit BAP Local Rule 8026-2(a).

Signature
Name Kate Drakenych
Address PO Box 140114, Lakewood
Phone No. 720-232-7287
ECF E-mail Address bdrakewych@yahoo.com

**Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).**

118

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE | BAP No. |
| Debtor, Kate Drakewyck | 22-10977-EEB |
| | |
| | Bankr. No. |
| | Adv. No. |
| | Chapter |
| Appellant,<br>v.  Kate Drakewyck | 22-01250-EEB |
| | |
| Appellee: Department of Education | |

### Statement of Interested Parties*

Kate Drakewyck pursuant to Tenth Circuit BAP Local Rule 8003-
*[Appellant or Appellee]*

2(b), hereby submits the following:


1.   Names of interested parties who are not listed in the notice of appeal (L.R. 8003-

2(b)(1)):

☑ District Attorney -Washington DC +
Office of the Attorney General -Washington
☐ There are no such parties.                                                DC

_____

* This form is used for conflicts checking purposes.

-1-

2. Names of any parent corporation and any publicly held corporation that owns 10% or more of its stock (L.R. 8003-2(b)(2)):[**]

☐ _____

☑ There are no such parent or publicly held corporations.

3. Names of any attorneys who have previously appeared but who have not entered an appearance in this Court (L.R. 8003-2(b)(3)):

☐ _____

☑ There are no such prior attorneys.

4. Only complete this portion if (1) you are/represent the debtor or trustee, or (2) if neither the debtor nor the trustee are parties to the appeal, you are the Appellant.

a. List each debtor not named in the caption (Fed. R. Bankr. P. 8012(b)):

☐ _____

☑ There are no debtors not named in the caption.

b. For each debtor listed in paragraph 4(a) that is a corporation, list the names of any parent corporation and any publicly held corporation that owns 10% or more of its stock (8003-2(b)(2)):

☐ _____

☑ There are no such parent or publicly held corporations.

*Signature*
*Name* Kate Drakewych
*Address* Po Box 140114, Lakewood
*Phone No.* 720-232-7251
*ECF E-mail Address* bdrakewyck@yahoo.com

*Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B).*

_____

[**] See 11 U.S.C. § 101(9) for the definition of "corporation."

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE TENTH CIRCUIT

| IN RE | BAP No. |
|---|---|
| Debtor, Kate Drakewyck | 22-10977-EEB |
| | Bankr. No. Adv. No. Chapter |
| Appellant, v. Kate Drakewyck | 22-6215-EEB |
| Appellee. Department of Education | |

**Statement Regarding Oral Argument**

_Kate Drakewyck_, pursuant to Tenth Circuit BAP Local Rule 8003-

_[Appellant or Appellee]_

2(c), hereby submits the following statement regarding oral argument:

☐ Oral Argument is REQUESTED.

☒ Oral argument is NOT REQUESTED.

Signature

Name Kate Drakewyck
Address PO Box 140114, Lakewood
Phone No. 720-232-7287
ECF E-mail Address bdrakewyck@yahoo.com

_Note: Attach proof of service on all parties. Fed. R. Bankr. P. 8011(d)(1)(B)._

158

121

<u>APPEAL PROOF OF SERVICE</u>

**Items served via US mail:**

US Department of Education

400 Maryland Ave, SW

Washington DC 20202

**Items served electronically:**

District of Colorado Bankruptcy

122

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 1/28/2023 12:43:35 PM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

123

☐County Court ☐District Court ☑ Bancrcptcy
_Drstrict of_ County, Colorado
Court Address:

Plaintiff(s)/Petitioner(s): Kate Drakewych

v.

Defendant(s)/Respondent(s): US Department of Education

Attorney or Party Without Attorney (Name and Address):
PO Box 140114
Lakewood, CO 80214
Phone Number: 720-72-    E-mail:
FAX Number:    7287  Atty. Reg. #:

▲ COURT USE ONLY ▲

Case Number:

22-01250-EEB

Division    Courtroom

**REQUEST FOR THE ORDER SHOWING THE JUDGEMENT THAT WAS MENTIONED IN**

**THE** Disposition of Adversary Proceeding REFRENCED ON 1/18/23

**For the following reasons: (cite any applicable law):**

Starting on 1/18/23, I've made multiple attempts to reach the courts in regards to receipt of the order that would provide further the exact judgment mentioned. The voice mail I got back referenced that I should have already received it, but I haven't. No response has been received from filing out the web form or sending an email.

Between the multiple attempts at communication, it's beginning to seem that the clerks are deliberately impeding my attempts to get the order in a time frame that I would need in order to respond/appeal.

**I respectfully request the Court to:**

Please provide the Order showing the Judgment that was listed in the above Disposition of Adversary Proceeding.

Date: _1/22/23_

Signature of ☐Petitioner/Plaintiff or ☐Respondent/Defendant
PO Box 140114
Address
Lakewood, CO 80214
City, State and Zip Code
720-732-7287
Telephone Number (Home)    (Work)

124

Yahoo Mail - 22-01250-EEB Disposition of Adversary and 22-10977...

## 22-01250-EEB Disposition of Adversary and 22-10977-EEB Filing Fees

From: B Drakewyck (bdrakewyck@yahoo.com)

To:     webmaster@cob.uscourts.gov

Date: Thursday, January 19, 2023 at 04:58 PM MST

01250-In the message left for me, it says I should already have gotten the orders emailed to me in regards to the disposition. I have not recieved that email, how do I get it sent?

10977-I was ordered to pay all fees. I reached out and was given an amount and, yesterday, was told that my account was paid up in full. Today I received a notice that says, "Notice of Deficiency For Failure to Pay Filing Fee: Missing document(s) due by 3/9/23. (related document(s)[17] Schedule D And/Or Schedule E/F" So have I paid everything or do I still owe money? If so, what is the amount?

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 1/22/2023 1:43:46 PM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

Appellate Case: 23-1236 Document: 010110908642 Date Filed: 08/25/2023 Page: 165
BAP Appeal No. 23-44 Docket No. 18-3 Filed: 08/04/2023 Page: 128 of 145

District of Colorado

Drakewyck,
 Plaintiff

US Department Of Education,                                          Adv. Proc. No. 22-01250-EEB
 Defendant

# CERTIFICATE OF NOTICE

District/off: 1082-1                    User: admin                          Page 1 of 1
Date Rcvd: Jan 18, 2023                 Form ID: pdf904                   Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol          Definition**
+                 Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                  regulations require that automation-compatible mail display the correct ZIP.


**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 20, 2023:**

**Recip ID          Recipient Name and Address**
pla            +   Kate Drakewyck, PO Box 140114, Lakewood, CO 80214-0114

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**


Date: Jan 20, 2023                      Signature:        /s/Gustava Winters

127

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

---

### ORDER DISMISSING CASE

THIS MATTER comes before the Court *sua sponte*. This Court issued an Order to File requiring Plaintiff Kate Buffy Drakewyck ("Plaintiff") to file a motion for alias summons and serve such alias summons properly on the Defendant United States Department of Education ("Defendant") by December 28, 2022, failing which the above-captioned adversary proceeding may be dismissed. To date, Plaintiff has not requested, nor received, an alias summons to effectuate proper service. Accordingly, for Plaintiff's failure to comply with the Court's prior Order to File, dismissal is warranted.

Furthermore, as of the date of this Order, more than 90 days have elapsed since the commencement of the above-captioned adversary proceeding. There still is no proof of proper service upon the Defendant, and, therefore, dismissal is warranted pursuant to Fed. R. Civ. P. 4(m), as made applicable to these proceedings by Fed. R. Bankr. R. 7004. For these reasons, it is

ORDERED that this adversary case is hereby dismissed without prejudice.

FURTHER ORDERED that the Clerk of the Court shall give notice of this dismissal to the Plaintiffs, Debtors, and Chapter 7 Trustee in the underlying case and shall **CLOSE THIS ADVERSARY CASE.**

DATED: this 18th day of January, 2023.

128

BY THE COURT:

_Elizabeth E. Brown_

Elizabeth E. Brown, Bankruptcy Judge

129

United States Bankruptcy Court

District of Colorado

Drakewyck,
    Plaintiff
US Department Of Education,                                                    Adv. Proc. No. 22-01250-EEB
    Defendant

# CERTIFICATE OF NOTICE

District/off: 1082-1                         User: admin                              Page 1 of 1
Date Rcvd: Jan 18, 2023                      Form ID: pdf904                          Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**    **Definition**
+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
        regulations require that automation-compatible mail display the correct ZIP.

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 20, 2023:

**Recip ID**      **Recipient Name and Address**
pla      + Kate Drakewyck, PO Box 140114, Lakewood, CO 80214-0114

TOTAL: 1

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains
the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 20, 2023        Signature:     /s/Gustava Winters

130

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

## ORDER DENYING PLAINTIFF'S SECOND MOTION TO RULE IN FAVOR OF THE DEBTOR

THIS MATTER comes before the Court on the Second Motion to Rule in Favor of the Debtor: Dismissal of Student Loan Balance ("Motion"), filed by Plaintiff Kate Buffy Drakewyck ("Plaintiff") on January 16, 2023, which the Court will construe as a Motion for Default Judgment.

Before the Court can enter a Clerk's Entry of Default, Plaintiff must provide proof of proper service of the summons and complaint demonstrating that service has been made in full compliance with Fed. R. Bankr. P. 7004 or Fed. R. Civ. P. 4. Here, Plaintiff failed to properly serve Defendant United States Department of Education ("Defendant"), in the manner contemplated by Fed. R. Bankr. P. 7004(b)(4), (5). Accordingly, the Court denied Plaintiff's first motion for default judgment. Plaintiff then filed two certificates of service reflecting her mailing of the complaint and the original summons to two other entities in an apparent attempt to satisfy Fed. R. Bankr. P. 7004(b)(4), (5). However, the original summons was not served within seven days after its issuance, such that it became "stale" and incapable of effectuating service. Fed. R. Bankr. P. 7004(e); *Menges v. Menges (In re Menges)*, 337 B.R. 191, 193-94 (Bankr. N.D. Ill. 2006) ("Service of a stale summons is no service at all."). As such, the Court entered its Order to File directing Plaintiff to request a new summons and properly serve it along with a copy of the complaint upon the Defendant. Plaintiff failed to do so, and she instead filed the immediate Motion. However, at this time, there still is no proof of proper service of process upon the Defendant, and, to the contrary, the docket reveals that Plaintiff has failed to properly serve Defendant with process as required by the Federal Rules of Bankruptcy Procedure. Under these circumstances, a Clerk's Entry of Default cannot enter. Accordingly, it is hereby,

ORDERED Plaintiff's Motion is DENIED.

Dated: this 18th day of January, 2023.

131

BY THE COURT:

Elizabeth E. Brown, Bankruptcy Judge

132

## 22-01250-EEB Disposition of Adversary

From: cmecf-reply@cob.uscourts.gov

To: courtmail@cob.uscourts.gov

Date: Wednesday, January 18, 2023 at 10:03 AM MST

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this email because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**District of Colorado**

Notice of Electronic Filing

The following transaction was received from mmg entered on 1/18/2023 at 10:02 AM MST and filed on 1/18/2023

| | |
|---|---|
| **Case Name:** | Drakewyck v. US Department Of Education |
| **Case Number:** | 22-01250-EEB |
| **Document Number:** | |
| **Case Name:** | Kate Buffy Drakewyck |
| **Case Number:** | 22-10977-EEB |
| **Document Number:** | |

**Docket Text:**
Disposition of Adversary Proceeding Number 22-01250-EEB. Final Order or Judgment Has Entered. Tickle Due Date 2/1/2023. (mmg)

The following document(s) are associated with this transaction:

**22-01250-EEB Notice will be electronically mailed to:**

**22-01250-EEB Notice will not be electronically mailed to:**

Kate Drakewyck
PO Box 140114
Lakewood, CO 80214

US Department Of Education

**22-10977-EEB Notice will be electronically mailed to:**

Jonathan Dickey on behalf of Trustee David V. Wadsworth, Trustee

170

133

jmd@kutnerlaw.com, vlm@kutnerlaw.com

Kate Buffy Drakewyck
bdrakewyck@yahoo.com

Daniel Glasser on behalf of Creditor Linda Chalupsky
DGlasser@chipmanglasser.com,
eseid@chipmanglasser.com;Vroman@chipmanglasser.com;Mthomerson@chipmanglasser.com;Cberrier@chipmang
lasser.com

Jennifer M. Osgood on behalf of Creditor Linda Chalupsky
josgood@chipmanglasser.com, Mthomerson@chipmanglasser.com

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

David V. Wadsworth, Trustee
dwadsworth@wgwc-law.com, CO30@ecfcbis.com

**22-10977-EEB Notice will not be electronically mailed to:**

Kaplan & Associates, P.C.
Attn: Damon Kaplan
5500 Greenwood Plaza Blvd.
Suite 100
Greenwood Village, CO 80111

Larry Simpson

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: | |
| | Bankruptcy Case No. 22-10977 EEB |
| KATE BUFFY DRAKEWYCK, | |
| | Chapter 7 |
| Debtor. | |
| | |
| KATE BUFFY DRAKEWYCK, | Adversary Proceeding No. 22-01250 EEB |
| Plaintiff, | |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendant. | |

---

### ORDER DISMISSING CASE

---

THIS MATTER comes before the Court *sua sponte*.  This Court issued an Order to File requiring Plaintiff Kate Buffy Drakewyck ("Plaintiff") to file a motion for alias summons and serve such alias summons properly on the Defendant United States Department of Education ("Defendant") by December 28, 2022, failing which the above-captioned adversary proceeding may be dismissed. To date, Plaintiff has not requested, nor received, an alias summons to effectuate proper service.  Accordingly, for Plaintiff's failure to comply with the Court's prior Order to File, dismissal is warranted.

Furthermore, as of the date of this Order, more than 90 days have elapsed since the commencement of the above-captioned adversary proceeding.  There still is no proof of proper service upon the Defendant, and, therefore, dismissal is warranted pursuant to Fed. R. Civ. P. 4(m), as made applicable to these proceedings by Fed. R. Bankr. R. 7004.  For these reasons, it is

ORDERED that this adversary case is hereby dismissed without prejudice.

FURTHER ORDERED that the Clerk of the Court shall give notice of this dismissal to the Plaintiffs, Debtors, and Chapter 7 Trustee in the underlying case and shall **CLOSE THIS ADVERSARY CASE**.

DATED: this 18th day of January, 2023.

135

BY THE COURT:

Elizabeth E. Brown, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

## ORDER DENYING PLAINTIFF'S SECOND MOTION TO RULE IN FAVOR OF THE DEBTOR

THIS MATTER comes before the Court on the Second Motion to Rule in Favor of the Debtor:  Dismissal of Student Loan Balance ("Motion"), filed by Plaintiff Kate Buffy Drakewyck ("Plaintiff") on January 16, 2023, which the Court will construe as a Motion for Default Judgment.

Before the Court can enter a Clerk's Entry of Default, Plaintiff must provide proof of proper service of the summons and complaint demonstrating that service has been made in full compliance with Fed. R. Bankr. P. 7004 or Fed. R. Civ. P. 4.  Here, Plaintiff failed to properly serve Defendant United States Department of Education ("Defendant"), in the manner contemplated by Fed. R. Bankr. P. 7004(b)(4), (5). Accordingly, the Court denied Plaintiff's first motion for default judgment.  Plaintiff then filed two certificates of service reflecting her mailing of the complaint and the original summons to two other entities in an apparent attempt to satisfy Fed. R. Bankr. P. 7004(b)(4), (5). However, the original summons was not served within seven days after its issuance, such that it became "stale" and incapable of effectuating service.  Fed. R. Bankr. P. 7004(e); *Menges v. Menges (In re Menges)*, 337 B.R. 191, 193-94 (Bankr. N.D. Ill. 2006) ("Service of a stale summons is no service at all.").  As such, the Court entered its Order to File directing Plaintiff to request a new summons and properly serve it along with a copy of the complaint upon the Defendant.  Plaintiff failed to do so, and she instead filed the immediate Motion.  However, at this time, there still is no proof of proper service of process upon the Defendant, and, to the contrary, the docket reveals that Plaintiff has failed to properly serve Defendant with process as required by the Federal Rules of Bankruptcy Procedure.  Under these circumstances, a Clerk's Entry of Default cannot enter.  Accordingly, it is hereby,

ORDERED Plaintiff's Motion is DENIED.

Dated: this 18th day of January, 2023.

137

BY THE COURT:

Elizabeth E. Brown, Bankruptcy Judge

138

Appellate Case: 23-1236    Document: 010110908642    Date Filed: 08/25/2023    Page: 177
BAP Appeal No. 23-44    Docket No. 18    Filed: 03/24/2023    Page: 140 of 145

Case:22-01250-EEB   Doc#:11   Filed:01/16/23   Entered:01/17/23 08:38:28   Page1 of 3

□County Court □District Court ☒ Bancruptcy
District of _____ County, Colorado
Court Address:

Plaintiff(s)/Petitioner(s): Kate Drakewyck
v.
Defendant(s)/Respondent(s): US Department of Educ.

**COURT USE ONLY**

Attorney or Party Without Attorney (Name and Address):
PO Box 14914
Lakewood, CO 80214
Phone Number: 720-232-____ E-mail:
FAX Number: ____ Atty. Reg. #:

Case Number:
22-01250-EEB

Division    Courtroom

## MOTION TO RULE IN FAVOR OF THE DEBITOR: DISMISSAL OF THE STUDENT LOAN BALANCE

**For the following reasons: (cite any applicable law):**

Per US Department of Education, student loans can be dismissed if three parts are met:

- If you're forced to repay the loan, you would not be able to maintain a minimal standard of living.

  -Colorado's cost of living keeps going up, while pay of a teacher doesn't support that growth. Due to unemployment and the bankruptcy, I was unable to move, but that it is becoming harder to find an apartment that can be afforded on a single teachers salary. This is further complicated when many teaching salaries are just over the low income housing, but don't meet the minimum amount needed for the 3x the salary minimum. Due to the bankruptcy, I may have to stay in the current apartment as it raises it's rent or seek private rentals which may run for more. I will also need to be able to afford to move, which I can't see being able to do for the foreseeable future due to job hardships and standing up for myself through legalities.

- There is evidence that this hardship will continue for a significant portion of the loan repayment period.

  - I can't see being able to afford payments for the foreseeable future due to job hardships and standing up for myself through legalities. When a repayment plan was previously figured against what I was making, I will not be able to afford rent, bills, and payment causing the interest to be higher than I will be able to afford over the course of my life.

- You made good faith efforts to repay the loan before filing bankruptcy.

  -When I had money and was able to make payments I did so. My student loans that were for my medical information degrees were paid off in good faith.

JDF 76   R5/17   MOTION TO

176

139

Case:22-01250-EEB   Doc#:11   Filed:01/16/23   Entered:01/17/23 08:38:28   Page2 of 3

Per the filing of the Adversary Proceeding, US Department of Education had 35 days after the
service of the documents, served on October 24, 2022, and a copy of that service was upload to
this court. November 27th, 2022 was the 35th day and no response has been tendered.

The Court showed that it was initially dismissed due to failure to meet service on two
additional branches and to provide evidence. Copies were mailed to both, per those
directions, and evidence uploaded to the courts on 12/10/22, showing them prelabeled and
with the required 1st class postage. The 35th day from that point has now been reached.

**I respectfully request the Court to:**

Per the summons, and deadlines listed in this filing, I ask that this court fully rule in favor of
the debtor by dismissing the full balance of the student loan.

Date: _1/16/23_

Signature of ☑Petitioner/Plaintiff or ☐Respondent/Defendant

Address: _PO Box 14011_

City, State and Zip Code: _Lakewood, CO 80214_

Telephone Number (Home): _720-232-7287_    (Work)

## CERTIFICATE OF SERVICE

I certify that on _1/16/23_ (date) a true and accurate copy of the Motion to _Rule in Fav_
was served on the other party by:
☐Hand Delivery, ☐E-filed, ☐Faxed to this number _____, or
☑by placing it in the United States mail, postage pre-paid, and addressed to the following (include name a
address):

To: _US Department of Education_
_400 Maryland Ave, sw_
_Washington, DC 20206_

☑Petitioner/Plaintiff or ☐Respondent/Defendant

JDF 76   R5/17   MOTION TO

140

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 1/16/2023 10:32:18 AM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

District of Colorado

Drakewyck,
    Plaintiff

US Department Of Education,
    Defendant

Adv. Proc. No. 22-01250-EEB

# CERTIFICATE OF NOTICE

District/off: 1082-1           User: admin                 Page 1 of 1
Date Rcvd: Dec 14, 2022     Form ID: pdf904            Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 16, 2022:

| Recip ID | | Recipient Name and Address |
|---|---|---|
| pla | + | Kate Drakewyck, PO Box 140114, Lakewood, CO 80214-0114 |

TOTAL: 1

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 16, 2022          Signature:      /s/Gustava Winters

142

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF COLORADO**

Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

---

### ORDER TO FILE

THIS MATTER comes before the Court on the Certificates of Service filed by the Debtor on December 12, 2022. The Court entered an Order Denying Motion to Rule in Favor of the Debtor on November 29, 2022 at Docket No. 5. The Court Ordered Debtor to file a motion for alias summons and to properly serve the alias summons on Defendant. The Debtor provided two Certificates of Service with photographs of the first page of an adversary proceeding cover sheet and a Certificate of Service indicating that Debtor served a summons and complaint upon the Office of the Attorney General in Washington D.C. and the District Attorney in Washington D.C. The Court being advised in the premises, hereby

FINDS that Plaintiff was ordered to file a motion requesting an alias summons and to serve the alias summons and the complaint on the Parties required pursuant to Fed.R.Bankr.P. 7004(b)(4) and (5). It appears Plaintiff did not serve the parties with an alias summons and a copy of the complaint. Accordingly,

IT IS ORDERED that **on or before December 28, 2022,** Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5) or Fed. R, failing which this adversary proceeding may be dismissed.

Dated: this 14th day of December, 2022.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown, Bankruptcy Judge

143

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

---

### ORDER TO FILE

---

THIS MATTER comes before the Court on the Certificates of Service filed by the Debtor on December 12, 2022. The Court entered an Order Denying Motion to Rule in Favor of the Debtor on November 29, 2022 at Docket No. 5. The Court Ordered Debtor to file a motion for alias summons and to properly serve the alias summons on Defendant. The Debtor provided two Certificates of Service with photographs of the first page of an adversary proceeding cover sheet and a Certificate of Service indicating that Debtor served a summons and complaint upon the Office of the Attorney General in Washington D.C. and the District Attorney in Washington D.C. The Court being advised in the premises, hereby

FINDS that Plaintiff was ordered to file a motion requesting an alias summons and to serve the alias summons and the complaint on the Parties required pursuant to Fed.R.Bankr.P. 7004(b)(4) and (5). It appears Plaintiff did not serve the parties with an alias summons and a copy of the complaint. Accordingly,

IT IS ORDERED that **on or before December 28, 2022,** Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5)  or Fed. R, failing which this adversary proceeding may be dismissed.

Dated: this 14th day of December, 2022.

BY THE COURT:

_Elizabeth E. Brown_
Elizabeth E. Brown, Bankruptcy Judge

144



United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 12/10/2022 10:57:04 AM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

146

Diakowyk
PO Box 140114
Lakewood, CO 80214
District Attorney Washington DC
555 4th St NW
Washington, DC 20530
CERTIFICATE OF SERVICE
ADVERSARY PROCEEDING COVER SHEET

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 12/10/2022 10:57:04 AM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

148

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

## ORDER DENYING MOTION TO RULE IN FAVOR OF THE DEBTOR

THIS MATTER comes before the Court on the Motion to Rule in Favor of the Debtor: Dismissal of Student Loan Balance (the "Motion"), filed by Plaintiff Kate Buffy Drakewyck ("Plaintiff") on November 28, 2022, which the Court will construe as a Motion for a Clerk's Entry of Default.  The Court being advised in the premises, hereby

FINDS that Plaintiff failed to properly serve the United States Department of Education ("Defendant") in the manner required by Fed. R. Bankr. P. 7004(b)(4) and (5). In an action against an agency of the United States, Bankruptcy Rule 7004(b)(5) requires the plaintiff to serve the summons and complaint not only upon said agency but also the United States in the manner prescribed by Bankruptcy Rule 7004(b)(4).  To effectuate service upon the United States, Bankruptcy Rule 7004(b)(4) dictates that the plaintiff must "…mail a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia . . . ."  In review of the Plaintiff's Affidavit of Service (Doc. 3), Plaintiff failed to serve the summons and complaint upon the other entities enumerated within Bankruptcy Rule 7004(b)(4). Therefore, service has not been properly effectuated upon the Defendant in the above-captioned adversary proceeding.

Before the Court can enter a Clerk's Entry of Default, Plaintiff must provide proof of proper service of the summons and complaint demonstrating that service has been made in full compliance with Fed. R. Bankr. P. 7004 or Fed. R. Civ. P. 4.  Accordingly,

149

IT IS ORDERED that Plaintiff's Motion is DENIED.

Nonetheless, the Court will provide Plaintiff another opportunity to properly effectuate service. Therefore,

IT IS FURTHER ORDERED that **on or before December 13, 2022,** Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5), failing which this adversary proceeding may be dismissed.

Dated: this 29th day of November, 2022.

BY THE COURT:

Elizabeth E. Brown

Elizabeth E. Brown, Bankruptcy Judge

150

Appellate Case: 23-1236   Document: 010110908642   Date Filed: 08/25/2023   Page: 189
BAP Appeal No. 23-44   Docket No. 32   Filed: 03/04/2023   Page: 158 of 745

United States Bankruptcy Court
District of Colorado

Drakewyck,
      Plaintiff
                                     Adv. Proc. No. 22-01250-EEB
US Department Of Education,
      Defendant

# CERTIFICATE OF NOTICE

District/off: 1082-1                                 User: admin                               Page 1 of 1
Date Rcvd: Nov 29, 2022                      Form ID: pdf904                       Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 01, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| pla | + | Kate Drakewyck, PO Box 140114, Lakewood, CO 80214-0114 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 01, 2022                     Signature:        /s/Gustava Winters

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

## ORDER DENYING MOTION TO RULE IN FAVOR OF THE DEBTOR

THIS MATTER comes before the Court on the Motion to Rule in Favor of the Debtor: Dismissal of Student Loan Balance (the "Motion"), filed by Plaintiff Kate Buffy Drakewyck ("Plaintiff") on November 28, 2022, which the Court will construe as a Motion for a Clerk's Entry of Default.  The Court being advised in the premises, hereby

FINDS that Plaintiff failed to properly serve the United States Department of Education ("Defendant") in the manner required by Fed. R. Bankr. P. 7004(b)(4) and (5). In an action against an agency of the United States, Bankruptcy Rule 7004(b)(5) requires the plaintiff to serve the summons and complaint not only upon said agency but also the United States in the manner prescribed by Bankruptcy Rule 7004(b)(4).  To effectuate service upon the United States, Bankruptcy Rule 7004(b)(4) dictates that the plaintiff must "…mail a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia . . . ."  In review of the Plaintiff's Affidavit of Service (Doc. 3), Plaintiff failed to serve the summons and complaint upon the other entities enumerated within Bankruptcy Rule 7004(b)(4). Therefore, service has not been properly effectuated upon the Defendant in the above-captioned adversary proceeding.

Before the Court can enter a Clerk's Entry of Default, Plaintiff must provide proof of proper service of the summons and complaint demonstrating that service has been made in full compliance with Fed. R. Bankr. P. 7004 or Fed. R. Civ. P. 4.  Accordingly,

152

IT IS ORDERED that Plaintiff's Motion is DENIED.

Nonetheless, the Court will provide Plaintiff another opportunity to properly effectuate service. Therefore,

IT IS FURTHER ORDERED that **on or before December 13, 2022,** Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5), failing which this adversary proceeding may be dismissed.

Dated: this 29th day of November, 2022.

BY THE COURT:

Elizabeth E. Brown, Bankruptcy Judge

153

BAP Appeal No. 23-44    Docket No. 3182    Filed: 03/20/2023    Page: 151 of 245



JDF 96 R5/17  MOTION TO

☐ County Court ☒ District Court ___ County, Colorado

Court Address

Plaintiff(s)/Petitioner(s): Keri Braunwyth

Defendant(s)/Respondent(s): US Department of Education

Attorney or Party Without Attorney (Name and Address):
P.O. Box 14101
Lakewood, CO 80214

Phone Number: 720-244- E-mail:
FAX Number: Atty. Reg. #

▲ COURT USE ONLY ▲

Case Number: 22-CV-250-EEB

Division    Courtroom

**MOTION TO RULE IN FAVOR OF THE DEBTOR: DISMISSAL OF THE STUDENT LOAN BALANCE**

**For the following reasons: (cite any applicable law):**

Per US Department of Education, student loans can be dismissed if three parts are met:

- If you're forced to repay the loan, you would not be able to maintain a minimal standard of living.

Colorado's cost of living keeps going up, while pay of a teacher doesn't support that growth. Due to unemployment and the bankruptcy, I was unable to move, but that it is becoming harder to find an apartment that can be afforded on a single teachers salary. This is further complicated when many teaching salaries are just over the low income housing, but don't meet the minimum amount needed for the 3x the salary minimum. Due to the bankruptcy, I may have to stay in my current apartment as it makes its rent or seek private rentals which may run for more. I will also need to be able to afford to move, which I can't see being able to do for the foreseeable future due to job hardships and my standing for myself through regulatory.

- There is evidence that this hardship will continue for a significant portion of the loan repayment period

- I can't see being able to afford payments for the foreseeable future due to job hardships and standing up for myself through regulatory. When a repayment was previously figured against what I was making, I will not be able to afford rent, bills, and payment causing the interest to be higher than I will be able to provide over the course of my life.

- You have made good faith efforts to repay the loan before filing bankruptcy:

- When I had money and was able to make payments I did so; My student loans that were for my medical information degrees were paid off in good faith.

250-EEB   Doc#:4   Filed:11/28/22   Entered:11/28/22 10:39:59

Per the filing of the Adversary Proceeding, US Department of Education had 35 days after the
service of the documents, served on October 24, 2022, and a copy of that service was upload to
this court. November 27th, 2022 was the 35th day and no response has been tendered.

I respectfully request the Court to:

Per the summons, and deadlines listed in this filing, I ask that this court fully rule in favor of
the debtor by dismissing the full balance of the student loan.

Date ___11/28/22___

Signature ☑Petitioner/Plaintiff or ☐Respondent/Defendant
PO Box 140114

Address

Lakewood, CO 90114
City, State and Zip Code

720-252-7289
Telephone Number (Home)                    (Work)

**CERTIFICATE OF SERVICE**

I certify that on ___11/28/22___ (date) a true and accurate copy of the Motion to Dismiss in
was served on the other party by:                                    Favor of the
☐Hand Delivery, ☐E-filed, ☐Faxed to this number _____ or ____ Debtor
☑by placing it in the United States mail, postage pre-paid, and addressed to the following (include name and
address):

To US Department of Education
400 Maryland Avenue, SW
Washington, DC 20202

☐Petitioner/Plaintiff or ☐Respondent/Defendant

JDF 76 R8/17   MOTION TO

192

155

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 11/28/2022 5:15:22 AM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

156

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

---

Kate Drakewyck

                                        Plaintiff                    Case No.: 22-10977-EEB

                                                    *vs.*

US Department of Education

                                        Defendant

---

## AFFIDAVIT OF SERVICE

I, Ambiko Wallace, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Summons in an Adversary Proceeding, Notice to Litigants, Adversary Proceeding Cover Sheet, and Complaint in an Adversary Proceeding in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 10/24/2022 at 1:47 PM, I served US Department of Education at 400 Maryland Avenue, SW, Washington, DC 20202 with the Summons in an Adversary Proceeding, Notice to Litigants, Adversary Proceeding Cover Sheet, and Complaint in an Adversary Proceeding by serving Roland Stallings, Clerk, authorized to accept service.

Roland Stallings is described herein as:

Gender: Male   Race/Skin: Black   Age: 65   Weight: 215   Height: 5'10"   Hair: Black/Gray   Glasses: Yes

I declare under penalty of perjury that this information is true and correct.

10/24/22
_____                                        _____
Executed On                                                    Ambiko Wallace

                                                    Client Ref Number:N/A
                                                    Job #: 1609753

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

157

B2500A (Form 2500A) (12/15)
Notice to Litigants per GPO 2009-3 (1994-3)

# United States Bankruptcy Court

## District of Colorado

In re _Kate Drakewych_ )  Case No. _22-10977-EEB_
             Debtor          )
                             )  Chapter _____ 7 _____
                             )
    _Kate Drakewych_          )
             Plaintiff        )
                             )
          v.                 )  Adv. Proc. No. _22-01250 EEB_
                             )
 _US Department of Education_ )
             Defendant        )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to
this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this
summons, except that the United States and its offices and agencies shall file a motion or answer to the
complaint within 35 days.

Address of the clerk: Clerk, U.S. Bankruptcy Court
U.S. Custom House
721 19th Street
Denver, CO 80202

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:  _Pro Se_
                                            _PO Box 140119_
                                            _Lakewood, CO 80214_

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED
TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT
AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF
DEMANDED IN THE COMPLAINT.**

Kenneth S. Gardner, Clerk of the Bankruptcy Court

Date: _10/17/2022_ _____ By: _T. Vincent_ _____ (Deputy Clerk)

158

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 10/29/2022 8:35:54 AM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

159

B2500A (Form 2500A) (12/15)
Notice to Litigants per GPO 2009-3 (1994-3)

# United States Bankruptcy Court

## District of Colorado

In re __Kate Drakewych__,                    )   Case No. __22-10977-EEB__
       Debtor                              )
                         )   Chapter ____7____
                         )
__Kate Drakewych__                           )
       Plaintiff                           )
                         )   Adv. Proc. No. __22-01250 EEB__
      v.                                  )
__US Department of Education__               )
       Defendant                           )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

      Address of the clerk: Clerk, U.S. Bankruptcy Court
                           U.S. Custom House
                           721 19th Street
                           Denver, CO 80202

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

      Name and Address of Plaintiff's Attorney: Pro Se
                                      PO Box 140114
                                      Lakewood, CO 80214

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                           Kenneth S. Gardner, Clerk of the Bankruptcy Court

Date: __10/17/2022_____   By: __T. Vincent_____ (Deputy Clerk)

B2500A (Form 2500A) (12/15)
Notice to Litigants per GPO 2009-3 (1994-3)

## CERTIFICATE OF SERVICE

I,_____(name), certify that service of this summons and a copy of
the complaint was made_____(date) by:

    ❑    Mail service: Regular, first class United States mail, postage fully pre-paid, addressed
        to:

    ❑    Personal Service: By leaving the process with the defendant or with an officer or agent
        of defendant at:

    ❑    Residence Service: By leaving the process with the following adult at:

    ❑    Certified Mail Service on an Insured Depository Institution: By sending the process by
        certified mail addressed to the following officer of the defendant at:

    ❑    Publication: The defendant was served as follows: [Describe briefly]

    ❑    State Law: The defendant was served pursuant to the laws of the State of_____, as
        follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further
certify that I am, and at all times during the service of process was, not less than 18 years of age and
not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date_____    Signature _____

      Print Name: _____

      Business Address: _____

                  _____

161

B2500A (Form 2500A) (12/15)
Notice to Litigants per GPO 2009-3 (1994-3)

A copy of this *Notice to Litigants* and the attached income information should be
served along with the Summons and Complaint. GPO 2009-3 (1994-3).

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

## *NOTICE TO LITIGANTS*

You have been named as a defendant in an adversary proceeding, the
outcome of which may affect your bankruptcy discharge. Even if you have
already received a discharge, this is a serious matter that you should not
ignore.

Individual litigants are entitled to appear without an attorney and represent
themselves in the Bankruptcy Court. However, the rules can be quite technical and
failure to comply with the rules can have severe consequences. Before deciding to
appear on your own, you should consider consulting an attorney. If you cannot
afford an attorney, you may contact:

> **The Faculty of Federal Advocates**
> **Bankruptcy *Pro Bono* Program**
>
> Kimberly Means, Administrator
> Bankruptcy *Pro Bono* Program
> 1200 17th Street, Suite 3000
> Denver, CO 80202
> Phone: 303.628.9664
> Fax: 303.623.9222
> E-mail: kmeans@lrrc.com
>
> **NOTE: When you make contact, you will need to have a
> copy of your Summons and Complaint.**

Upon contact, you will be screened for eligibility and, if it is determined that
you are eligible, an attorney may be found who may represent you without payment
of attorneys' fees. You may, however, still be responsible for the payment of costs.

100353771_1

162

B2500A (Form 2500A) (12/15)
Notice to Litigants per GPO 2009-3 (1994-3)

# FACULTY OF FEDERAL ADVOCATES
# BANKRUPTCY *PRO BONO* PROGRAM

## 2017 MAXIMUM INCOME LEVELS

Bankruptcy Schedule I – Current Income of Individual Debtor(s) will be reviewed to determine the Debtor's income level.

| Size of Family Unit | Pro Bono Program Guidelines (200% of HHS Poverty Guidelines) |
|---|---|
| 1 | $24,120 |
| 2 | $32,480 |
| 3 | $40,840 |
| 4 | $49,200 |
| 5 | $57,560 |
| 6 | $65,920 |
| 7 | $74,280 |
| 8 | $82,640 |
| For each additional person, add | $8,360 |

## MAXIMUM LIQUID ASSET LEVEL

In addition to these maximum income levels, a Debtor/Defendant will be disqualified from Bankruptcy *Pro Bono* Program eligibility if (s)he has in excess of $30,000 of exempt, liquid assets, which will be determined by reviewing the Debtor's Bankruptcy Schedule B – Personal Property.

100351870_1

163

## United States Bankruptcy Court

District Of _Colorado_

| | |
|---|---|
| In re | Student Loans | Case No. 22-10977-EEB |
| Debtor | Kate Drakewyck | Chapter |
| Plaintiff | Kate Drakewyck | |
| Defendant | US Department of Education | Adv. Proc. No. |

In re _Student Loans_
[Set forth here all names including married, maiden, and trade names used by debtor within the last 8 years.]
_Kate Drakewyck Bulmer_
Debtor

Address _PO Box 140114_
_Lakewood, CO 80214_

Last four digits of Social-Security or Individual Tax- Payer-Identification (ITIN) No(s)., (if any): _2362_

Case No.

Chapter

Employer's Tax Identification No(s). (if any):

**Complaint** _in an Advesary Proceeding_

**For the following reasons: (cite any applicable law):**

https://studentaid.gov/manage-loans/forgiveness-cancellation/bankruptcy

Per the US Department of Education, a student loan can be discharged if it will cause an undue hardship:

- If you're forced to repay the loan, you would not be able to maintain a minimal standard of living.

  -Colorado's cost of living keeps going up, while pay of a teacher doesn't support that growth. Due to unemployment and the bankruptcy, I was unable to move, but that it is becoming harder to find an apartment that can be afforded on a single teachers salary. This is further complicated when many teaching salaries are just over the low income housing, but don't meet the minimum amount needed for the 3x the salary minimum. Due to the bankruptcy, I may have to stay in the current apartment as it raises it's rent or seek private rentals which may run for more. I will also need to be able to afford to move, which I can't see being able to do for the foreseeable future

JDF 76  R5/17  MOTION TO

164

due to job hardships and standing up for myself through legalities. Over the long term, with costs, I will not be able to make a high enough payment to ever pay this off.

- There is evidence that this hardship will continue for a significant portion of the loan repayment period.

  - I can't see being able to afford payments for the foreseeable future due to job hardships and standing up for myself through legalities. When a repayment plan was previously figured against what I was making, I will not be able to afford rent, bills, and payment causing the interest to be higher than I will be able to afford over the course of my life.

- You made good faith efforts to repay the loan before filing bankruptcy.

  -When I had money and was able to make payments I did so. My student loans that were for my medical information degrees were paid off in good faith.

## I respectfully request the Court to:

Determine that there is a continuing hardship present and discharge my student loans, which were listed at the initial bankruptcy filing.

Date: _10/17/22_

Signature of ☐Petitioner/Plaintiff  or  ☐Respondent/Defendant
PO Box 140114
Address
Lakewood, CO 80214
City, State and Zip Code
720-232-7287
Telephone Number (Home)            (Work)

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Kate Drakenyce | US Department of Education |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Pro Se   PO Box 140114 Lakewood, CO 80214 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor   ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Bancruptcy can discharge student loans per student aid.gov if it will impact standard of living, hardship that will remain ongoing and attempts were made to repay.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought | Discharge of student loan balance |
|---|---|

166

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR   *Kate Drakewycke* | BANKRUPTCY CASE NO. *22-10977-EEB* ||
| DISTRICT IN WHICH CASE IS PENDING *Colorado* | DIVISION OFFICE | NAME OF JUDGE *Brown* |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE *10/17/22* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

167

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 10/17/2022 9:13:17 AM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

1ω8



# Click-N-Ship®

**P**

usps.com
$9.80
US POSTAGE

9405 5036 9930 0499 1647 56 0098 0002 0018 0257

U.S. POSTAGE PAID

03/12/2023 2 lb 0 oz    Mailed from 80214    986763338821410

## PRIORITY MAIL®

KATE DRAKEWYCK
PO BOX 140114
LAKEWOOD CO 80214-0114

Expected Delivery Date: 03/14/23

**0000**

**C000**



US BANCRUPTCY APPEALLATE  PANEL OF THE
BYRON WHITE US COURTHOUSE
1823 STOUT ST
DENVER CO 80257-0001

## USPS TRACKING #



**9405 5036 9930 0499 1647 56**

Electronic Rate Approved #038555749



United States Bankruptcy Appellate Panel for the

Tenth Circuit

Byron White U.S. Courthouse

1823 Stout St.

Denver, CO 80258

Appeal from:

District Court County: District of Colorado

District Court Judge: The Hon. Elizabeth Brown

District Court Case Number: 22-01250-EEB

District Court Title: Adversary Proceeding to Dismiss

Student Loans

Plaintiff/Petitioner: Kate Drakewyck

X Appellant or ☐ Appellee

&.

Defendant/Respondent: US Department of Education

☐ Appellant or X Appellee

⋀ FOR COURT USE ⋀

BAPs
Case Number: 23-4

Filing Party Name: Kate Drakewyck (pro se)

Address: PO Box 140114

          Lakewood, CO 80214

Phone: 720-232-7287

E-Mail: bdrakewyck@yahoo.com

**Brief**

## Certificate of Compliance

I certify that this brief complies with the requirements of Colorado Appellate Rules 8014, 8015, 8016. Including:

Word Limits: My brief has 1,738 **words**, which is not more than the 13,000 word limit.

Included Sections: In the arguments section, before arguing **each** issue on appeal, I have the following separately titled sub-sections:

> **The Standard of Review**: I discuss which Standard of Review should be used to evaluate that issue.
>
> **Preservation**: I discuss if that issue was preserved for appeal. I cite to the page in the Record on Appeal where I raised this issue before the District Court and I cite to where the District Court decided that issue.

I understand that my brief may be rejected if I fail to comply with these rules.

Signature of the Appellant

# Table of Contents

Table of Authorities: Page 3

Jurisdictional Statement: Page 4

Issues on Appeal: Page  4

Statement of the Case: Page 4

Argument Summary: Page 5

Argument: Page 6

Conclusion: Page 8

Statement of Related Cases: Page 8

## Table of Authorities

### Cases

22-16

23-4

22-10977-EEB

22-01250-EEB

### Court Rules

10th Circuit BAP Local Rules 8014-1 and 8015-1

Rule 7004-b-4. Process; Service of Summons, Complaint: pg 7-8

Brief                                                                                    3

## Other Authorities

### Statutes

### Jurisdictional Statement

US District of Colorado Bankruptcy Court

The Hon. Elizabeth Brown

Final Judgment Issued on January 18, 2023

The Adversary Proceeding occurred within the District of Colorado's Bankruptcy Court and having reached the final judgment was filed with the 10th Circuit Appeal's Court which has jurisdiction on January 28, 2023, within the 14 day deadline. I was approved to move forward with the appeal on February 6, 2023.

### Issues on Appeal
Issue 1: Documents in the Adversary Proceeding were Served

Standard of Review: De Novo

### Statement of the Case

There are requirements, if met, allow a borrower to waive their student loans in a

Chapter 7 bankruptcy, per the US Department of Education. I met all of those

requirements and addressed them in my initial filing. In order to request this, an

Adversary Proceeding must be filed, the US Department of Education served, and

both the District Attorney and Attorney General provided copies via first class

mail. They are then provided a period of time to respond or dispute the claim. All

three of these were served per the Rule and given that length of time. No response

Brief                                                                                           4

was received and I requested it be ruled in my favor, but was denied, with the
courts saying that they were not served correctly.

## Argument Summary

There is one issue in this case. It was filed under an Order by the courts, the Order
said that it was dismissed without prejudice. Per the request for Cause, it states
that "an order is final if it "ends the litigation on the merits and leaves nothing for
the court to do but execute the judgment."" While without prejudice allows me to
file once again, that would be a new case being filed under bankruptcy court, not
continued action under the case that was initially filed. While I could have done
that, I should not have to create a new case and reserve those that have already
been served, when I completed those actions per law and, later, per the order issued
by that court. As that, *this* case has in fact reached the point where there is nothing
to do, but execute judgment, even if the order is based on false reasoning. It was
also stated that since I served the Department of Education and later served the
District Attorney and Office of the Attorney General, but did not re serve the
Department of Education that they're part had gone "stale". That's incorrect, they
were served and had the full allotment of time to respond to that service, but they
chose not to. The other parties being sent notice in no way impacted that time
frame in which they failed to respond and I followed the Order from the court
exactly

Brief                                                                                                          5

# **Argument**

Issue 1: Documents in the Adversary Proceeding were Served

A. Standard of Review: De Novo

B. Preservation on Appeal: This issue was preserved for appeal.  This issue is

raised in *Adversary Proceeding dated 10/2022, Service to US Department of*

*Education dated 10/24/2022, Rule in Favor of the Debtor dated 11/28/2022,*

*Order Denying Motion to Rule In Favor dated 12/2022, Service via 1st*

*Class Mail dated December 12, 2022, Rule in Favor of the Debtor dated*

*January 17, 2023, and Disposition of Adversary Proceeding  dated January*

*18, 2022*.

C. In October 2022, I filed the Adversary Proceeding in regards to dismissing

my student loan debt and stated, " Per US  Department of Education, student
loans can be dismissed if three  parts are met: "-If you're forced to
repay the loan, you would not be able to maintain a minimal standard
of living.-Colorado's cost of living keeps going up, while pay of a
teacher doesn't support that growth.  Due to unemployment and the
bankruptcy, I was unable to move, but that it is becoming harder to
find an apartment that can be afforded on a single teachers salary.
This is further complicated when many teaching salaries are just over
the low income housing, but don't meet the minimum amount needed
for the 3x the salary minimum.  Due to the bankruptcy, I may have to
stay in the current apartment as it raises it's rent or seek private rentals
which may run for more.  I will also need to be able to afford to move,
which I can't see being able to do for the foreseeable future due to job
hardships and standing up for myself through legalities.
There is evidence that this hardship will continue for a significant
portion of the loan repayment period.
- I can't see being able to afford payments for the foreseeable future
due to job hardships and standing up for myself through legalities.

When a repayment plan was previously figured against what I was
making, I will not be able to afford rent, bills, and payment causing
the interest to be higher than I will be able to afford over the course of
my life.
You made good faith efforts to repay the loan before filing
bankruptcy.
-When I had money and was able to make payments I did so. My
student loans that were for my medical information degrees were paid
off in good faith. Per the filing of the Adversary Proceeding, US
Department of Education had 35 days after the service of the
documents, served on October 24, 2022, and a copy of that service
was upload to this court. November 27th, 2022 was the 35th day and
no response has been tendered."

On October 24th, 2022, the service of the Proceedings was served to the US

Department of Education and the Documents were uploaded to the courts. This

provided the Department of Education until November 27, 2022 to submit a

response which they did not. I submitted a request to Bankruptcy to Rule in Favor

of the Debtor on November 28, 2022. It was denied by the courts due to not

providing service to the District Attorney and Office of the Attorney General, per

Rule 7004. I followed the exact order and sent copies of the documents to both via

1st Class Mail and uploaded proof of that on December 12, 2022. Their time

elapsed on January 16, 2023 and I resubmitted the Motion to Rule in Favor of the

Debtor on January 17, 2023. The final orders dismissing the case came on January

18, 2023, stating that I should have re served the US Department of Education,

causing it to grow "stale", and, as such, had failed to follow Rule 7004. In the

Order asking me to serve District Attorney and Office of the Attorney General,

Brief                                                                                          7

under those subsections and under Rule 7004, there is no mention of a Service of Documents going "stale", I provided service as the Rule required and provided the full amount of time for all parties to respond before submitting my Motions to Rule in Favor. Therefore, the court has clearly made in error in dismissing this case.

## Conclusion

As I've shown, I submitted the Adversary Proceeding, had it served to all three parties as required under Rule 7004. This Rule does not state that a process of service can go stale, all three parties were given the full length of time to submit their responses and didn't move forward with doing so. I meet all of the requirements as listed on the US Department of Education's website. The District of Colorado Bankruptcy Court made an error in its dismissal. I'm asking that the dismissal be overturned and the Proceeding be allowed to proceed.

## Statement of Related Cases

22-10977-EEB is the initial bankruptcy Case filing. I initially tried filing about student loans and appealed under Case 22-16 and was denied. Judge Brown issued an order that I pay the fee for the Appeal and I've since discovered that the fee, when not approved to move forward with a fee is $5. I would like the balance that I was ordered to pay , minus that fee, refunded.

Brief                                                                                                      8

Dated: _2/26/23_

Respectfully submitted,

Signature: _____
Appellant

<u>Certificate of Service</u>

I certify that on February 26, 2023,  I filed this Brief with the BAP. I sent a copy,

along with any attachments, to the people listed below: (Every party in the case

should get a copy. If a party has a lawyer, send their copy to the lawyer.)


Name of Person Served: US Department of Education, District Attorney and

Office of the Attorney General

Sent by (Check One):      X U.S. Mail; OR ☐ In-Person Hand Delivery

Address:

US Department of Education

400 Maryland Avenue, SW

Washington, D.C. 20202


District Attorney

555 4th St NW

Washington, DC 20530


Office of the Attorney General

400 6th St NW,

Washington, DC 20001


Signature: _____
                  Appellant

Brief                                                                                                        10

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Kate Drakunyck

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| 22-01250- EEB | |
| ☑ Plaintiff | ☐ Debtor |
| ☐ Defendant | ☐ Creditor |
| ☐ Other (describe) _____ | ☐ Trustee |
| | ☐ Other (describe) _____ |

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: ___Order Dismissing Case (ie: Dismiss student loans)___

2. State the date on which the judgment, order, or decree was entered: ___1/18/23___

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: US Department of Education     Attorney: none provided

2. Party: District of Colorado     Attorney: none provided     filed online

Appellate: Optional election to have appeal heard by District Court (applicable only in certain districts) BAP Appeal No. 23-43-4  Docket No. 51-2-1   Filed:01/30/2023   Page 2 of 4 5

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 1/28/23

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Kate Drakenyck
PO Box 140114
Lakewood, CO 80214
720-232-7287

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Official Form 417A            Notice of Appeal and Statement of Election

APPEAL PROOF OF SERVICE

**Items served via US mail:**

US Department of Education

400 Maryland Ave, SW

Washington DC 20202

**Items served electronically:**

District of Colorado Bankruptcy

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 1/28/2023 12:43:35 PM

User Information

Kate Drakewyck
6798 West Portland Avenue
Littleton
CO
80128

bdrakewyck@yahoo.com
720-232-7287

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>KATE BUFFY DRAKEWYCK,<br><br>Debtor. | Bankruptcy Case No. 22-10977 EEB<br><br>Chapter 7 |
| KATE BUFFY DRAKEWYCK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary Proceeding No. 22-01250 EEB |

## ORDER DISMISSING CASE

THIS MATTER comes before the Court *sua sponte*. This Court issued an Order to File requiring Plaintiff Kate Buffy Drakewyck ("Plaintiff") to file a motion for alias summons and serve such alias summons properly on the Defendant United States Department of Education ("Defendant") by December 28, 2022, failing which the above-captioned adversary proceeding may be dismissed. To date, Plaintiff has not requested, nor received, an alias summons to effectuate proper service. Accordingly, for Plaintiff's failure to comply with the Court's prior Order to File, dismissal is warranted.

Furthermore, as of the date of this Order, more than 90 days have elapsed since the commencement of the above-captioned adversary proceeding. There still is no proof of proper service upon the Defendant, and, therefore, dismissal is warranted pursuant to Fed. R. Civ. P. 4(m), as made applicable to these proceedings by Fed. R. Bankr. R. 7004. For these reasons, it is

ORDERED that this adversary case is hereby dismissed without prejudice.

FURTHER ORDERED that the Clerk of the Court shall give notice of this dismissal to the Plaintiffs, Debtors, and Chapter 7 Trustee in the underlying case and shall **CLOSE THIS ADVERSARY CASE**.

DATED: this 18th day of January, 2023.

BY THE COURT:

Elizabeth E. Brown, Bankruptcy Judge

## U.S. Bankruptcy Court
### District of Colorado (Denver)
### Adversary Proceeding #: 22-01250-EEB

*Assigned to:* Elizabeth E. Brown                          *Date Filed:* 10/17/22
*Lead BK Case:* [22-10977](#)                              *Date Dismissed:* 01/18/23
*Lead BK Title:* Kate Buffy Drakewyck
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:*  63 Dischargeability - 523(a)(8), student loan

**Plaintiff**
-----------------------
**Kate Drakewyck**                          represented by **Kate Drakewyck**
PO Box 140114                                              PRO SE
Lakewood, CO 80214
720-232-7287

V.

**Defendant**
-----------------------
**US Department Of Education**                represented by **US Department Of Education**
                                                            PRO SE

| Filing Date | # | Docket Text |
|---|---|---|
| 01/28/2023 | [18](#)<br>(4 pgs) | Appellant Designation of Record and Statement of Issues On Appeal. Case Number Not Yet Available. Filed by Kate Drakewyck (related document(s)[17](#) Notice of Appeal and Statement of Election). (mlr) (Entered: 01/30/2023) |
| 01/28/2023 | [17](#)<br>(13 pgs; 2 docs) | Notice of Appeal and Statement of Election. Appellant is Pro Se. Filing fee not paid. Filed by Kate Drakewyck (related document(s)[13](#) Order Dismissing Adversary Proceeding). (Attachments: # [1](#) Statement re Admission, Interested Parties, Oral Argument) (mlr) (Entered: 01/30/2023) |
| 01/23/2023 | [16](#)<br>(3 pgs) | Letter From Kate Drakewyck Dated 1/22/2023 (related document(s)[12](#) Other Order, [13](#) Order Dismissing Adversary Proceeding). (re) (Entered: 01/23/2023) |
| 01/20/2023 | [15](#)<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)[13](#) Order Dismissing Adversary Proceeding). No. of Notices: 1. Notice Date 01/20/2023. (Admin.) (Entered: 01/20/2023) |

| Date | Doc # | Description |
|---|---|---|
| 01/20/2023 | (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)12 Other Order). No. of Notices: 1. Notice Date 01/20/2023. (Admin.) (Entered: 01/20/2023) |
| 01/18/2023 | | Disposition of Adversary Proceeding Number 22-01250-EEB. Final Order or Judgment Has Entered. Tickle Due Date 2/1/2023. (mmg) (Entered: 01/18/2023) |
| 01/18/2023 | 13 (2 pgs) | Order Dismissing Adversary Proceeding. (related document(s)1 Complaint). (mmg) (Entered: 01/18/2023) |
| 01/18/2023 | 12 (2 pgs) | Order Denying Plaintiff's Second Motion to Rule in Favor of the Debtor. (related document(s):11 Motion). (mmg) (Entered: 01/18/2023) |
| 01/16/2023 | 11 (3 pgs) | Motion to Rule in Favor of the Debtor: Dismissal of the Student Loan Balance Filed by Plaintiff Kate Drakewyck . (mmg) (Entered: 01/17/2023) |
| 12/16/2022 | 10 (2 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)9 Order to File). No. of Notices: 1. Notice Date 12/16/2022. (Admin.) (Entered: 12/16/2022) |
| 12/14/2022 | 9 (1 pg) | Order To File (related document(s)1 Complaint). IT IS ORDERED that on or before December 28, 2022, Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5) or Fed. R, failing which this adversary proceeding may be dismissed. (re) (Entered: 12/14/2022) |
| 12/12/2022 | 8 (2 pgs) | Certificate of Service On: Office of the Attorney General - Washington DC on 12/10/2022 filed by Kate Drakewyck . (re) **Modified on 12/12/2022 to reflect text (re).** (Entered: 12/12/2022) |
| 12/12/2022 | 7 (2 pgs) | Certificate of Service on District Attorney - Washington DC on 12/10/2022 filed by Kate Drakewyck . (re) **Modified on 12/12/2022 to reflect text (re).** (Entered: 12/12/2022) |
| 12/01/2022 | 6 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)5 Other Order). No. of Notices: 1. Notice Date 12/01/2022. (Admin.) (Entered: 12/01/2022) |
| 11/29/2022 | 5 (2 pgs) | Order Denying Motion To Rule In Favor Of The Debtor (related document(s):4 Motion). IT IS ORDERED that Plaintiffs Motion is DENIED. Nonetheless, the Court will provide Plaintiff another opportunity to properly effectuate service. Therefore, IT IS FURTHER ORDERED that on or before December 13, 2022, Plaintiff shall file a motion for alias summons and serve the Defendant with the alias summons along with a copy of the Complaint pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5), failing which this adversary proceeding may be dismissed. (re) (Entered: 11/29/2022) |
| 11/28/2022 | 4 (3 pgs) | Motion to Rule in Favor of the Debtor: Dismissal of the Student Loan Balance. Filed by Plaintiff Kate Drakewyck (related document(s):1 Complaint). (mmg) (Entered: 11/28/2022) |
| 10/29/2022 | 3 (3 pgs) | Summons Service Executed On: Roland Stallings on 10/24/2022 filed by Kate Drakewyck . (re) (Entered: 10/31/2022) |

| 10/17/2022 | | Summons Issued on US Department of Education. Answer Due 11/23/2022. (tjv) (Entered: 10/17/2022) |
|---|---|---|
| | 1 (4 pgs) | |
| 10/17/2022 | 1 (5 pgs) | Adversary case 22-01250. Complaint by Kate Drakewyck against US Department Of Education . The Plaintiff in this adversary proceeding is either the debtor in an underlying chapter 7 or 13 case, or the United States other than the U.S. Trustee acting as a trustee in the underlying bankruptcy case. Pursuant to paragraph (6) of the Bankruptcy Court Miscellaneous Fee Schedule, there is no fee to file an adversary proceeding when the plaintiff is the United States, other than a U.S. Trustee acting as a trustee in a case, or the debtor in a chapter 7 or 13 case. Accordingly, this adversary proceeding shall be commenced without payment of the filing fee . Adversary Status Deadline 2/14/2023 (63 (Dischargeability - 523(a)(8), student loan)) (tjv) (Entered: 10/17/2022) |

**U.S. Bankruptcy Court**
**District of Colorado (Denver)**
**Bankruptcy Petition #: 22-10977-EEB**

|  |  |
|---|---|
| *Assigned to:* Elizabeth E. Brown | *Date filed:* 03/25/2022 |
| Chapter 7 | *Deadline for objecting to discharge:* 06/21/2022 |
| Voluntary | *Deadline for financial mgmt. course:* 08/05/2022 |
| Asset | |

*Debtor*                                                          represented by **Kate Buffy Drakewyck**
**Kate Buffy Drakewyck**                                     PRO SE
PO Box 140114                                                bdrakewyck@yahoo.com
Lakewood, CO 80214
JEFFERSON-CO
720-232-7287
SSN / ITIN: xxx-xx-2362
*aka* **Kate Drakewyck Bulmer**
*aka* **Buffy Alwyn Drakewyck**

*Trustee*                                                        represented by **Jonathan Dickey**
**David V. Wadsworth, Trustee**                              Kutner Brinen Dickey Riley, P.C.
2580 West Main Street, Suite 200                             1660 Lincoln Street
Littleton, CO 80120                                          Suite 1720
303-296-1999                                                 Denver, CO 80264
dwadsworth@wgwc-law.com                                      303-832-3047
                                                             Email: jmd@kutnerlaw.com

*U.S. Trustee*
**US Trustee**
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294
303-312-7230
USTPRegion19.DV.ECF@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 01/24/2023 | 202 | Receipt of Amended Schedules Filing Fee - $32.00 by SA. Receipt Number 310614. (admin) (Entered: 01/24/2023) |
| 01/23/2023 | 201 (2 pgs) | Order Regarding Debtor's Motion For Clarification (related document(s)200 Motion). (jc) (Entered: 01/23/2023) |
| 01/22/2023 | 200 (7 pgs) | Motion For Clarification (Request for Amount Owed To the Courts) Filed by Kate Buffy Drakewyck (related document(s)198 Notice of Deficiency) . (jc) (Entered: 01/23/2023) |

| | | |
|---|---|---|
| 01/19/2023 | | Receipt of Relief from Stay Fee(22-13528) - $188.00 by RE. Receipt Number 310560. (admin) (Entered: 01/19/2023) |
| 01/19/2023 | [198](#)<br>(1 pg) | Notice of Deficiency For Failure to Pay Filing Fee: Missing document(s) due by 3/9/23. (related document(s)[17](#) Schedule D And/Or Schedule E/F, [22](#) Order on Motion To Pay Filing Fees in Installments). Payment of Fees due by 3/9/2023. (sd) (Entered: 01/19/2023) |
| 01/18/2023 | | Disposition of Adversary Proceeding Number 22-01250-EEB. Final Order or Judgment Has Entered. Tickle Due Date 2/1/2023. (mmg) (Entered: 01/18/2023) |
| 01/17/2023 | 197 | Receipt of Chapter 7 Filing Fee - $338.00 by SA. Receipt Number 310537. (admin) (Entered: 01/17/2023) |
| 01/12/2023 | [196](#)<br>(1 pg) | Order Regarding Case Filing Fee (related document(s)[2](#) Voluntary Petition-Chapter 7). Filing Fee Due by 3/9/2023 for [2](#), (sd) (Entered: 01/12/2023) |
| 01/05/2023 | [195](#)<br>(1 pg) | Order Granting Unopposed Motion To Vacate Evidentiary Hearing on Homestead Exemption Set for January 12, 2023 and To Hold All Related Deadlines in Abeyance Pending Approval of Settlement Agreement (related document(s):[191](#) Motion to Vacate Hearing). (jc) (Entered: 01/05/2023) |
| 01/05/2023 | [194](#)<br>(1 pg) | Order Granting Motion To Approve Compromise and Settlement Agreement (related document(s):[189](#) Motion to Approve). (jc) (Entered: 01/05/2023) |
| 01/04/2023 | [193](#)<br>(1 pg) | Certificate of Non-Contested Matter Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):[189](#) Motion to Approve). (Dickey, Jonathan) (Entered: 01/04/2023) |
| 12/21/2022 | [192](#)<br>(1 pg) | Order Holding Homestead Exemption Contested Matter Trial Deadlines in Abeyance (related document(s)[182](#) Minutes of Proceedings/Minute Order). (jc) (Entered: 12/21/2022) |
| 12/13/2022 | [191](#)<br>(4 pgs; 2 docs) | Unopposed Motion to Vacate Hearing Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s)[182](#) Minutes of Proceedings/Minute Order). (Attachments: # [1](#) Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 12/13/2022) |
| 12/13/2022 | [190](#)<br>(4 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):[189](#) Motion to Approve).. 9013 Objections due by 1/3/2023 for [189](#),. (Attachments: # [1](#) Other Creditor Matrix) (Dickey, Jonathan) (Entered: 12/13/2022) |
| 12/13/2022 | [189](#)<br>(10 pgs; 3 docs) | Motion to Approve Compromise and Settlement Agreement Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # [1](#) Exhibit 1 # [2](#) Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 12/13/2022) |
| 12/06/2022 | [188](#)<br>(2 pgs) | Order Granting Stipulation To Avoidance of Lien of Levi Min Yeong Buehler Trust Against Proceeds from Sale of Real Property Located at 6798 W. Portland Ave., Littleton, Colorado (related document(s):[179](#) Stipulation). (jc) (Entered: 12/06/2022) |

BAPAppeal No. 23-4    Docket No. 124    Filed 08/03/2023    Page 228 of 245

| | | |
|---|---|---|
| 12/06/2022 | 187 (1 pg) | Minute Order. Non-Evidentiary Hearing on Stipulation Between David V. Wadsworth, Trustee and the Levi Min Yeong Buehler Trust Re: Avoidance of Lien of Levi Min Yeong Buehler Trust against Proceeds from Sale of Real Property Located at 6798 West Portland Avenue, Littleton, Colorado (the Stipulation), and Debtors Objection Thereto. Orders: For the reasons stated on the record, the Stipulation is hereby APPROVED. A separate order shall enter. (related document(s)179 Stipulation, 181 Objection). (jc) (Entered: 12/06/2022) |
| 11/23/2022 | 186 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)185 Order Setting Hearing). No. of Notices: 0. Notice Date 11/23/2022. (Admin.) (Entered: 11/23/2022) |
| 11/21/2022 | 185 (1 pg) | Order and Notice of Non-Evidentiary Hearing. (related document(s)179 Stipulation, 181 Objection). Hearing to be held on 12/6/2022 at 09:30 AM Courtroom F for 179 and for 181, . (mmg) (Entered: 11/21/2022) |
| 11/18/2022 | 184 (2 pgs) | Certificate of Contested Matter Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):179 Stipulation, 181 Objection). (Dickey, Jonathan) (Entered: 11/18/2022) |
| 11/03/2022 | 183 | Receipt of Appeal Filing Fee - $298.00 by 3J. Receipt Number 310291. (admin) (Entered: 11/03/2022) |
| 11/02/2022 | 182 (4 pgs) | Minute Order. Proceedings: (1) Non-Evidentiary Hearing on Debtor's Motion to Waive Appeal Filing Fee; (2) Oral Ruling on Debtor's and Trustees Cross-Motions for Summary Judgment on Homestead Exemption. Orders: For the reasons stated on the record, the Court DENIED the Debtor's Motion to Waive Appeal Filing Fee. For the reasons stated on the record, the Court GRANTED the Trustee's Motion for Partial Summary Judgment as to the amount of the applicable homestead exemption. For the reasons stated on the record, the Court DENIED the Debtor's Dispositive Motion (Motion for Summary Judgment). The Court will hold an in-person evidentiary hearing on the Trustees Objection to the Debtor's Claim of Homestead Exemption on Thursday, January 12, 2022, at 9:30 a.m., beforethe Honorable Elizabeth E. Brown, in Courtroom F, United States Bankruptcy Court, 721 19th Street, Denver, CO 80202. (related document(s)166 Motion). Hearing to be held on 1/12/2023 at 09:30 AM Courtroom F for 166, . List of Witnesses andExhibits due by 12/29/2022 for 166, Written Objections due by 1/5/2023 for 166, (jc) (Entered: 11/02/2022) |
| 10/30/2022 | 181 (3 pgs) | Debtor's Objection to: Stipulation To Avoidance of Lien of Levi Min Yeong Buehler Trust Against Proceeds from Sale of Real Property Located at 6798 W. Portland Ave., Littleton, Colorado Filed by Kate Buffy Drakewyck. (related document(s)179 Stipulation). (jc) (Entered: 10/31/2022) |
| 10/27/2022 | 180 (3 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):179 Stipulation).. 9013 Objections due by 11/17/2022 for 179,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 10/27/2022) |
| 10/27/2022 | 179 (5 pgs; 2 docs) | Stipulation Between David V. Wadsworth, Trustee and the Levi in Yeong Buehler Trust Re: to Avoidance of Lien of Levi Min Yeong Buehler Trust against Proceeds from Sale of Real Property located at 6798 West Portland Avenue, Littleton, Colorado Filed by Jonathan Dickey on behalf |

of David V. Wadsworth, Trustee. (Attachments: # 1 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 10/27/2022)

| | | |
|---|---|---|
| 10/26/2022 | [178](#)<br>(1 pg) | Copy of MANDATE: BAP Mandate filed in 22-016 (related document(s)165 Notice of Appeal and Statement of Election. (rjr) (Entered: 10/26/2022) |
| 10/17/2022 | [177](#)<br>(5 pgs) | Adversary case 22-01250. Complaint by Kate Drakewyck against US Department Of Education . The Plaintiff in this adversary proceeding is either the debtor in an underlying chapter 7 or 13 case, or the United States other than the U.S. Trustee acting as a trustee in the underlying bankruptcy case. Pursuant to paragraph (6) of the Bankruptcy Court Miscellaneous Fee Schedule, there is no fee to file an adversary proceeding when the plaintiff is the United States, other than a U.S. Trustee acting as a trustee in a case, or the debtor in a chapter 7 or 13 case. Accordingly, this adversary proceeding shall be commenced without payment of the filing fee . Adversary Status Deadline 2/14/2023 (63 (Dischargeability - 523(a)(8), student loan)) (tjv) (Entered: 10/17/2022) |
| 10/12/2022 | [176](#)<br>(1 pg) | Order and Notice of Non-Evidentiary Hearing (related document(s)166 Motion). Hearing to be held on 11/2/2022 at 09:30 AM Courtroom F for 166,. (jc) (Entered: 10/12/2022) |
| 10/11/2022 | [175](#)<br>(5 pgs; 2 docs) | COPY OF APPEAL ORDER and JUDGMENT: The request for leave to appeal contained in the Response is DENIED as unnecessary; and The Order Denying Reconsideration is AFFIRMED. Entered on October 11, 2022 in BAP Case CO 22-16 by Judges JACOBVITZ, LOYD, and PARKER. (related document(s)165 Notice of Appeal and Statement of Election). (Attachments: # 1 Judgment) (mlr) (Entered: 10/11/2022) |
| 10/11/2022 | [174](#)<br>(1 pg) | Order. ORDERS that this matter shall proceed under the Discovery Dispute procedures in L.B.R. 7026-1(d). If the parties are unable to resolve their disputes after an attempt to meaningfully confer, they should request a hearing by email as provided for in the procedures. (related document(s)173 Document/Support Document). (jc) (Entered: 10/11/2022) |
| 10/08/2022 | [173](#)<br>(2 pgs) | Complaint on Trustee's Refusal To Submit Complete Discovery Filed by Kate Buffy Drakewyck. (jc) (Entered: 10/11/2022) |
| 09/29/2022 | [172](#)<br>(1 pg) | Minute Order. Proceedings: Non-Evidentiary Hearing on Discovery Dispute between Debtor and Chapter 7 Trustee David V. Wadsworth. Orders: Trustee shall produce records within his possession, custody, or control that are responsive to theDebtor's discovery requests and relevant to the homestead exemption contested matter. (related document(s)161 Order Setting Hearing). (jc) (Entered: 09/29/2022) |
| 09/29/2022 | [171](#)<br>(12 pgs; 3 docs) | Motion For Summary Judgment Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 09/29/2022) |
| 09/29/2022 | [170](#)<br>(10 pgs; 2 docs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):157 Motion for Summary Judgment). (Attachments: # 1 Exhibit 1) (Dickey, Jonathan) (Entered: 09/29/2022) |
| 09/26/2022 | [169](#) | Trustee's Discovery Report Filed by Jonathan Dickey on behalf of David |

| | 168 | This Appeal Has Been Accepted by the Bankruptcy Appellate Panel and Assigned **Case No. CO 22-16**. Please Refer to That Court's Docket for the Most Complete Information Regarding This Appeal (related document(s)165 Notice of Appeal and Statement of Election). (mlr) (Entered: 09/22/2022) |
| 09/22/2022 | | |
| | 164 (16 pgs) | Income and Bank Records Filed by Kate Buffy Drakewyck. (jc) (Entered: 09/22/2022) |
| 09/22/2022 | | |
| | 167 (4 pgs; 2 docs) | Appellant's Designation of Record and Statement of Issues On Appeal filed by Kate Buffy Drakewyck (related document(s)165 Notice of Appeal and Statement of Election). (Attachments: # 1 Statement of Issues) (mlr) (Entered: 09/22/2022) |
| 09/21/2022 | | |
| | 166 (3 pgs) | Appellant's Motion to Waive Appeal Filing Fee filed by Kate Buffy Drakewyck (related document(s)165 Notice of Appeal and Statement of Election) . (mlr) **Modified docket text on 9/22/2022 (mlr).** (Entered: 09/22/2022) |
| 09/21/2022 | | |
| | 165 (16 pgs; 5 docs) | Notice of Appeal and Statement of Election. Appellant is Pro Se. Waiver of filing fee requested. Filed by Kate Buffy Drakewyck (related document(s)151 Generic Order, 159 Order on Motion To Reconsider, 160 Judgment for BK Case). (Attachments: # 1 Certificate of Service # 2 BAP Document # 3 Statement of Admission # 4 Statement re Oral Argument) (mlr) (Entered: 09/22/2022) |
| 09/21/2022 | | |
| | 163 (1 pg) | Order Converting In-Person Hearing To Telephonic Attendance. ORDERS that the Debtor, the Chapter 7 Trustee, and any other interested parties shall appear telephonically using the Courts new telephone number (see below) at the Discovery Dispute hearing scheduled for Thursday, September 29, 2022, at 2:15 p.m., in Courtroom F, United States Bankruptcy Court, U. S. Custom House, 721 19th Street, Denver, Colorado 80202. Parties shall call the Court prior to the hearing at 1-833-568-8864 or 1-833-435-1820 immediately prior to the time of the scheduled hearing. Please enter the Meeting ID: 160 929 3959, followed by the # sign, then press # again if/when prompted to enter a participant ID. (related document(s):162 Motion to Appear Telephonically). (jc) (Entered: 09/20/2022) |
| 09/20/2022 | | |
| | 162 (2 pgs) | Motion to Move September 29, 2022 Hearing from Courthouse to Telephonic Proceeding Filed by Kate Buffy Drakewyck. (related document(s)161 Order Setting Hearing) . (jc) (Entered: 09/20/2022) |
| 09/19/2022 | | |
| | 161 (1 pg) | Notice of Hearing on Discovery Dispute. Hearing to be held on 9/29/2022 at 02:15 PM Courtroom F. (jc) (Entered: 09/19/2022) |
| 09/19/2022 | | |
| | 160 (1 pg) | Judgment. ORDERED that judgment is entered against Debtor Kate Buffy Drakewyck on her Motion to Reconsider Denial of Motion to Discharge Student Loan Balance inBankruptcy filed on September 18, 2022. (related document(s)159 Order on Motion To Reconsider). (jc) (Entered: 09/19/2022) |
| 09/19/2022 | | |
| | 159 (2 pgs) | Order Denying Motion For Reconsideration (related document(s):158 Motion to Reconsider). (jc) (Entered: 09/19/2022) |
| 09/19/2022 | | |

BAP Appeal No. 23-4   Docket No. 31-4   Filed 08/03/2023   Page: 26 of 243

| | | |
|---|---|---|
| 09/18/2022 | | Motion to Reconsider the Court's Order Denying, without prejudice, Debtor's Motion to Discharge Student Loan in Bankruptcy Filed by Kate Buffy Drakewyck. (related document(s)151 Generic Order). (jc) (Entered: 09/19/2022) |
| 09/18/2022 | 157 (6 pgs) | Dispositive Motion (Motion For Summary Judgment) Filed by Kate Buffy Drakewyck. (jc) (Entered: 09/19/2022) |
| 09/11/2022 | 156 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)155 Order on Application to Employ). No. of Notices: 0. Notice Date 09/11/2022. (Admin.) (Entered: 09/11/2022) |
| 09/09/2022 | 155 (1 pg) | Order To Appoint Kaplan & Associates, P.C. (related document(s):154 Application to Employ). (jc) (Entered: 09/09/2022) |
| 09/08/2022 | 154 (6 pgs; 3 docs) | Application to Employ Kaplan & Associates, P.C. as Accountants Filed by David V. Wadsworth, Trustee on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Affidavit # 2 Proposed/Unsigned Order) (Wadsworth, Trustee, David) (Entered: 09/08/2022) |
| 09/06/2022 | 153 (1 pg) | Order For Compliance (related document(s)2 Voluntary Petition-Chapter 7, 148 Document/Support Document, 152 Document/Support Document. ORDERED that Parties to the Contested Matter shall comply with L.B.R. 7026-1(c)(1)-(2) and refrain from filing Discovery Materials with the Court unless and until the Court orders otherwise. That is, Parties shall exchange Discovery Materials amongst themselves without filing them with the Court. (re) (Entered: 09/06/2022) |
| 09/05/2022 | 152 (6 pgs) | Debtor's Discovery Requests to Levi Min Yeong Buehler Trust-Co Owner of Property and Creditor Filed by Kate Buffy Drakewyck. (jc) (Entered: 09/06/2022) |
| 08/30/2022 | 151 (1 pg) | Order Denying, Without Prejudice, Motion to Discharge Student Loan Balance in Bankruptcy (related document(s)149 Letter). (jc) (Entered: 08/30/2022) |
| 08/29/2022 | 150 | **This entry entered in error. Disregard following entry per Chambers request.** Order (related document(s)149 Letter). (jc) **Modified on 8/29/2022 (jc).** (Entered: 08/29/2022) |
| 08/27/2022 | 149 (3 pgs) | Motion to Discharge Student Loan Balance in Bankruptcy Filed by Kate Buffy Drakewyck. (related document(s)2 Voluntary Petition-Chapter 7). (jc) (Entered: 08/29/2022) |
| 08/27/2022 | 148 (117 pgs) | Discoveries Filed by Kate Buffy Drakewyck. (jc) (Entered: 08/29/2022) |
| 08/11/2022 | 147 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)143 Judgment for BK Case). No. of Notices: 6. Notice Date 08/11/2022. (Admin.) (Entered: 08/11/2022) |
| 08/11/2022 | 146 (3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)142 Order on Motion For Relief From Stay). No. of Notices: 6. Notice Date 08/11/2022. (Admin.) (Entered: 08/11/2022) |
| 08/10/2022 | 145 | Courts Notice or Order and BNC Certificate of Mailing (related |

| 08/10/2022 | 144<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)140 Order on Motion For Relief From Stay). No. of Notices: 6. Notice Date 08/10/2022. (Admin.) (Entered: 08/10/2022) |
| 08/09/2022 | 143<br>(1 pg) | Judgment (related document(s)142 Order on Motion For Relief From Stay). (sd) (Entered: 08/09/2022) |
| 08/09/2022 | 142<br>(1 pg) | Order Granting Debtor's Motion For Relief From Stay on Jefferson County District Court Case Number 19-PR-31223 and Colorado Court of Appeals Case 22-CA-418. (related document(s):105 Motion for Relief From Stay and 4001-1.1 Notice). (sd) (Entered: 08/09/2022) |
| 08/08/2022 | 141<br>(1 pg) | Judgment (related document(s)140 Order on Motion For Relief From Stay). (sd) (Entered: 08/08/2022) |
| 08/08/2022 | 140<br>(1 pg) | Order Granting Debtor's Motion For Relief From Stay On District Court Case Number 21-CV-33 and Colorado Court of Appeals Case Number 21-CA-2035 (related document(s):107 Motion for Relief From Stay and 4001-1.1 Notice). (sd) (Entered: 08/08/2022) |
| 08/06/2022 | 139<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)134 Judgment for BK Case). No. of Notices: 1. Notice Date 08/06/2022. (Admin.) (Entered: 08/06/2022) |
| 08/06/2022 | 138<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)133 Order on Motion For Relief From Stay). No. of Notices: 1. Notice Date 08/06/2022. (Admin.) (Entered: 08/06/2022) |
| 08/06/2022 | 137<br>(3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)132 Minutes of Proceedings/Minute Order). No. of Notices: 1. Notice Date 08/06/2022. (Admin.) (Entered: 08/06/2022) |
| 08/04/2022 | 136<br>(2 pgs) | Minute Order: For reasons stated on the record, the Motion for Relief is GRANTED. Debtor may continue litigation in 21 CV 33 & 21 CA 2035, except to the extent that it involves property of the estate, namely the Debtor does not have standing to pursue any civil theft claims unless and until she schedules such assets in the bankruptcy case and obtains an order abandoning the same. Nor is the Debtor permitted to litigate her entitlement to a homestead exemption in the state court proceeding. A separate Order and Judgment will enter. On or before close of business on Monday, August 8, 2022, the Chapter 7 Trustee shall submit a new proposed form of order regarding Debtors Appeal of the State Court judgment and any civil theft claims. Please email the order in Microsoft WORD format to courtroomf@cob.uscourts.gov. (related document(s)107 Motion for Relief From Stay and 4001-1.1 Notice). Document due by 8/8/2022 for 107, (sd) (Entered: 08/04/2022) |
| 08/04/2022 | 135<br>(2 pgs) | Minute Order: For reasons stated on the record, the Motion for Relief is GRANTED. Debtor may continue litigation in 19 PR 31223 & Colorado Court of Appeals Case No. 22 CA 418. A separate Order and Judgment will enter. On or before close of business on Monday, August 8, 2022, the Levi Min Yeong Buehler Trust shall submit a new proposed form of order regarding Debtors Appeal of the State Court rulings. Please email the order in Microsoft WORD format to courtroomf@cob.uscourts.gov. |

| | | related document(s):105 Motion for Relief From Stay and 4001-1.1 Notice). Document due by 8/8/2022 for 105. (sd) (Entered: 08/04/2022) |
|---|---|---|
| 08/04/2022 | 134 (1 pg) | Judgment (related document(s)133 Order on Motion For Relief From Stay). (sd) (Entered: 08/04/2022) |
| 08/04/2022 | 133 (1 pg) | Order Granting Motion For Relief From Stay (related document(s):106 Motion for Relief From Stay and 4001-1.1 Notice). (sd) (Entered: 08/04/2022) |
| 08/04/2022 | 132 (1 pg) | Minute Order: For reasons stated on the record, the Motion for Relief is GRANTED. Debtor may continue litigation in the Colorado Court of Appeals Case No. 2022CA417: Plaintiff-Appellant: Kate Drakewyck, v. Defendant-Appellee: Heather Abreu. A separate Order and Judgment will enter. (related document(s)106 Motion for Relief From Stay and 4001-1.1 Notice). (sd) (Entered: 08/04/2022) |
| 08/03/2022 | 131 (15 pgs) | Further Information on Stalker Filed by Kate Buffy Drakewyck. (jc) (Entered: 08/03/2022) |
| 08/03/2022 | 130 (156 pgs; 9 docs) | List of Witnesses and Exhibits Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):126 Order on Motion to Appear Telephonically). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (Dickey, Jonathan) (Entered: 08/03/2022) |
| 08/03/2022 | 129 (3 pgs) | List of Witnesses and Exhibits Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):126 Order on Motion to Appear Telephonically). (Dickey, Jonathan) (Entered: 08/03/2022) |
| 07/27/2022 | 128 (72 pgs; 8 docs) | Response Filed by Jennifer M. Osgood on behalf of Linda Chalupsky (related document(s):99 Motion for Relief From Stay and 4001-1.1 Notice, 105 Motion for Relief From Stay and 4001-1.1 Notice). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Osgood, Jennifer) (Entered: 07/27/2022) |
| 07/27/2022 | 127 (159 pgs; 9 docs) | Response Filed by Jennifer M. Osgood on behalf of Linda Chalupsky (related document(s):101 Motion for Relief From Stay and 4001-1.1 Notice, 107 Motion for Relief From Stay and 4001-1.1 Notice). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (Osgood, Jennifer) (Entered: 07/27/2022) |
| 07/27/2022 | 126 (1 pg) | Order Converting In-Person Hearing To Telephonic Attendance. ORDERS that the Debtor, Chapter 7 Trustee, any additional objectors (to Debtor's other Motions for Relief from Stay), and any other interested parties shall appear telephonically at the hearing(s) scheduled for Thursday, August 4, 2022, at 1:30 p.m., in Courtroom F, United States Bankruptcy Court, U. S. Custom House, 721 19th Street, Denver, Colorado 80202. Parties shall call the Court prior to the hearing at 1-888-684-8852. The meeting access code is 345 4024 followed by the # sign. (related document(s):125 Motion to Appear Telephonically). (jc) (Entered: 07/27/2022) |
| 07/26/2022 | 125 (3 pgs) | Motion to Move August 4, 2022 Hearing from Courthouse to Telephonic Proceeding Filed by Kate Buffy Drakewyck (related document(s)105 |

| | | |
|---|---|---|
| | | Motion for Relief From Stay and 4001-1.1 Notice, 106 Motion for Relief From Stay and 4001-1.1 Notice, 107 Motion for Relief From Stay and 4001-1.1 Notice) . (jc) (Entered: 07/26/2022) |
| 07/25/2022 | 124 (1 pg) | Order Granting Motion to Waive Filing Fee for Amended Motions for Release From Stay. IT IS FURTHER ORDERED that if sufficient assets are recovered in this case,the Chapter 7 trustee is directed to pay the filing fees from those assets in the total amount of $564.00 for each Motion for Relief from Stay). (related document(s):108 Motion, 122 Motion). (jc) (Entered: 07/25/2022) |
| 07/25/2022 | 123 (31 pgs; 2 docs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):107 Motion for Relief From Stay and 4001-1.1 Notice). (Attachments: # 1 Exhibit) (Dickey, Jonathan) (Entered: 07/25/2022) |
| 07/21/2022 | 122 (2 pgs) | Second Motion to Waive Fees on Three Motions for Release From Stay filed by Kate Buffy Drakewyck (related document(s)108 Motion) . (dg) (Entered: 07/22/2022) |
| 07/21/2022 | 121 (7 pgs) | Amended Disclosures filed by Kate Buffy Drakewyck (related document(s):112 Document/Support Document). (dg) (Entered: 07/22/2022) |
| 07/21/2022 | 120 (6 pgs) | Amended Schedule I: Current Income For Individual, Amended Schedule J: Current Expenditures For Individual filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (dg) (Entered: 07/22/2022) |
| 07/19/2022 | 119 (1 pg) | Order Regarding Debtor's Motion to Waive Fees on Three Motions for Release from Stay (related document(s)108 Motion). Amended Schedules I and J and supporting documentation due by 8/2/2022. (mjb) (Entered: 07/19/2022) |
| 07/15/2022 | 118 (6 pgs) | Report of Sale Filed by David V. Wadsworth, Trustee on behalf of David V. Wadsworth, Trustee. (Wadsworth, Trustee, David) (Entered: 07/15/2022) |
| 07/14/2022 | 117 (4 pgs) | Trustee's Fed. R. Civ. P. 26(a) Initial Disclosures Regarding Objection to Homestead Exemption Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Dickey, Jonathan) (Entered: 07/14/2022) |
| 07/12/2022 | 114 (1 pg) | Order Deeming Notice of Deficiencies Satisfied (related document(s)113 Response to Rules Compliance Order). (mjb) (Entered: 07/12/2022) |
| 07/11/2022 | 116 (18 pgs; 4 docs) | (Duplicate) Proof of Compliance filed by Kate Buffy Drakewyck (related document(s):113 Response to Rules Compliance Order). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (mjb) (Entered: 07/12/2022) |
| 07/11/2022 | 115 (5 pgs) | (Duplicate) Initial Disclosures filed by Kate Buffy Drakewyck (related document(s):112 Document/Support Document). (mjb) (Entered: 07/12/2022) |
| 07/09/2022 | 113 (22 pgs; 5 docs) | Proof of Compliance filed by Kate Buffy Drakewyck (related document(s)109 4001(a) Deficiency Notice, 110 4001(a) Deficiency |

234

Notice. 4001-1 Notice. Deficiency Notice). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit) (mjb) (Entered: 07/12/2022)

| | | |
|---|---|---|
| 07/09/2022 | [112](#)<br>(5 pgs) | Initial Disclosures filed by Kate Buffy Drakewyck (related document(s):[86](#) 7016 Scheduling Order). (mjb) (Entered: 07/12/2022) |
| 07/08/2022 | [111](#)<br>(2 pgs) | Second Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay for Service Only (related document(s)[107](#) Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/08/2022) |
| 07/08/2022 | [110](#)<br>(2 pgs) | Second Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay for Service Only (related document(s)[106](#) Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/08/2022) |
| 07/08/2022 | [109](#)<br>(2 pgs) | Second Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay for Service Only (related document(s)[105](#) Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/08/2022) |
| 07/07/2022 | [108](#)<br>(2 pgs) | Motion to Waive Fees on Three Motions for Release from Stay Filed by Kate Buffy Drakewyck. (related document(s)[99](#) Motion for Relief From Stay and 4001-1.1 Notice, [100](#) Motion for Relief From Stay and 4001-1.1 Notice, [101](#) Motion for Relief From Stay and 4001-1.1 Notice) . (jc) (Entered: 07/08/2022) |
| 07/07/2022 | [107](#)<br>(5 pgs) | Amended Motion for Release Stay to pursue litigation in 21CV33 and 21CA2035 Filed by Kate Buffy Drakewyck. Stay Hearing to be held on 8/4/2022 at 01:30 PM at Courtroom F. (jc) (Entered: 07/08/2022) |
| 07/07/2022 | [106](#)<br>(5 pgs) | Amended Motion for Release Stay to pursue litigation in 21CV223 and 22CA417 Filed by Kate Buffy Drakewyck. Stay Hearing to be held on 8/4/2022 at 01:30 PM at Courtroom F. (jc) (Entered: 07/08/2022) |
| 07/07/2022 | [105](#)<br>(9 pgs; 2 docs) | Amended Motion for Release Stay to pursue litigation in 19PR31223 and 22CA418 Filed by Kate Buffy Drakewyck. Stay Hearing to be held on 8/4/2022 at 01:30 PM at Courtroom F. (Attachments: # [1](#) Exhibit - Forthwith Petition for Removal) (jc) (Entered: 07/08/2022) |
| 07/05/2022 | [104](#)<br>(2 pgs) | Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay (related document(s)[101](#) Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/05/2022) |
| 07/05/2022 | [103](#)<br>(2 pgs) | Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay (related document(s)[100](#) Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/05/2022) |
| 07/05/2022 | [102](#)<br>(2 pgs) | Notice of Deficiency, Requirement to Cure, and Recommendation For Dismissal of Motion for Relief from Stay (related document(s)[99](#) Motion for Relief From Stay and 4001-1.1 Notice). Rules Compliance due by 7/12/2022. (jc) (Entered: 07/05/2022) |

| 07/04/2022 | [101](4 pgs) | Motion for Release Stay to pursue litigation in 21CV33 and 21CA2035 Filed by Kate Buffy Drakewyck. (jc) (Entered: 07/05/2022) |
|---|---|---|
| 07/04/2022 | [100](4 pgs) | Motion for Release Stay to pursue litigation in 21CV223 and 22CA417 Filed by Kate Buffy Drakewyck. (jc) (Entered: 07/05/2022) |
| 07/04/2022 | [99](7 pgs; 2 docs) | Motion for Release Stay to pursue litigation in 19PR31223 and 22CA418 Filed by Kate Buffy Drakewyck. (Attachments: # [1] Exhibit - Forthwith Petition for Removal) (jc) (Entered: 07/05/2022) |
| 07/01/2022 | [98](3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)[95] Judgment for BK Case). No. of Notices: 1. Notice Date 07/01/2022. (Admin.) (Entered: 07/01/2022) |
| 07/01/2022 | [97](3 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)[94] Order on Application to Employ). No. of Notices: 1. Notice Date 07/01/2022. (Admin.) (Entered: 07/01/2022) |
| 06/29/2022 | [96](1 pg) | Judgment (related document(s)[92] Minutes of Proceedings/Minute Order). (sd) (Entered: 06/29/2022) |
| 06/29/2022 | [95](1 pg) | Judgment (related document(s)[94] Order on Application to Employ). (sd) (Entered: 06/29/2022) |
| 06/29/2022 | [94](1 pg) | Order Approving Renewed Application to Employ Larry Simpson and LIV Sothebys International Realty As Realtor For The Chapter 7 Trustee. (related document(s):[76] Application to Employ). (sd) (Entered: 06/29/2022) |
| 06/29/2022 | [93](3 pgs) | Order Granting Motion to Sell Real Estate (6798 W. Portland Ave.) Pursuant to 11 U.S.C. §§363(b)(f) And (h). (related document(s):[61] Motion to Sell Property Free and Clear of Liens Under Section 363(f)). (sd) (Entered: 06/29/2022) |
| 06/29/2022 | [92](2 pgs) | Minute Order: For the reasons stated on the record, the Trustees Motion to Sell Real Estate (6798 W. Portland Ave.) pursuant to 11 U.S.C. §§ 363(b), (f), and (h) is GRANTED. A separate order shall enter. For the reasons stated on the record, the Trustees Renewed Application to Employ Larry Simpson of LIV Sothebys International Realty as Realtor for the Chapter 7 Trustee is GRANTED and Debtors objection thereto is OVERRULED. A separate order and judgment shall enter. For the reasons stated on the record, the Debtors Motion to Remove Creditors and Debtors Updated Motion to Remove Creditors are DENIED. A separate judgment shall enter. (related document(s):[61] Motion to Sell Property Free and Clear of Liens Under Section 363(f), [76] Application to Employ, [87] Motion, [90] Motion). (sd) (Entered: 06/29/2022) |
| 06/27/2022 | [91](1 pg) | Order and Notice of Additional Matters to be Heard (related document(s)[90] Motion). (jc) (Entered: 06/27/2022) |
| 06/26/2022 | [90](4 pgs) | Updated Motion to Remove Creditors from Bankruptcy Filed by Kate Buffy Drakewyck. (jc) (Entered: 06/27/2022) |
| 06/26/2022 | [89](3 pgs) | Financial Management Course Certificate Filed by Kate Buffy Drakewyck. (jc) (Entered: 06/27/2022) |

| 06/26/2022 | 88 (1 pg) | Personal Financial Management Course Certificate For Debtor Filed by Sage Personal Finance (fmt). (Entered: 06/26/2022) |
| 06/24/2022 | 87 (8 pgs; 2 docs) | Motion to Remove Creditors from Bankruptcy Filed by Kate Buffy Drakewyck. (Attachments: # 1 Exhibit - Forthwith Petition for Removal) (jc) (Entered: 06/24/2022) |
| 06/24/2022 | 86 (2 pgs) | Scheduling Order for Pre-Trial Deadlines Pursuant to Fed.R.Bankr.P. 7016(b) (Fed.R.Civ.P. 16(b)) (related document)34 Objection to Exemption). Discovery due by 9/15/2022 for 34, Dispositive Motion due 9/29/2022 for 34, Amendments due by 7/8/2022 for 34, (jc) (Entered: 06/24/2022) |
| 06/23/2022 | 85 (1 pg) | Order Granting Motion to Set Forthwith Hearing on June 29, 2022 Regarding the Trustee's Motion to Sell Real Estate (6798 W. Portland Ave.) Pursuant to 11 U.S.C. Subsection 363(b),(f) and (h) and the Trustee's Renewed Application to Employ Larry Simpson and Liv Sotheby's International Realty as Realtor for the Chapter 7 Trustee (related document(s):61 Motion to Sell Property Free and Clear of Liens Under Section 363(f), 76 Application to Employ). Telephonic Hearing to be held on 6/29/2022 at 10:00 AM Courtroom F . (dg) (Entered: 06/23/2022) |
| 06/23/2022 | 84 (1 pg) | Judgment. ORDERED that judgment is entered against Debtor Kate Buffy Drakewyck on her Motion to Reconsider Denial of Debtor's Motion to Dismiss. (related document(s)83 Order on Motion To Reconsider). (jc) (Entered: 06/23/2022) |
| 06/23/2022 | 83 (2 pgs) | Order Denying Amended Motion For Reconsideration (related document(s):71 Motion to Reconsider). (jc) (Entered: 06/23/2022) |
| 06/22/2022 | 82 (12 pgs) | Objection Filed by Kate Buffy Drakewyck (related document(s)76 Application to Employ). (jc) (Entered: 06/23/2022) |
| 06/22/2022 | 81 (6 pgs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):71 Motion to Reconsider). (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 80 (1 pg) | Order Granting Motion to Shorten Time (related document(s):76 Application to Employ, 78 Motion to Shorten Time). 9013 Objections due by 6/28/2022 for 76, (jc) (Entered: 06/22/2022) |
| 06/22/2022 | 79 (6 pgs; 2 docs) | Motion to Expedite Hearing Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s)61 Motion to Sell Property Free and Clear of Liens Under Section 363(f), 75 Document/Support Document, 76 Application to Employ, 78 Motion to Shorten Time). (Attachments: # 1 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 78 (6 pgs; 2 docs) | Motion to Shorten Time Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s)76 Application to Employ, 77 9013-1.1 Notice). (Attachments: # 1 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 77 (4 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):76 Application to Employ).. |

| | | |
|---|---|---|
| | | 9013 Objection due by 6/28/2022 for 76 . (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 76 (19 pgs; 4 docs) | Application to Employ Larry Simpson and LIV Sotheby's International Realty as Realtor Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 75 (6 pgs; 2 docs) | Supplement to Motion to Sell Real Estate (6798 West Portland Avenue) pursuant to 11 U.S.C. Sections 363(b), (f) and (h) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):61 Motion to Sell Property Free and Clear of Liens Under Section 363(f)). (Attachments: # 1 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/22/2022 | 74 (2 pgs) | Proposed Joint Scheduling Order Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):65 Minutes of Proceedings/Minute Order). (Dickey, Jonathan) (Entered: 06/22/2022) |
| 06/21/2022 | 73 (1 pg) | Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management Official Form 423. If the case is closed because of failing to file Official Form 423, the case cannot be reopened without full payment of the reopening fee. If the debtor(s) want a discharge, they must first ask the Court to reopen the case by filing a Motion to Reopen the case accompanied by the payment of the filing fee which is 260.00 for motions to reopen filed on and after January 1, 2007. After the case is reopened, the debtor(s) must then file Official Form 423 evidencing completion of an instructional course concerning personal financial management in order to receive a discharge. If the debtor(s) fail(s) to file Official Form 23 within 30 days after the case is reopened, then the case will again be closed without the entry of a discharge. Financial Management Certificate Due by 08/05/2022 (adiclerk) (Entered: 06/21/2022) |
| 06/20/2022 | 72 (4 pgs) | **This entry entered in error. Disregard following entry per CM request.** Amended Motion to Remove Creditor Filed by Kate Buffy Drakewyck (related document(s)2 Voluntary Petition-Chapter 7) . (jc) **Modified on 6/23/2022 (jc).** (Entered: 06/21/2022) |
| 06/20/2022 | 71 (12 pgs; 3 docs) | Amended Motion to Reconsider Denial of Debtor's Motion to Dismiss Filed by Kate Buffy Drakewyck (related document(s)65 Minutes of Proceedings/Minute Order) . (Attachments: # 1 Exhibit - Forthwith Petition for Removal # 2 Exhibit) (jc) (Entered: 06/21/2022) |
| 06/14/2022 | 70 (6 pgs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):68 Motion to Reconsider). (Dickey, Jonathan) (Entered: 06/14/2022) |
| 06/10/2022 | 69 (4 pgs) | **This entry entered in error. Disregard following entry per CM request.** Motion to Remove Creditor Filed by Kate Buffy Drakewyck (related document(s)2 Voluntary Petition-Chapter 7). (jc) **Modified on 6/23/2022 (jc).** (Entered: 06/10/2022) |
| 06/10/2022 | 68 (4 pgs) | Motion to Reconsider Denial of Debtor's Motion to Dismiss Filed by Kate Buffy Drakewyck (related document(s)65 Minutes of Proceedings/Minute Order) . (jc) (Entered: 06/10/2022) |

| 06/09/2022 | 67<br>(1 pg) | Judgment. ORDERED that judgment is entered against Defendant Trustee David V.Wadsworth on his Motion to Authorize Employment and Compensation of LarrySimpson of LIV Sotheby's International Realty as Broker for the Bankruptcy Estate. (related document(s)65 Minutes of Proceedings/Minute Order). (jc) (Entered: 06/09/2022) |
| 06/09/2022 | 66<br>(1 pg) | Judgment. ORDERED that judgment is entered against Debtor Kate Buffy Drakewyck on her Motion to End Bankruptcy Case Immediately. (related document(s)65 Minutes of Proceedings/Minute Order). (jc) (Entered: 06/09/2022) |
| 06/09/2022 | 65<br>(2 pgs) | Minute Order. Telephonic Non-Evidentiary Hearing on (1) the Trustee's Objection to Debtor's Claim of Homestead Exemption and Debtors Objection thereto; (2) the Trustee's Motion to (A) Authorize Employment and Compensation of Larry Simpson of LIV Sotheby's International Realty as Broker for the Bankruptcy Estate and (B) Sell Real Estate (6798 W. Portland Ave.) pursuant to 11 U.S.C. §§ 363(b), (f), and (h) filed on April 26, 2022, and supplemented by Supplement to Motion filed on May 10, 2022 and Debtor's Objection thereto; and (3) Debtor's Motion to End Bankruptcy Case Immediately. Orders: For the reasons stated on the record, the Trustee's Motion to Authorize Employment and Compensation of Larry Simpson of LIV Sotheby's International Realty as Broker for the Bankruptcy Estate is DENIED. For the reasons stated on the record, the Debtor's Motion to End Bankruptcy Case Immediately is DENIED. The Trustee and the Debtor shall meet and confer in good faith and, on or before June 23, 2022, jointly file a proposed scheduling order setting forth pretrial deadlines to govern the contested matter of the Trustee's Objection to Debtor's Claim of Homestead Exemption and the Debtor's Objection thereto. Said proposed scheduling order shall incorporate initial disclosure obligations on the parties pursuant to Fed. R. Bankr. P. 9014(c) and Fed. R. Bankr. P. 7026, as made applicable to these proceedings by Fed. R. Civ. P. 26. (related document(s)30 Motion to Dismiss Case, 34 Objection to Exemption, 37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f), 41 Motion to Dismiss Case, 48 Document/Support Document). Document due by 6/23/2022 for 34 and for 30 and for 37 and for 48 and for 41, (jc) (Entered: 06/09/2022) |
| 06/08/2022 | 64<br>(2 pgs) | Entry of Appearance and Request for Notice Filed by Jennifer M. Osgood on behalf of Linda Chalupsky. (Osgood, Jennifer) (Entered: 06/08/2022) |
| 06/07/2022 | 63<br>(5 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):61 Motion to Sell Property Free and Clear of Liens Under Section 363(f)).. 9013 Objections due by 6/28/2022 for 61,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 06/07/2022) |
| 06/07/2022 | 62 | Receipt of Motion to Sell Property Free and Clear of Liens Under Section 363(f)( 22-10977-EEB) [motion,s363ftr] ( 188.00) Filing Fee. Receipt number A31328095. Fee amount 188.00 (U.S. Treasury) (Entered: 06/07/2022) |
| 06/07/2022 | 61<br>(33 pgs; 3 docs) | Motion to Sell 6798 West Portland Avenue, Littleton, Colorado Free and Clear of Liens Under Section 363(f) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit # 2 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 06/07/2022) |
| 05/31/2022 | 60<br>(1 pg) | Order and Notice of Telephonic Non-Evidentiary Hearing (related document(s)30 Motion to Dismiss Case, 34 Objection to Exemption, 37 |

| | | |
|---|---|---|
| | | Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f), 41 Motion to Dismiss Case, 48 Document/Support Document). Telephonic Hearing to be held on 6/9/2022 at 10:00 AM Courtroom F for 34 and for 30 and for 37 and for 48 and for 41,. (jc) (Entered: 05/31/2022) |
| 05/31/2022 | 59 (4 pgs) | Response Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):57 Certificate of Non-Contested Matter). (Dickey, Jonathan) (Entered: 05/31/2022) |
| 05/31/2022 | 58 (3 pgs) | Notice of Withdrawal of Document Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):51 Motion to Sell Property Free and Clear of Liens Under Section 363(f))... (Dickey, Jonathan) (Entered: 05/31/2022) |
| 05/20/2022 | 57 (4 pgs) | (Certificate of Non-Contested Matter) Debtor's Request for Judgment on Motion to End Bankruptcy Case Filed by Kate Buffy Drakewyck (related document(s):30 Motion to Dismiss Case, 41 Motion to Dismiss Case). (jc) (Entered: 05/20/2022) |
| 05/18/2022 | 56 (2 pgs) | Certificate of Contested Matter Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f), 47 Objection). (Dickey, Jonathan) (Entered: 05/18/2022) |
| 05/18/2022 | 55 (2 pgs) | Certificate of Contested Matter Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):34 Objection to Exemption, 43 Objection). (Dickey, Jonathan) (Entered: 05/18/2022) |
| 05/14/2022 | 54 (12 pgs) | Objection to Notice of Motion to Sell Real Estate Filed by Kate Buffy Drakewyck (related document(s)51 Motion to Sell Property Free and Clear of Liens Under Section 363(f)). (jc) (Entered: 05/16/2022) |
| 05/13/2022 | 53 (5 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):51 Motion to Sell Property Free and Clear of Liens Under Section 363(f)).. 9013 Objections due by 6/3/2022 for 51,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 05/13/2022) |
| 05/13/2022 | 52 | Receipt of Motion to Sell Property Free and Clear of Liens Under Section 363(f)( 22-10977-EEB) [motion,s363ftr] ( 188.00) Filing Fee. Receipt number A31284262. Fee amount 188.00 (U.S. Treasury) (Entered: 05/13/2022) |
| 05/13/2022 | 51 (32 pgs; 3 docs) | **Withdrawn Per Notice #58.** Motion to Sell 6798 West Portland Avenue, Littleton, Colorado Free and Clear of Liens Under Section 363(f) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Proposed/Unsigned Order) (Dickey, Jonathan) **Modified on 5/31/2022 (jc).** (Entered: 05/13/2022) |
| 05/12/2022 | 50 (2 pgs) | Corrected Entry of Appearance and Request for Notice Filed by Daniel Glasser on behalf of Linda Chalupsky... (Glasser, Daniel) (Entered: 05/12/2022) |
| 05/12/2022 | 49 (2 pgs) | Entry of Appearance and Request for Notice Filed by Daniel Glasser on behalf of Linda Chalupsky... (Glasser, Daniel) (Entered: 05/12/2022) |

| | | |
|---|---|---|
| 05/10/2022 | (3 pgs) | ment to Motion to Authorize Employment and Compensation of Larry Simpson of LIV Sotheby's International Realty as Broker for the Bankruptcy Estate; and (B) Sell Real Estate (6798 West Portland Avenue) pursuant to 11 U.S.C. Sections 363(b), (f), AND (h) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f)). (Dickey, Jonathan) (Entered: 05/10/2022) |
| 05/04/2022 | 47 (12 pgs; 2 docs) | Objection to Application to Employ Larry Simpson Filed by Kate Buffy Drakewyck (related document(s)37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f)). (Attachments: # 1 Exhibit) (jc) (Entered: 05/05/2022) |
| 05/04/2022 | 46 (5 pgs) | Response to Second Order For Compliance Filed by Kate Buffy Drakewyck (related document(s)33 Order Regarding Compliance With Rules). (jc) (Entered: 05/05/2022) |
| 05/04/2022 | 45 (6 pgs) | Response to Notice of Deficiency Filed by Kate Buffy Drakewyck (related document(s)42 Notice of Deficiency (9011(a))). (jc) (Entered: 05/05/2022) |
| 05/04/2022 | 44 (3 pgs) | Response to Notice of Deficiency Filed by Kate Buffy Drakewyck (related document(s)42 Notice of Deficiency (9011(a))). (jc) (Entered: 05/05/2022) |
| 05/04/2022 | | Meeting of Creditors Satisfied. (adiclerk) (Entered: 05/04/2022) |
| 04/30/2022 | 43 (42 pgs; 2 docs) | Debtor's Objection to Trustee's Objection to Debtor's Claim of Homestead Exemption. Including Objection for Refusal to Discharge all Debt Filed by Kate Buffy Drakewyck (related document(s)34 Objection to Exemption). (jc) (Entered: 05/02/2022) |
| 04/29/2022 | 42 (2 pgs; 2 docs) | Notice of Deficiency, Requirement to Cure, and Recommendation To Strike for Failure to Comply with Federal Rule of Bankruptcy Procedure 9011(a) (related document(s)41 Motion to Dismiss Case). 9011(a) Compliance due by5/13/2022. (Attachments: # 1 Missing Signature) (jc) (Entered: 04/29/2022) |
| 04/28/2022 | 41 (4 pgs) | Motion to End Bankruptcy Case Immediatly After 21 Days With Concessions Filed by Kate Buffy Drakewyck. (jc) (Entered: 04/29/2022) |
| 04/28/2022 | 40 (4 pgs) | Courts Notice and BNC Certificate of Mailing Re: Notice of Possible Dividend (related document(s)36 Notice of Possible Dividends). No. of Notices: 5. Notice Date 04/28/2022. (Admin.) (Entered: 04/28/2022) |
| 04/26/2022 | 39 (6 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):37 Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f)).. 9013 Objections due by 5/17/2022 for 37,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 04/26/2022) |
| 04/26/2022 | 38 | Receipt of Application to Employ & Sell Property Free and Clear of Liens Under Section 363(f)( 22-10977-EEB) [motion,es363ftr] ( 188.00) Filing Fee. Receipt number A31249289. Fee amount 188.00 (U.S. Treasury) (Entered: 04/26/2022) |
| 04/26/2022 | 37 (47 pgs; 5 docs) | Application to Employ Larry Simpson of LIV Sotheby's International Realty as Real Estate Broker to Sell 6798 West Portland Avenue, Littleton, |

| | | Colorado Free and Clear of Liens Under Section 363(f) Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 04/26/2022) |
|---|---|---|
| 04/26/2022 | 36<br>(2 pgs) | Notice of Possible Dividends. It appearing to the Trustee that a dividend to creditors is possible; Creditors are hereby notified that if they desire to participate in a distribution of assets, they must file a claim with the court no later than the date shown below. Pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(1) and (5) a proof of claim shall be filed BY A GOVERNMENTAL UNIT not later than 180 days after the date of the order for relief, or the date shown below, whichever is later. All claimants who are seeking an administrative claim must obtain a Court Order pursuant to the Bankruptcy Code. Proofs of Claim due by 08/1/2022. (Wadsworth, Trustee, David) (Entered: 04/26/2022) |
| 04/25/2022 | 35<br>(3 pgs; 2 docs) | 9013-1.1 Notice Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee (related document(s):34 Objection to Exemption).. 9013 Objections due by 5/9/2022 for 34,. (Attachments: # 1 Other Creditor Matrix) (Dickey, Jonathan) (Entered: 04/25/2022) |
| 04/25/2022 | 34<br>(18 pgs; 3 docs) | Objection to Exemption Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Exhibit # 2 Proposed/Unsigned Order) (Dickey, Jonathan) (Entered: 04/25/2022) |
| 04/25/2022 | 33<br>(2 pgs) | Second Order For Compliance With Local Bankruptcy Rule 9013-1 Or Other Applicable Rules of Procedure Regarding Service and Notice (related document(s)30 Motion to Dismiss Case). Rules Compliance due by 5/2/2022. (re) (Entered: 04/25/2022) |
| 04/24/2022 | 32<br>(7 pgs) | 9013-1.1 Notice and Certificate of Service filed by Kate Buffy Drakewyck (related document(s):30 Motion to Dismiss Case. (re) (Entered: 04/25/2022) |
| 04/22/2022 | 31<br>(1 pg) | Order For Compliance With Local Bankruptcy Rule 9013-1 Or Other Applicable Rules Of Procedure Regarding Service And Notice (related document(s)30 Motion to Dismiss Case). Rules Compliance due by 4/29/2022 for 30,. (jc) (Entered: 04/22/2022) |
| 04/21/2022 | 30<br>(4 pgs) | Motion to End Bankruptcy Case Immediatly with Concessions Filed by Kate Buffy Drakewyck. (jc) (Entered: 04/22/2022) |
| 04/21/2022 | 29<br>(1 pg) | Order Denying Motion To Remove Trustee and Trustee's Attorney. (related document(s):28 Motion). (sd) (Entered: 04/21/2022) |
| 04/20/2022 | 28<br>(3 pgs) | Motion to Remove David Wasworth as Trustee and Lawyer he Contracted Filed by Kate Buffy Drakewyck. (jc) (Entered: 04/20/2022) |
| 04/19/2022 | 27<br>(1 pg) | Order Approving Application to Employ Kutner Brinen Dickey Riley, P.C. as Counsel for the Chapter 7 Trustee (related document(s):26 Application to Employ). (jc) (Entered: 04/19/2022) |
| 04/18/2022 | 26<br>(7 pgs; 3 docs) | Application to Employ Kutner Brinen Dickey Riley, P.C. as Attorney for Trustee Filed by Jonathan Dickey on behalf of David V. Wadsworth, Trustee. (Attachments: # 1 Proposed/Unsigned Order # 2 Exhibit A) (Dickey, Jonathan) (Entered: 04/18/2022) |

| 04/13/2022 | 3 BAP Appeal No. 23-4   Docket No. 1<br>(3 pgs) | Certification of Filing by U.S. Trustee by Kate Buffy Drakewyck (related document(s):13 Schedule A/B, Schedule D And/Or Schedule E/F, 14 Order Directing Compliance With Rule 1009 On Amendments, 17 Schedule D And/Or Schedule E/F, 18 1009-1.1 Notice of Amendment). (jc) (Entered: 04/14/2022) |
|---|---|---|
| 04/13/2022 | 24<br>(6 pgs) | 1009-1.1 Notice of Amendment to Voluntary Petition, Lists, Schedules, or Statements Filed by Kate Buffy Drakewyck (related document(s):20 Schedule C). (jc) (Entered: 04/14/2022) |
| 04/13/2022 | 23<br>(2 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)21 Order Directing Compliance With Rule 1009 On Amendments). No. of Notices: 1. Notice Date 04/13/2022. (Admin.) (Entered: 04/13/2022) |
| 04/11/2022 | 22<br>(1 pg) | Order on Motion to Pay Amended Form Fee (related document(s):19 Application to Pay Filing Fee in Installments). First Installment Payment due by 4/27/2022. Second Installment Payment due by 5/16/2022. Final Installment Payment due by 6/17/2022. (jc) (Entered: 04/11/2022) |
| 04/11/2022 | 21<br>(1 pg) | Order Directing Compliance with Federal Rule of Bankruptcy Procedure 1009(a) and/or L.B.R. 1009-1. (related document(s)17 Schedule D And/Or Schedule E/F, 20 Schedule C). (jc) (Entered: 04/11/2022) |
| 04/08/2022 | 20<br>(2 pgs) | Amended Schedule C: Property Claimed as Exempt Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (jc) (Entered: 04/11/2022) |
| 04/08/2022 | 19<br>(2 pgs) | Motion to Pay Amended Schedule E Form Fee With 1st Installment Payment Filed by Kate Buffy Drakewyck. (jc) (Entered: 04/08/2022) |
| 04/08/2022 | 18<br>(7 pgs) | 1009-1.1 Notice of Amendment to Voluntary Petition, Lists, Schedules, or Statements Filed by Kate Buffy Drakewyck (related document(s):13 Schedule A/B, Schedule D And/Or Schedule E/F, 16 Schedule A/B, 17 Schedule D And/Or Schedule E/F). (jc) (Entered: 04/08/2022) |
| 04/08/2022 | 17<br>(6 pgs) | Amended Schedule D: Creditors having Claims Secured by Property And/Or Schedule E/F: Creditors Who Have Unsecured Claims For Individual. Total Number of Creditors Added or Uploaded: 1. Fee not paid. Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7, 13 Schedule A/B, Schedule D And/Or Schedule E/F). (jc) (Entered: 04/08/2022) |
| 04/08/2022 | 16<br>(11 pgs) | Amended Schedule A/B: Property for Individual Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7, 13 Schedule A/B, Schedule D And/Or Schedule E/F). (jc) (Entered: 04/08/2022) |
| 04/06/2022 | 15<br>(2 pgs) | Courts Notice or Order and BNC Certificate of Mailing (related document(s)14 Order Directing Compliance With Rule 1009 On Amendments). No. of Notices: 1. Notice Date 04/06/2022. (Admin.) (Entered: 04/06/2022) |
| 04/04/2022 | 14<br>(1 pg) | Order Directing Compliance with Federal Rule of Bankruptcy Procedure 1009(a) and/or L.B.R. 1009-1. (related document(s)13 Schedule A/B, Schedule D And/Or Schedule E/F). (jc) (Entered: 04/04/2022) |

04/02/2023 BAP Appeal No. 23-4   Docket No. 44-2   Filed: 08/09/2023   Page: 244 of 276

| | | |
|---|---|---|
| | (4 pgs) | Creditors having Claims Secured by Property And/Or Schedule E/F: Creditors Who Have Unsecured Claims For Individual. Total Number of Creditors Added or Uploaded: 3. Fee not paid. Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (jc) (Entered: 04/04/2022) |
| 04/02/2022 | 12 (2 pgs) | Schedule G: Executory Contracts and Unexpired Leases For Individual Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (jc) (Entered: 04/04/2022) |
| 04/01/2022 | 11 (1 pg) | Order on Motion to Modify Installment Payments. (related document(s):10 Application to Pay Filing Fee in Installments). First Installment Payment due by 4/27/2022. Second Installment Payment due by 5/16/2022. Final Installment Payment due by 6/17/2022. (jc) (Entered: 04/01/2022) |
| 03/30/2022 | 10 (2 pgs) | Motion to Modify Installment Payments Filed by Kate Buffy Drakewyck. (jc) (Entered: 03/31/2022) |
| 03/30/2022 | 9 (5 pgs) | Courts Notice and BNC Certificate of Mailing Re: Meeting of Creditors (related document(s)1 Meeting of Creditors-Chapter 7). No. of Notices: 3. Notice Date 03/30/2022. (Admin.) (Entered: 03/30/2022) |
| 03/28/2022 | 8 (1 pg) | Order Denying Application For Waiver of the Chapter 7 Filing Fee First Installment Payment due by 4/8/2022. Second Installment Payment due by 5/6/2022. Final Installment Payment due by 6/3/2022. (jc) (Entered: 03/28/2022) |
| 03/28/2022 | 7 (1 pg) | Notice of Deficiency For Omission of Information: Schedule G, Missing document(s) due by 4/8/2022. (related document(s)2 Voluntary Petition-Chapter 7). (jc) (Entered: 03/28/2022) |
| 03/26/2022 | | Set Notice of Financial Course Due Date. Notice of Financial Management Course Certificate Due by 06/18/2022 (adiclerk) (Entered: 03/26/2022) |
| 03/25/2022 | 6 (5 pgs) | Application For Waiver of the Chapter 7 Filing Fee. Filed by Kate Buffy Drakewyck . (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 5 (13 pgs) | Chapter 7 Means Test Calculation - Form 122A-2, Chapter 7 Statement of Current Monthly Income - Form 122A-1. Filed by Kate Buffy Drakewyck. (related document(s):2 Voluntary Petition-Chapter 7). (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 4 (3 pgs) | Statement of Intent. Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 3 | Statement of Social Security Number. Filed by Kate Buffy Drakewyck (related document(s):2 Voluntary Petition-Chapter 7). (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 2 (48 pgs) | Chapter 7 Voluntary Petition for Individual, Certificate of Credit Counseling and Employee Income Records. Filed by Kate Buffy Drakewyck . (mmg) (Entered: 03/25/2022) |
| 03/25/2022 | 1 | Meeting of Creditors & Notice of Appointment of Interim Trustee Wadsworth, |

| | | |
|---|---|---|
| (2 pgs) | | Trustee, David V. with a initial meeting to be held on 4/20/2022 at 08:00 AM at Denver Chapter 7 Telephonic Financial Management Course Certificate due by 6/21/2022. Last day to oppose discharge or dischargeability is 6/21/2022. (Entered: 03/25/2022) |
| 03/25/2022 | | New Bankruptcy Case Opened . Section 521 Incomplete Filings due by 5/9/2022. (mmg) (Entered: 03/25/2022) |

245